1  BRIAN S. KABATECK,  SBN 152054
   (bsk@kbklawyers.com)
2  RICHARD L. KELLNER,  SBN 171416
    (rlk@kbklawyers.com)
3  NIALL G. YAMANE,  SBN 127899
   (ny@kbklawyers.com)
4  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
5  Los Angeles, California  90017
   Telephone: (213) 217-5000
6  Facsimile: (213) 217-5010

7  Attorneys for Plaintiff
   and the Proposed Class
8

9  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   KEVIN J. DUNNE, SBN 040030
10 LAURA L. GOODMAN, SBN 142689
   ANDREW J. KING , SBN 253962
11 One Market Plaza
   Steuart Tower, 8th Floor
12 San Francisco, California 94105
   Telephone: (415) 781-7900
13 Facsimile: (415) 781-2635

14 Attorneys for Defendant
   STATE FARM MUTUAL AUTOMOBILE INS. CO.
15

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18                SAN FRANCISCO DIVISION

19
   GREGORY BUONOCORE, an            CASE NO.  CV 08-00184 PJH
20 individual on behalf of himself and all   Judge: Hon. Phyllis J. Hamilton
   others similarly situated;
21

22        Plaintiff,                 JOINT CASE MANAGEMENT
                                     STATEMENT
23        vs.

24 STATE FARM MUTUAL              Date:   April 10, 2008
   AUTOMOBILE INSURANCE          Time:   10:30 a.m.
25 COMPANY; and DOES 1 through 10   Courtroom:
   inclusive;
26

27        Defendants
28

This joint report follows the conference of counsel pursuant to Federal Rule of Civil Procedure 26(f), conducted on April 7, 2008, by counsel for Plaintiff Gregory Buonocore, Kabateck Brown Kellner LLP, and counsel for Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), Sedgwick, Detert, Moran & Arnold LLP.

## RESPONSES TO THE COURT'S STANDING ORDER

### 1.    Jurisdiction and Service:

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) in that it is a class action filed under rule 23 of the Federal Rules of Civil Procedure, the matter in controversy, as aggregated pursuant to 28 U.S.C. § 1332(d)(6) exceeds the sum of $5,000,000 exclusive of interest and costs, and a substantial number of members of the class of plaintiffs are citizens of a state different from defendant State Farm.

There are no outstanding parties to be served.

### 2.    Facts:

**Plaintiff's statement:** Plaintiff had automobile insurance coverage with defendant State Farm. On January 26, 2005, Plaintiff, while driving his SUV, was struck by another motorist (hereinafter "third party motorist"). The third party motorist's insurance coverage was limited to $30,000. The third party agreed to settle Plaintiff's claim and paid its $30,000 insurance policy limit to the Plaintiff. The settlement agreement contained a "release of liability" and a denial of liability clause as to the third party motorist with which the Plaintiff agreed and signed his consent thereto. Since Plaintiff's total losses were in excess of the third party's $30,000 insurance policy, Plaintiff filed an uninsured motorist claim pursuant to the underinsured motorist provision of Plaintiff's State Farm automobile insurance policy.

Pursuant to its medical coverage clause, State Farm paid the $25,000 medical coverage limit. Despite Plaintiff's protest, State Farm has stated that it intends to withhold $25,000 from Plaintiff's uninsured motorist arbitration award or settlement thereof, pursuant to the medical payments reimbursement provision in "Section II – Medical Payments – Coverage C." Plaintiff disputes State Farm's position upon on the grounds that

1) the terms of "Section II – Medical Payments – Coverage C" are vague and ambiguous and are therefore unenforceable, 2) key terms in the policy are not defined, and 3) the third party has expressly denied liability as is done in all settlements.

**Defendant's Statement:**  This is an issue concerning an underinsured motorist claim that has not proceeded to arbitration.  Plaintiff, a State Farm policyholder, was allegedly injured in an accident by an underinsured motorist.  Pursuant to the policy's medical payments provision, State Farm paid plaintiff the $25,000 limits of its medical payments coverage.  The insurer for the underinsured motorist paid its policy limits of $30,000.  In connection with settlement of plaintiff's claim against the underinsured motorist,, the underinsured motorist admitted liability in response to requests for admission and reference to the admission of liability was noted in the parties' settlement agreement.  After the underinsured motorist admitted liability, plaintiff filed an underinsured motorist claim with State Farm.  Plaintiff's underinsured motorist claim has not yet gone to arbitration.  State Farm has advised plaintiff that, pursuant to the terms of the State Farm policy, State Farm will not pay again for the medical payments coverage previously paid under the policy.

