


SEDGWICK, DETERT, MORAN & ARNOLD LLP
KEVIN DUNNE  Bar No. 40030
LAURA GOODMAN  Bar No. 142689
ANDREW J. KING Bar No. 253962
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BUONOCORE, an individual on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. CV 08 0184 PJH<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ANSWER TO COMPLAINT |

COMES NOW defendant State Farm Mutual Automobile Insurance Company ("State Farm") and answers the complaint of plaintiff Gregory Buonocore ("Buonocore") as follows:

NATURE OF THE ACTION

1.     Answering paragraph 1 of the complaint, State Farm denies each and every averments stated therein. State Farm specifically denies that it has "improperly obtained reimbursement for medical bills that it advanced, in breach of its form automobile insurance agreements."

2.   Answering paragraph 2 of the complaint, State Farm denies each and every averments stated therein and further responds that the terms, provisions, and conditions of its insurance policies are set forth in the insurance policies.

3.   Answering paragraph 3 of the complaint, State Farm admits that it "does not have an automatic right to reimbursement of any collateral payments received by [its] insureds." Other than as admitted, State Farm denies each and every averment contained in paragraph 3 of the complaint.

4.   Answering paragraph 3[sic] of the complaint, State Farm denies each and every averment stated therein.

5.   State Farm is not required to answer paragraph 4 of the complaint.

## THE PARTIES

6.   Answering paragraph 5 of the complaint, State Farm admits that on January 26, 2005, plaintiff had a policy of automobile liability insurance with State Farm. State Farm is without information sufficient to form a belief as to the truth of remaining averments contained in paragraph 5 of the complaint, and on that basis, denies such averments.

7.   Answering paragraph 6 of the complaint, State Farm admits that it is an Illinois Corporation. State Farm further admits that its corporate headquarters are located in Bloomington, Illinois. State Farm further admits that it is licensed to do business in the State of California. Except as expressly admitted herein, State Farm denies the allegations contained in paragraph 6 of the complaint.

8.   State Farm is not required to answer paragraph 7 of the complaint.

9.   Answering paragraph 8 of the complaint, State Farm denies each and every averment contained therein.

10.  Answering paragraph 9 of the complaint, State Farm denies each and every averment contained therein.

11.  Answering paragraph 10 of the complaint, State Farm denies each and every averment contained therein.

## JURISDICTION AND VENUE

12. Answering paragraph 11 of the complaint, State Farm admits that plaintiff's complaint purports to bring a class action on behalf of California residents and alleges that the amount in controversy is in excess of $5,000,000 exclusive of interest and costs. Other than as expressly admitted herein, State Farm denies each and every averment contained in paragraph 11 of the complaint.

13. Answering paragraph 12 of the complaint, State Farm admits that venue is proper in the Northern District of California. Other than as expressly admitted herein, State Farm each and every averment contained in paragraph 12 of the complaint.

## INTRADISTRICT ASSIGNMENT

14. Answering paragraph 13 of the complaint, State Farm admits that venue is proper in the San Francisco Division of the United States District Court for the Northern District of California. Other than as expressly admitted herein, State Farm denies each and every averment contained in paragraph 13 of the complaint.

## FACTUAL BACKGROUND

15. Answering paragraph 14 of the complaint, State Farm admits that it issued a policy of automobile liability insurance to Gregory Buonocore which was in effect on January 26, 2005. State Farm further admits that the policy contained uninsured/underinsured coverage with a limit of $100,000 and medical payments coverage with a limit of $25,000. State Farm is without information sufficient to form a belief as to the truth of remaining averments contained in paragraph 14 of the complaint, and on that basis, denies such averments.

16. Answering paragraph 15 of the complaint, State Farm admits, on information and belief, that Gregory Buonocore was rear-ended by another motorist on January 26, 2005. Except as expressly admitted herein, State Farm denies each and every averment contained in paragraph 15 of the complaint.

17. Answering paragraph 16 of the complaint, State Farm admits, on information and belief, that the party with whom Gregory Buonocore was involved in an accident on January 26, 2005 had automobile liability insurance limits of $30,000 and that the automobile limits were

paid to Gregory Buonocore. Other than as expressly admitted herein, State Farm denies each and every averment contained in paragraph 16 of the complaint.

18. Answering paragraph 17 of the complaint, State Farm is without information sufficient to form a belief as to the truth of the averments contained therein, and on that basis, denies such averments.

19. Answering paragraph 18 of the complaint, State Farm admits that Gregory Buonocore has made an underinsured motorist claim under his State Farm policy. State Farm is without information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 18 of the complaint, and on that basis, denies such averments.

20. Answering paragraph 19 of the complaint, State Farm admits that it paid its medical payments coverage limits to Gregory Buonocore. State Farm is without information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 19 of the complaint, and on that basis, denies such averments.

21. Answering paragraph 20 of the complaint, State Farm admits that it advised Gregory Buonocore of the policy provisions regarding reimbursement of medical payments benefits. Other than as expressly admitted herein, State Farm denies each and every averment contained in paragraph 20 of the complaint.

22. Answering paragraph 21 of the complaint, State Farm states that the terms, conditions, and provisions of the insurance policy issued to Gregory Buonocore are contained in the insurance policy. To the extent that plaintiff avers terms, conditions or provisions of the insurance policy that are not contained in the insurance policy, State Farm denies these averments.

23. Answering the first sentence of paragraph 22 of the complaint, State Farm is without information sufficient to form a belief as to the truth of these averments, and on that basis, denies such averments. Answering the second sentence of paragraph 22 of the complaint, State Farm denies each and every averment contained therein.