3. **Legal Issues:**

**Plaintiff's statement:** The main issue in this case will be a legal dispute between the parties as to whether Defendant State Farm is entitled to reimbursement under "Section II – Medical Payments – Coverage C" of its automobile insurance policy. "Section II – Medical Payments – Coverage C" of the State Farm automobile insurance policy reads as follows:

> "If the *person* to or for whom we make payment recovers proceeds from any party **liable** for the *bodily injury*, that *person* shall hold in trust for us the proceeds of the recovery, and reimburse us to the extent of our payment." (emphasis added)

**Defendant's statement**:  Defendant disagrees with the legal issue as identified by plaintiff.  Defendant contends the following legal issues are presented in this action: (1) Does State Farm have a right under its uninsured motorist coverage to not pay again

medical payments that it previously paid under the medical payments provision of the policy? (2) Assuming that Coverage C was applicable, which defendant contends it is not, can plaintiff claim that a party who has executed verified requests for admission and admitted liability in a settlement agreement is not a "party liable for the *bodily injury*"? (3) Must plaintiff complete his underinsured motorist arbitration prior to bringing a claim against State Farm pursuant to the terms of the policy?

### 4.   **Motions:**

No motions have been filed by either party to date.

**Plaintiff's statement:**    Plaintiff reserves the right to file motions as the case develops.

**Defendant's statement:** Defendant anticipates filing a motion for summary judgment on the entirety of plaintiff's complaint in the next 30-60 days and has so informed plaintiff.

### 5.   **Amendment of Pleadings:**

None at this time.

### 6.   **Evidence Preservation:**

The parties have discussed the issue of evidence preservation and both parties agree that they will preserve all documents and electronic evidence relevant to the issues in this action.

### 7.   **Initial Disclosures:**

The parties have agreed to extend the deadline to serve initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) to May 1, 2008.

### 8.   **Discovery:**

No discovery has yet taken place.  The parties are in the process of preparing their Rule 26(a) written disclosures. Once the initial exchange of information has taken place, the parties anticipate that depositions, interrogatories, request for admissions and request for production of documents may be needed. The nature and extent of discovery will be better known once documents and disclosures are exchanged.

9.    **Class Actions:**

    **Plaintiff's statement:**    Pursuant to Local Rule 16-9(b), Plaintiff Independently responds as follows:

    (1) This action is maintainable as a class action pursuant to FRCP 23(a) and 23(b).

    (2) Plaintiff describes the class as follows: *All California Residents who are or were State Farm automobile insurance policy holders with medical payment coverage (Section II – Medical Payments – Coverage C) who recovered money from a third party and/or an uninsured motorist claim by way of settlement or compromise without a determination of liability, and have thereafter reimbursed State Farm for proceeds advanced pursuant to the medical payment coverage provision (Section II – Medical Payments – Coverage C).*

    (3) Certification is appropriate because Defendant State Farm enforces *Section II – Medical Payments – Coverage C* in its automobile policy against all its insureds who are residents of California whenever there is a third party recovery.

    (4) Proposed timeline for conditional certification: This date should be set after Defendant's motion for summary judgment is resolved.

    **Defendant's statement:** Defendant contends that it is entitled to judgment in this action as a matter of law and that the issues presented by Mr. Buonocore's complaint are not appropriate for class certification. Each claim is factually different and must be resolved on its own peculiarities. For example, Mr. Buonocore did not simply make a request for medical payments coverage, but also entered into a settlement agreement whereby an underinsured motorist clearly admitted liability. Buonocore then made an underinsured motorist claim against State Farm and that claim is still in the process of proceeding to arbitration. Defendant will oppose any motion for class certification made by plaintiff.

10.    **Related Cases:**

Neither party is aware of any related cases.

11.    **Relief:**

    **Plaintiff's statement:** Plaintiff seeks to recover, on behalf of the class, the aggregate value of all monies for which State Farm sought and obtained reimbursement of

pursuant to *Section II – Medical Payments – Coverage C.*  At the present time, Plaintiff has not obtained discovery required to calculate the amount of damage sought in these categories.

**Defendant's statement:** Defendant contends that plaintiff is not entitled to any relief, monetary or otherwise.

12.    **Settlement and ADR:**

**Plaintiff's statement:** Plaintiff is willing to participate in good faith Alternative Dispute Resolution proceedings.  No efforts to date have been commenced by the parties.

**Defendant's statement:** Defendant will participate in a mediation of plaintiff's claim with an agreeable mediator.

13.    **Consent to Magistrate Judge for all Purposes:**

**Plaintiff's statement:  Plaintiff consents to a Magistrate.**

**Defendant's statement:** Defendant does not consent to the assignment of a Magistrate Judge for all purposes.

14.    **Other References:**

The parties agree that this case is currently not suitable for other references.

15.    **Narrowing of Issues:**

**Plaintiff's statement:** Plaintiff has not identified any issues that can be narrowed down by agreement or by motion.

**Defendant's statement:** Defendants' soon-to-be-filed motion for summary judgment is expected to either result in dismissal of this action or a narrowing and clarification of the issues.  Defendant also believes that the issues in this action are already narrow and barring class certification, do not require any extraordinary procedures.

16.    **Expedited Schedule:**

The parties agree that this is not a type of case that can be handled on an expedited basis with streamlined procedures.

17.    **Scheduling:**

The parties agree that setting a schedule for expert designation, discovery cut-off,

hearing of dispositive motions, pre-trial conference and trial, should be deferred until after defendant's motion for summary judgment is decided.

**18.  Trial:**

Plaintiff estimates eight weeks for trial.  Plaintiff requests a jury for those issues that are properly before a jury.

Defendant contends that it is premature to estimate the length of trial at this time. Defendant requests a jury trial.

**19.  Disclosure of Non-party Interested Entities or Persons:**

**Plaintiff's statement:** Plaintiff has filed a "Certification of Interested Entities or Persons' pursuant to Civil Local Rule 3-16, and hereby restates that (i) no persons, firms, partnerships corporations or other entities have a financial interest in the subject matter in controversy or in a party to the proceeding; and (ii) no persons, firms, partnerships corporations or other entities have any other kind of interest that could be substantially affected by the outcome of the proceeding.

**Defendant's statement:**  Defendant will file its certification of non-interested entities or persons when it responds to plaintiff's complaint.  Plaintiff has given defendant until April 21, 2008 to respond to the complaint.

**20.  Other Matters:**

No other matters at this time.

DATED:  April 10, 2008   By:    */s/ Niall G. Yamane*
**KABATECK BROWN KELLNER LLP**
Niall G. Yamane
Attorney for Plaintiff and the Proposed Class

DATED:  April 10, 2008   By:    */s/ Laura L. Goodman*
**SEDGWICK, DETERT MORAN & ARNOLD LLP**
Kevin J. Dunne
Laura L. Goodman
Andrew J. King
Attorneys for Defendant State Farm Mutual Automobile Insurance Company

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 644 South Figueroa Street, Los Angeles, CA 90017.

On April 9, 2008, at, I served the foregoing document described as: **JOINT CASE MANAGEMENT STATEMENT** on the interested parties in this action:

Kevin J. Dunne, Esq.
Laura L. Goodman, Esq.
Andrew J. King, Esq.
SEDGWICK, DETERT, MORAN & ARNOLD LLP
One Market Plaza
Stuart Tower, 8th Floor
San Francisco, California 94105
Tel: (415) 781-7900
Fax: (415) 781-2635

[ ]    **VIA PERSONAL DELIVERY** – by personally delivering a true copy to an agent authorized to accept service at the business office/ place of hearing, addressed

[x]    **VIA U.S. MAIL** - I deposited such envelope(s) with the United States Postal Service, enclosed in a sealed envelope, for collection and mailing with the United States Postal Service where it would be deposited for first class delivery, postage fully prepared, in the United States Postal Service that same day in the ordinary course of business. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.

[ ]    **VIA FACSIMILE TRANSMISSION** - by use of facsimile machine, I served a copy of the document(s) on interested parties by transmitting by facsimile machine to said interested party. The facsimile machine I used complied with California Rules of Court, rule 2002, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration FAX No. (213) 217-5010 to the FAX number(s) listed next to such interested party. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.

[X]    **(FEDERAL) – I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.**

Executed on April 9, 2008, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

LUPE RODRIGUEZ