24. Answering paragraph 23 of the complaint, State Farm denies each and every averment contained therein.

25. Answering paragraph 24 of the complaint, State Farm denies each and every averment contained therein.

## CLASS ACTION ALLEGATIONS

26. State Farm is not required to answer paragraph 25 of the complaint.

27. State Farm is not required to answer paragraph 26 of the complaint.

28. State Farm is not required to answer paragraph 27 of the complaint.

29. State Farm is not required to answer paragraph 28 of the complaint.

30. Answering paragraph 29 of the complaint, State Farm denies each and every averment contains therein.

31. Answering paragraph 30 of the complaint, State Farm denies each and every averment contained therein.

32. Answering paragraph 31 of the complaint, State Farm denies each and every averment contained therein.

33. Answering paragraph 32 of the complaint, State Farm denies each and every averment contained therein.

34. Answering paragraph 33 of the complaint, State Farm denies each and every averment contained therein.

35. Answering paragraph 34 of the complaint, State Farm denies each and every averment contained therein.

## FIRST CAUSE OF ACTION

(Breach of Contract)

36. Answering paragraph 35 of the complaint, State Farm incorporates its answer to paragraphs 1 through 34 as if fully set forth herein.

37. Answering paragraph 36 of the complaint, State Farm admits that it issued a policy of automobile liability insurance to Gregory Buonocore which was in effect on January 26, 2005. Other than as expressly admitted herein, State Farm denies each and every averment contained in paragraph 36 of the complaint.

38. State Farm is not required to answer paragraph 37 of the complaint.

39. Answering paragraph 38 of the complaint, State Farm states that the terms, conditions, and provisions of the insurance policy issued to Gregory Buonocore are contained in the insurance policy. Except as expressly admitted herein, State Farm denies each and every averment contained in paragraph 38 of the complaint.

40. Answering paragraph 39 of the complaint, State Farm denies each and every averment contained therein.

41. Answering paragraph 40 of the complaint, State Farm denies each and every averment contained therein.

## SECOND CAUSE OF ACTION
(Declaratory Relief)

42. Answering paragraph 41 of the complaint, State Farm incorporates its answer as set forth in paragraphs 1 through 41.

43. Answering paragraph 42 of the complaint, State Farm denies each and every averment contained therein.

44. State Farm is not required to answer paragraph 43 of the complaint.

45. Answering paragraph 44 of the complaint, State Farm denies each and every averment contained therein.

46. State Farm is not required to answer paragraph 45 of the complaint.

## THIRD CAUSE OF ACTION
(Violation of Bus. & Professions Code § 17200)

47. Answering paragraph 46 of the complaint, State Farm incorporates its answer as set forth in paragraphs 1 through 46.

48. Answering paragraph 47 of the complaint, State Farm denies each and every averment contained therein.

49. Answering paragraph 48 of the complaint, State Farm denies each and every averment contained therein.

50. Answering paragraph 49 of the complaint, State Farm denies each and every averment contained therein.

51. State Farm is not required to answer paragraph 50 of the complaint but denies that plaintiff or the class are entitled to any relief.

## FOURTH CAUSE OF ACTION

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

52. Answering paragraph 51 of the complaint, State Farm incorporates its answer as set forth in paragraphs 1 through 51.

53. Answering paragraph 52 of the complaint, State Farm admits that it has a duty to act in good faith. Other than as expressly admitted herein, State Farm denies each and every averment contained in paragraph 52 of the complaint.

54. Answering paragraph 53 of the complaint, State Farm denies each and every averment contained therein.

55. Answering paragraph 54 of the complaint, State Farm denies each and every averment contained therein.

56. Answering paragraph 55 of the complaint, State Farm denies each and every averment contained therein.

57. Answering paragraph 56 of the complaint, State Farm denies each and every averment contained therein.

## PLAINTIFF'S PRAYER FOR RELIEF

State Farm expressly denies that plaintiff or the class are entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred by his failure to exhaust his remedies under the State Farm policy, including proceeding to a mandatory and binding underinsured motorist arbitration.

### FIFTH AFFIRMATIVE DEFENSE

5.  Plaintiff's claims are barred by plaintiff's unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

6.  Plaintiff's claims are barred by his failure to comply with the terms, conditions, requirements and provisions of the insurance policy.

### SEVENTH AFFIRMATIVE DEFENSE

7.  Plaintiff's claims barred by the applicable policy language and limitations, including but not limited to, the terms, conditions, definitions, exclusions and endorsements to the policy.

### EIGHTH AFFIRMATIVE DEFENSE

8.  Plaintiff's claims are barred by the misrepresentation and/or concealment of material facts.

### NINTH AFFIRMATIVE DEFENSE

9.  Plaintiff's claims are barred by plaintiff's failure to mitigate, minimize, and/or avoid any damages allegedly sustained.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred by the applicable statutes of limitation.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's complaint, to the extent that it seeks exemplary or punitive damages, violates State Farm's right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of California, and therefore fails to state a claim upon which either punitive or exemplary damages can be awarded.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's complaint, to the extent that it seeks punitive or exemplary damages, violates State Farm's right to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and violates State Farm's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a claim upon which

either punitive or exemplary damages can be awarded.

## STATE FARM'S PRAYER FOR RELIEF

WHEREFORE, having responded to plaintiff's complaint and having stated its affirmative defenses, State Farm prays that:

1. Judgment be entered against plaintiff and in favor of State Farm and that plaintiff take nothing by his complaint;

2. The Court award State Farm its reasonable costs, expenses, and attorneys' fees as permitted by law; and

3. The Court award State Farm such other relief as the Court deems just and proper.

DATED: April 21, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Kevin J. Dunne
Laura L. Goodman
Andrew King
Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY