1    SEDGWICK, DETERT, MORAN & ARNOLD LLP
     KEVIN J. DUNNE  Bar No. 40030
2    LAURA L. GOODMAN  Bar No. 142689
     ANDREW J. KING  Bar No. 253962
3    One Market Plaza
     Steuart Tower, 8th Floor
4    San Francisco, California 94105
     Telephone: (415) 781-7900
5    Facsimile: (415) 781-2635

6    Attorneys for Defendant
     STATE FARM MUTUAL AUTOMOBILE
7    INSURANCE COMPANY

8                UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11    GREGORY BUONOCORE, an individual on      CASE NO. CV 08 0184 PJH
     behalf of himself and all others similarly
12    situated,                                **STATE FARM MUTUAL AUTOMOBILE**
                                              **INSURANCE COMPANY'S MOTION**
13                Plaintiff,                  **FOR JUDGMENT ON THE PLEADINGS**
                                              **[FED.R.CIV.P. 12(C)]**
14            v.

15    STATE FARM MUTUAL AUTOMOBILE      JUDGE:    The Honorable Phyllis Hamilton
     INSURANCE COMPANY; and DOES 1          CTRM:      3
16    through 10 inclusive,                       DATE:      August 6, 2008
                                     TIME:       9:00 a.m.
17            Defendants.

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ........................................................................................................ 1

II.   FACTUAL ALLEGATIONS ...................................................................................... 3

    A.    Allegations in Buonocore's Complaint ........................................................... 3

    B.    Saremi Admitted Liability In His Settlement Agreement With
           Buonocore And In Response To Requests For Admission .............................. 4

    C.    The Underinsured Motorist Provision in Buonocore's Policy ........................ 5

III.  ARGUMENT .............................................................................................................. 7

    A.    A Rule 12(c) Motion For Judgment On The Pleadings Is Proper Where
           Buonocore Cannot State A Claim Upon Which Relief Can Be Granted ......... 7

        1.    Applicable Legal Standard ................................................................... 7

        2.    The Court May Consider the Terms of the Insurance Policy and
               the Settlement Agreement Without Converting This Motion
               Into One For Summary Judgment ........................................................ 7

    B.    Each of Buonocore's Claims Fails as a Matter of Law Because Saremi
           Expressly Admitted Liability In His Settlement Agreement With
           Buonocore ...................................................................................................... 10

    C.    Buonocore's Claims Fail As a Matter of Law Because In Submitting
           An Underinsured Motorist Claim He Conceded That The Third Party
           Motorist Was Liable For His Bodily Injuries ............................................... 12

    D.    Buonocore's Claims Fail As a Matter of Law Because the California
           Insurance Code Expressly Authorizes State Farm to Reduce
           Buonocore's Underinsured Motorist Damages by Amounts Already
           Paid Under the Medical Payments Coverage ............................................... 15

IV.   CONCLUSION ......................................................................................................... 16

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1

**TABLE OF AUTHORITIES**

2

**PAGE**

3

**FEDERAL CASES**

4

*Balistreri v. Pacifica Police Dep't.,*
  901 F.2d 696 (9th Cir. 1988) ........................................................................7

5

*Broadcort Capital Corp. v. Summa Med. Corp.,*
6   972 F.2d 1183 (10th Cir. 1992) ....................................................................9

7

*Catullo v. Metzner,*
  834 F.2d 1075 (1st Cir. 1987)......................................................................10

8

*City of Arcadia v. United States EPA,*
9   411 F.3d 1103 (9th Cir. 2005) ......................................................................7

10

*Commodity Futures Trading Comm'n v. Rosenberg,*
  85 F. Supp. 2d 424 (D.N.J. 2000) ................................................................10

11

*County of Hennepin v. AFG Indus., Inc.,*
12   726 F.2d 149 (8th Cir. 1984) .......................................................................10

13

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,*
  516 F. Supp. 2d 1072 (N.D.Cal. 2007) ..........................................................7

14

15

*Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist*
  *Congregational Church,*
  887 F.2d 228 (9th Cir. 1989) ........................................................................7

16

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,*
17   896 F.2d 1542 (9th Cir. 1989) ......................................................................7

18

*Hillcrest Christian School v. City of Los Angeles,*
  Number CV 05-8788-RGK (RCx),
19   2006 WL 5207228 (C.D.Cal. Dec. 20, 2006) .........................................5, 8, 9

20

*Irish Lesbian & Gay Org. v. Giuliani,*
  143 F.3d 638 (2d Cir. 1998)..........................................................................7

21

*Kraft v. St. John Lutheran Church of Seward, Nebraska,*
22   414 F.3d 943 (8th Cir. 2005) .......................................................................10

23

*Lee v. City of Los Angeles,*
  250 F.3d 668 (9th Cir. 2001) ..................................................................2, 8, 9

24

*New.Net, Inc. v. Lavasoft,*
25   356 F. Supp. 2d 1090 (C.D.Cal. 2004) ..................................................2, 4, 8, 9

26

*Patel v. Contemporary Classics of Beverly Hills,*
  259 F.3d 123 (2d Cir. 2001)..........................................................................7

27

*Qwest Communications Corp. v. City of Berkeley,*
28   208 F.R.D. 288 (N.D. Cal. 2002) ..................................................................7

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

SF/1514057v1

**Table of Authorities**
**(Continued)**

PAGE

*Rhoades v. Avon Products, Inc.,*
    504 F.3d 1151 (9th Cir. 2007) .................................................................................10

*Sira v. Morton,*
    380 F.3d 57 (2d Cir. 2004)..................................................................................8, 9

*In re Stac Electronics Sec. Litig.,*
    89 F.3d 1399 (9th Cir. 1996) ...............................................................................4, 8

*Towerridge, Inc. v. T.A.O., Inc.,*
    111 F.3d 758 (10th Cir. 1997) ................................................................................9

*Vulcan Hart Corp. v. NLRB,*
    718 F.2d 269 (8th Cir. 1983) .................................................................................9

*Zurich Am. Ins. Co. v. Watts Indus., Inc.,*
    417 F.3d 682 (7th Cir. 2005) ................................................................................9

**STATE CASES**

*Allen v. Interinsurance Exch. of the Auto. Club of So. Cal.,*
    275 Cal.App.2d 636, 80 Cal.Rptr. 247 (1969)...........................................................14

*Bouton v. USAA Cas. Ins. Co.,*
    ___ Cal.4th ___, __Cal.Rptr.3d __,
    No. S149851, 2008 WL 2332004, (June 9, 2008) ......................................................12

*Daun v. USAA Cas. Ins. Co.,*
    125 Cal.App.4th 599, 23 Cal.Rptr.3d 44 (2005)..........................................................1

*Firemen's Ins. Co. of Newark v. Diskin,*
    255 Cal.App.2d 502, 63 Cal.Rptr. 177 (1967)............................................................14

*Hartford Fire Ins. Co. v. Macri,*
    4 Cal.4th 318, 14 Cal.Rptr.2d 813 (1992)..................................................................1

*Interinsurance Exch. of the Auto. Club of So. Cal. v. Bailes,*
    219 Cal.App.2d 830, 33 Cal.Rptr. 533 (1963)............................................................14

*Quintano v. Mercury Cas. Co.,*
    11 Cal.4th 1049, 48 Cal.Rptr.2d 1 (1995).................................................................12

*Rudd v. Cal. Cas. Gen. Ins. Co.,*
    219 Cal.App.3d 948, 268 Cal.Rptr. 624 (1990)................................................12, 15, 16

*State Farm Mut. Auto. Ins. Co. v. Superior Ct.,*
    23 Cal.App.4th 1297, 28 Cal.Rptr.2d 711 (1994).....................................................12, 14

SEDGWICK
DETERT, MORAN & ARNOLD LLP

-iii-                                                    CASE NO. CV 08 0184 PJH

STATE FARM'S MOTION FOR JUDGMENT ON THE PLEADINGS [FED.R.CIV.P. 12(C)]

**Table of Authorities**
**(Continued)**

**PAGE**

**FEDERAL STATUTES**

Federal Rule of Civil Procedure 10(c) ...............................................................8

Federal Rule of Civil Procedure 12(b)(6) .......................................................4, 7

Federal Rule of Civil Procedure 12(c) ...................................................... Passim

Federal Rule of Evidence 408(b) ...............................................................9, 10

**STATE STATUTES**

California Insurance Code § 11580.2(a)(1) .........................................12, 13, 15

California Insurance Code § 11580.2(b)....................................................12, 15

California Insurance Code § 11580.2(e) ....................................................15, 16

California Insurance Code § 11580.2(f).....................................................13, 14

California Insurance Code § 11580.2(p)(5) ..............................................12, 15

California Business & Professions Code § 17200 ............................................11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

STATE FARM'S MOTION FOR JUDGMENT ON THE PLEADINGS [FED.R.CIV.P. 12(C)]

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that, on August 6, 2008, at 9:00 a.m., or as soon thereafter as

3  the matter may be heard, in Courtroom 3, 17th Floor of the United States Courthouse, 450

4  Golden Gate Avenue, San Francisco, California, defendant State Farm Mutual Automobile

5  Insurance Company ("State Farm") will, and hereby does, move for judgment on the pleadings to

6  dismiss the complaint of plaintiff Gregory Buonocore for failure to state a claim upon which

7  relief can be granted pursuant to Federal Rule of Civil Procedure 12(c).

8      State Farm's motion will be, and is, based upon this notice of motion and motion, the

9  accompanying memorandum of points and authorities, the complaint and attachments thereto, the

10  Declaration of Todd N. Kajioka and exhibits thereto, and all such further oral and documentary

11  evidence and argument as may be presented to the court at or before the hearing on this motion.

12                  **MEMORANDUM OF POINTS AND AUTHORITIES**

13                          I.    INTRODUCTION

14      Plaintiff Gregory Buonocore was a State Farm automobile insurance policyholder when,

15  on January 26, 2005, the vehicle he was driving was struck from behind by another motorist, Ali

16  Saremi, while stopped in traffic.  Buonocore suffered bodily injuries as a result of the accident

17  and State Farm paid him the $25,000 medical payments coverage limit of his State Farm policy.

18  After the accident, Buonocore entered into a written settlement agreement with Ali Saremi.

19  Buonocore released his claims against Saremi in exchange for payment of the $30,000 limits of

20  Saremi's automobile insurance policy.  Buonocore subsequently filed an underinsured motorist

21  claim[1] under his State Farm policy, which is currently pending.

22

23

24

---

25  [1]  The difference between an uninsured motorist claim and an underinsured motorist claim
26      is that an uninsured motorist has no liability insurance for the damages he or she has
        caused. *Hartford Fire Ins. Co. v. Macri*, 4 Cal.4th 318, 324, 14 Cal.Rptr.2d 813 (1992).
27      In an underinsured motorist claim, the party at fault is insured but the limits of his or her
        insurance are insufficient to cover the insured party's damages. *Id.*; *Daun v. USAA Cas.*
28      *Ins. Co.*, 125 Cal.App.4th 599, 23 Cal.Rptr.3d 44 (2005).

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

SF/1514057v1

1    Each of Buonocore's claims is based on an untrue allegation that State Farm seeks

2  "reimbursement" from Buonocore of the $25,000 it paid in medical payments coverage.[2]

3  According to Buonocore, State Farm cannot seek reimbursement of its medical payments

4  because Saremi, the driver who struck Buonocore from behind, has neither admitted liability nor

5  been determined liable by a neutral fact finder, which Buonocore argues is a condition precedent

6  to medical payment reimbursement.  Thus, Buonocore's entire complaint rests on a single faulty

7  premise: that payments he received from the third party motorist, Saremi, for injuries suffered in

8  the automobile accident were not made by a "party *liable* for the bodily injury" and thus are

9  ineligible for reimbursement under the terms of the State Farm policy.  (Docket No. 1, ¶ 22.)

10    In filing his complaint, *Buonocore brazenly disregards that the very settlement and*

11  *release agreement he relies upon as the basis for his complaint contains an admission of*

12  *liability, that Saremi admitted liability in response to requests for admission that are*

13  *incorporated in the settlement agreement, and that, by filing an underinsured motorist claim,*

14  *Buonocore was required to allege and establish that Saremi was liable for Buonocore's bodily*

15  *injury*.  Buonocore cannot contend that Saremi *was not liable* for his bodily injuries for purposes

16  of avoiding medical payments coverage reimbursement, while arguing at the same time, that

17  Saremi *was liable* for his injuries for purposes of Buonocore's underinsured motorist claim.

18    On a motion for judgment on the pleadings, the Court may consider a document whose

19  contents are alleged in the complaint or on which the complaint necessarily relies, without

20  converting the motion into a motion for summary judgment.[3]  Since the complaint both alleges

21  and necessarily relies on the language of Buonocore's settlement agreement with Saremi, the

22  Court may properly consider this document in ruling on State Farm's motion.  Buonocore cannot

23  be allowed to mislead the Court and pursue a purported class action based on false allegations

24    [2]   In fact, State Farm does not seek reimbursement of the medical payments, but rather,

25  under the express terms of the State Farm policy, will not pay the same medical expenses
     again under Buonocore's underinsured motorist arbitration award.  However, because this

26  is a motion for judgment on the pleadings, for purposes of this motion only, State Farm
     will treat Buonocore's unfounded "reimbursement" allegations as true.

27    [3]   *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001); *New.Net, Inc. v.*
     *Lavasoft*, 356 F.Supp.2d 1090, 1115-1116 (C.D.Cal. 2004).

**SEDGWICK**
DETERT, MORAN & ARNOLD...
28

SF/1514057v1

-2-                    CASE NO. CV 08 0184 PJH
STATE FARM'S MOTION FOR JUDGMENT ON THE PLEADINGS [FED.R.CIV.P. 12(C)]

1   that Saremi did not admit his liability for Buonocore's injury, when those allegations are plainly

2   belied by the settlement and release agreement, the admissions incorporated therein, and

3   Buonocore's filing of an underinsured motorist claim. The Court should dismiss this action

4   pursuant to Rule 12(c).

## II.    FACTUAL ALLEGATIONS

### A.    Allegations in Buonocore's Complaint

7        On January 10, 2008, Buonocore, purporting to act on behalf of himself and all others

8   similarly situated, filed this action against State Farm. (Docket No. 1.) Buonocore alleges four

9   claims against State Farm: (1) breach of contract, (2) declaratory relief, (3) violation of California

10  Business and Professions Code section 17200, *et seq*., and (4) breach of the implied covenant of

11  good faith and fair dealing. (*Id*.)

12       Buonocore alleges that he purchased a State Farm automobile insurance policy which

13  provided medical payments coverage in the amount of $25,000 and underinsured motorist

14  coverage in the amount of $100,000. (*Id*. at ¶ 14.) He alleges that on January 26, 2005, while

15  insured under the State Farm policy, a third party motorist ("Saremi") rear-ended his vehicle

16  while stopped in traffic in San Francisco. (*Id*. at ¶ 15.) Buonocore avers that as a result of this

17  accident he suffered serious personal injuries. (*Id*.) State Farm paid him the $25,000 limit of his

18  medical payments coverage for his medical expenses. (*Id*. at ¶ 19.)

19       Buonocore entered into a settlement agreement and release with Saremi. (*Id*. at ¶ 16.)

20  Buonocore alleges that Saremi agreed to settle Buonocore's claim for Saremi's $30,000 policy

21  limits. (*Id*.) Buonocore avers that the settlement agreement contained a "'release of liability'

22  and a denial of liability clause as to the third party motorist" that Buonocore signed. (*Id*.)

23  Buonocore alleges that, because the $30,000 settlement was insufficient to cover his medical

24  bills, property damage, personal injuries, and other expenses arising from the accident, he filed

25  an underinsured motorist claim with State Farm pursuant to the underinsured motorist provision

26  of his State Farm policy. (*Id*. at ¶¶ 17, 18.)

27       Buonocore asserts that "Section II - Medical Payments - Coverage C" of his State Farm

28  policy provides that: "If the *person* to or for whom we make payment recovers proceeds from any

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

SF/1514057v1

-3-                          CASE NO. CV 08 0184 PJH

STATE FARM'S MOTION FOR JUDGMENT ON THE PLEADINGS [FED.R.CIV.P. 12(C)]

1  party liable for the *bodily injury*, that *person* shall hold in trust for us the proceeds of the

2  recovery, and reimburse us to the extent of our payment." (*Id.* at ¶ 21, Exhibit ("Ex.") A, at p.

3  11, emphasis in original.) Buonocore disputes State Farm's right to demand reimbursement[4] on

4  the ground that the payment he has received from Saremi was not made by a party "*liable* for the

5  bodily injury." (*Id.* at ¶ 22.) He actually alleges that: "In fact, the third party has expressly

6  denied liability as it does in all settlements." (*Id.*)

7        All four of plaintiff's claims for relief, individually and on behalf of the Class, are based

8  on the allegation that State Farm seeks to obtain reimbursement of medical expenses it has paid

9  under Coverage C without first having a determination or acknowledgement that bodily injury

10  liability payment received by Buonocore from Saremi was made by a third party "liable for the

11  bodily injury." (*Id.* at ¶¶ 38-40, 42-45, 46-47, 49, 53, 56.)

12  B.    <u>Saremi Admitted Liability In His Settlement Agreement With Buonocore And In
        Response To Requests For Admission</u>

13

14        In the settlement agreement and release between Saremi and Buonocore, provided to

15  State Farm by Buonocore in support of his underinsured motorist claim, Buonocore executed a

16  full release of all claims and rights "resulting from or related to all injuries and damages arising

17  from an accident that occurred on or about January 26, 2005 at or near Third Street and Evans

18  Ave., San Francisco, California." (Declaration of Todd N. Kajioka ("Kajioka Decl."), ¶ 2, Ex.

19  A.)[5] Although the agreement states: "I understand that this is a compromise settlement of all my

20

21  ――――――――――
    [4]    As previously noted, State Farm has not and does not demand reimbursement of the
    medical payments, but rather, has stated it will not pay the same medical expenses again
    under Buonocore's underinsured motorist arbitration award.

22

23  [5]    As discussed in detail in Section III, A, *infra*, State Farm's submission of the settlement
    agreement and release referred to in Buonocore's complaint, and Saremi's responses to
    requests for admission incorporated therein, which form the basis for Buonocore's claims
24  against State Farm, is proper on this Rule 12(c) motion. It is well established that
    "documents whose contents are alleged in a complaint and whose authenticity no party
25  questions, but which are not physically attached to the pleading, may be considered in
    ruling on [an analogous] Rule 12(b)(6) motion to dismiss." *In re Stac Elecs. Sec. Litig.*,
26  89 F.3d 1399, 1405, n.4 (9th Cir. 1996) (internal quotations omitted). As the court
    explained in *Stac*, "such consideration is appropriate in the context of a motion to
27  dismiss, and does not convert the motion into one for summary judgment." *Id. Accord
    New.Net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1115-1116 (C.D.Cal. 2004) (applying
28  same rule to a Rule 12(c) motion, and explaining that a court may consider a document

1    claims arising out of the accident referred to above, and there is no admission of liability,*" the

2    asterisk at the end of the sentence is handwritten, and the following handwritten sentence appears

3    at the end of the paragraph: "However, defendant's discovery responses admit liability." (*Id.*)

4    The statement concerning Saremi's admission of liability is reproduced as it appears in the

5    settlement agreement in Figure 1, below.

6        *Figure 1.*

7

8        I understand that this is a compromise settlement of all my claims arising out of the accident referred to above, and there is no admission of liability.*I understand that this is all the money or consideration I will receive from the above-described parties for any and all of my claims as a result of

9        this accident.    [* However, defendant's' discovery responses admit liability.

10

11    (Kajioka Decl., Ex. A.) In addition, Saremi's verified responses to Buonocore's requests for

12    admission, which are necessarily incorporated into the settlement agreement, expressly admit

13    Saremi's liability. (Kajioka Decl., Ex. B.) In his July 6, 2007 responses to requests for

14    admission, Saremi admitted under penalty of perjury that each of the following facts was true:

15        1.    Admit that Ali A. Saremi negligently caused the automobile collision with
         Gregory F. Buonocore's vehicle on January 26, 2005, and which occurred in the
16        intersection of Evans Avenue and 3rd Street in San Francisco, California.

17        2.    Admit that Ali A. Saremi was the only one who caused the automobile
         collision with Gregory F. Buonocore's vehicle on January 26, 2005, and which
18        occurred in the intersection of Evans Avenue and 3rd Street in San Francisco,
         California.
19
         3.    Admit that Ali A. Saremi's negligence was a substantial factor in causing
20        harm to Gregory F. Buonocore.

21    (Kajioka Decl., Ex. B.)

22    C.    The Underinsured Motorist Provision in Buonocore's Policy

23        Buonocore's State Farm policy, attached to his complaint, contains uninsured and

24    underinsured motorist coverage under Section III - Uninsured Motor Vehicle - Coverage U.

25    _____

26        not explicitly incorporated in the complaint "if it is 'necessarily relied' upon by the
         complaint, [and] as long as the authenticity of the document is not challenged"). *See also*
27        *Hillcrest Christian School v. City of Los Angeles*, No. CV 05-8788-RGK (RCx), 2006
         WL 5207228, at *2 (C.D.Cal. Dec. 20, 2006) (same).

SEDGWICK
DETERT, MORAN & ARNOLD...
28

SF/1514057v1

STATE FARM'S MOTION FOR JUDGMENT ON THE PLEADINGS [FED.R.CIV.P. 12(C)]

(Docket No. 1, Ex. A at p. 11.)  This coverage provides:

> We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*.  The *bodily injury* must be sustained by an *insured* and caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*.

(*Id.*) (Emphasis in original.)  "*Uninsured Motor Vehicle* as defined in the policy under coverage U means: . . . 2. an *underinsured motor vehicle* as defined."  (*Id.* at p.12.)  An "underinsured motor vehicle" is defined as:

> a land motor vehicle, the ownership, maintenance or use of which is:
>
> 1.    insured or bonded for bodily injury liability at the time of the accident; but
>
> 2.    the limits of liability are less than the limits of liability of this coverage.

(*Id.*)

The section entitled "Deciding Fault and Amount Under Coverage U" provides, in relevant part:

> Two questions must be decided by agreement between the *insured* and us:
>
> 1.    Is the *insured* legally entitled to collect damages from the owner or driver of the *uninsured motor vehicle*; and
>
> 2.    If so, in what amount?
>
> If there is no agreement, upon written request of the *insured* or us, these questions shall be decided by arbitration as provided by section 11580.2 of the California Insurance Code.

(*Id.* at p. 12.) (Emphasis in original.)  The "Limits of Liability Under Coverage U," section of the policy states: "4.  The uninsured motor vehicle coverage shall be excess over *and shall not pay again any medical expenses paid under the medical payments coverage*."  (*Id.* at p.13.) (Emphasis added.)  Buonocore admits that he has made an underinsured motorist claim under his State Farm policy.  (Docket No. 1, at ¶ 18.)

III.     ARGUMENT

A.     A Rule 12(c) Motion For Judgment On The Pleadings Is Proper Where Buonocore Cannot State A Claim Upon Which Relief Can Be Granted

1.     Applicable Legal Standard

"After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). A Rule 12(c) motion tests the legal sufficiency of the claims stated in the complaint. "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The standard applied by the court in considering a motion for judgment on the pleadings "is the same as that applied by the court in considering motions to dismiss under [Federal Rule] 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F.Supp.2d 1072, 1083 (N.D.Cal. 2007).[6] Dismissal is proper under Rule 12(c) where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *City of Arcadia v. United States EPA*, 411 F.3d 1103, 1106 (9th Cir. 2005) (applying Rule 12(b)(6)); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988) (same).

2.     The Court May Consider the Terms of the Insurance Policy and the Settlement Agreement Without Converting This Motion Into One For Summary Judgment

In ruling on a 12(c) motion, the Court assumes the truthfulness of the material facts alleged in the complaint and all inferences reasonably drawn from these facts are to be construed in favor of the responding party. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). However, documents

---

[6]     *See also Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) ("The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim."); *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998) ("test for evaluating a 12(c) motion is the same as that applicable to a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6)"); *Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002) (Rule 12(b)(6) and Rule 12(c) motions "are substantially identical; both permit challenges to the legal sufficiency of the opposing party's pleadings.").

1  attached to the complaint and incorporated by reference are treated as part of the complaint, not

2  extrinsic evidence, and are properly considered in ruling on a Rule 12(c) motion. *See*

3  Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of

4  the pleading for all purposes."); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Lee v. City of*

5  *Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001).  Consideration of such material does not

6  convert the motion to dismiss into a motion for summary judgment. *Lee*, 250 F.3d at 688.

7        Moreover, "[a] district court may consider documents whose contents are alleged in a

8  complaint and whose authenticity no party questions, but which are not physically attached to the

9  pleading." *New.Net, Inc.,* 356 F.Supp.2d at 1115 (internal quotations omitted); *Lee*, 250 F.3d at

10  688; *Stac*, 89 F.3d at 1405, n.4.  In fact, a court may consider a document not explicitly

11  incorporated in the complaint "if it is 'necessarily relied' upon by the complaint, [and] as long as

12  the authenticity of the document is not challenged." *New.Net, Inc.*, 356 F.Supp.2d at 1116; *Lee*,

13  250 F.3d at 688.[7]

14        Here, State Farm directs the Court's attention to two documents that are properly

15  considered on its Rule 12(c) motion without converting it to one for summary judgment.

16        First, State Farm asks the Court to consider the State Farm automobile insurance policy, a

17  partial copy of which Buonocore attached to his complaint.  (Docket No. 1, Ex. A; *see also*

18  Kajioka Decl., Ex. C.)[8]  Since the Policy was submitted as part of the complaint, it is treated as

19  part of the pleading and is properly considered on this motion. Fed.R.Civ.P. 10(c); *Lee*, 250 F.3d

20  at 688.

21

22  [7]   *See also Sira*, 380 F.3d at 67 ("A complaint is deemed to include any written instrument
      attached to it as an exhibit, . . . materials incorporated in it by reference, . . . and
23      documents that, although not incorporated by reference, are 'integral' to the complaint, . .
      . . Here, [plaintiff]'s complaint explicitly refers to and relies upon two of the documents
24      at issue . . . . These documents are thus incorporated by reference into the complaint.");
      *Hillcrest Christian Sch.*, 2006 WL 5207228 at *2 (on motion for judgment on the
25      pleadings court "may consider a document necessarily relied upon by the pleading, as
      long as the authenticity of the document is unchallenged")

26  [8]   For the Court's reference, a certified copy of the complete State Farm automobile
      insurance policy that was issued to Buonocore and in effect on January 26, 2005, and on
27      which his complaint relies, is submitted herewith.  (Kajioka Decl, Ex. C.)  State Farm's
      submission of a complete copy of the policy on a Rule 12(c) motion is proper. *New.Net,*
28      *Inc.*, 356 F.Supp.2d at 1115-1116; *see also Stac*, 89 F.3d at 1405, n.4.

**SEDGWICK**
DETERT, MORAN & ARNOLD...

SF/1514057v1

STATE FARM'S MOTION FOR JUDGMENT ON THE PLEADINGS [FED.R.CIV.P. 12(C)]

1    Second, State Farm asks the Court to consider Buonocore's settlement agreement and
2  release with Saremi and the admissions of Saremi incorporated therein. (Kajioka Decl., Exs. A-
3  B.) Buonocore specifically alleges the content of the settlement agreement and release in his
4  complaint and the complaint relies on the settlement agreement and release for what Buonocore
5  alleges is Saremi's express denial of liability. (Docket No. 1, ¶¶ 16, 22, 38-40, 42-45, 46-47, 49,
6  53, 56.) Accordingly, the Court should properly consider the settlement agreement and release
7  on this Rule 12(c) motion. *New.Net, Inc.*, 356 F.Supp.2d at 1115-1116; *Lee*, 250 F.3d at 688;
8  *Sira*, 380 F.3d at 67; *Hillcrest Christian Sch.*, 2006 WL 5207228 at *2.

9    State Farm anticipates that Buonocore may argue that Federal Rule of Evidence 408
10 prevents the Court from considering the contents of the settlement agreement with Saremi. But
11 Rule 408 does not apply to the settlement of a claim different from the instant lawsuit, involving
12 different claims asserted against a different party by one of the parties to the current action. *See*
13 *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 770 (10th Cir. 1997) ("Rule 408 does not require
14 the exclusion of evidence regarding the settlement of a claim different from the one litigated, . . .
15 ."); *Broadcort Capital Corp. v. Summa Med. Corp.*, 972 F.2d 1183, 1194 (10th Cir. 1992) (where
16 "evidence related to an entirely different claim-the evidence was not admitted to prove the
17 validity or amount of the claim under negotiation"); *Vulcan Hart Corp. v. NLRB,* 718 F.2d 269,
18 277 (8th Cir. 1983) (holding that evidence of settlement offers is excluded "only if such evidence
19 is offered to prove liability for or invalidity of the claim under negotiation.").[9]

20   Moreover, Rule 408 does not require exclusion if the evidence is offered for "permissible
21 purposes." Fed.R.Evid. 408(b). "Examples of permissible purposes include proving a witness's
22 bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a
23 criminal investigation or prosecution." *Id.* The other purposes "mentioned by Rule 408 are not

---

9    *See Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 689–690 (7th Cir. 2005) ("In deciding whether Rule 408 should be applied to exclude evidence, courts must consider the spirit and purpose of the rule and decide whether the need for the settlement evidence outweighs the potentially chilling effect on future settlement negotiations. The balance is especially likely to tip in favor of admitting evidence when the settlement communications at issue arise out of a dispute distinct from the one for which the evidence is being offered." (internal citations omitted)).

SEDGWICK

SF/1514057v1

1     an 'exhaustive' list, 'but [are instead] only illustrative.'" *See Rhoades v. Avon Prods., Inc.,* 504

2     F.3d 1151, 1161 n. 9 (9th Cir. 2007) (internal citation omitted).[10]

3     Here, Buonocore has placed the settlement agreement and release at issue by alleging that

4     Saremi denied liability for the January 26, 2005 accident. Buonocore plainly misstates the terms

5     of the settlement agreement in an effort to mislead the Court as to the contents of the document

6     and to advance his spurious "liability" theory. The Court should not allow plaintiff to hide

7     behind Rule 408 to allege that Saremi denied liability for the accident, when in fact Saremi has

8     expressly *admitted liability* for the accident with Buonocore.

9     B.    Each of Buonocore's Claims Fails as a Matter of Law Because Saremi Expressly
            Admitted Liability In His Settlement Agreement With Buonocore

10

11     Each and every one of Buonocore's claims against State Farm is premised on his

12     allegation that the $30,000 payment Buonocore received from Saremi was not "made by a party

13     *liable* for the bodily injury." (Docket No. 1, ¶¶ 22, 38-40, 42-45, 46-47, 49, 53, 56.) But the very

14     settlement agreement upon which Buonocore's complaint relies acknowledges Saremi's

15     admission of liability for Buonocore's bodily injuries resulting from the January 26, 2005

16     accident. (Kajioka Decl., Exs. A and B.) And in the referenced (and incorporated) response to

17     Buonocore's request for admissions, Saremi *admits* that he (1) "negligently caused the

18     automobile collision with Gregory F. Buonocore's vehicle on January 26, 2005," (2) that he was

19     "the only one who caused the automobile collision," and (3) that his "negligence was a

20     substantial factor in causing harm" to Buonocore.[11] (Kajioka Decl., Ex. B.)

21

22    10    *See, e.g., Catullo v. Metzner,* 834 F.2d 1075, 1079 (1st Cir. 1987) (evidence of settlement
admissible to clarify terms of the settlement agreement itself); *Kraft v. St. John Lutheran*

23       *Church of Seward, Nebraska,* 414 F.3d 943, 947 (8th Cir. 2005) (evidence of statements
made during settlement discussions may be admissible for rebuttal or limited

24       impeachment purposes); *County of Hennepin v. AFG Indus., Inc.,* 726 F.2d 149, 153 (8th
Cir. 1984) (same); *Commodity Futures Trading Comm'n v. Rosenberg,* 85 F.Supp.2d 424,

25       435 (D.N.J. 2000) ("Numerous courts" have held that exception to Rule 408 permits the
use of such evidence for purposes of rebuttal or impeachment).

26

27    11    Indeed, Buonocore's counsel sent State Farm the settlement agreement and release along
with Saremi's admissions of liability at the time Buonocore made his underinsured
motorist claim.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP 28

SF/1514057v1

Each of Buonocore's claims fail as matter of law because each is premised on the false assertion that the payment Buonocore received from Saremi was not "made by a party liable for the bodily injury." *See* Complaint, Docket No. 1, ¶ 39 (Breach of Contract - "State Farm has breached its contractual obligation by improperly obtaining reimbursement of medical expenses it has advanced and/or withheld payment of medical bills pursuant to 'Section II - Medical Payments - Coverage C' from its insureds when its insureds receive payments from third parties by way of compromise or settlement *and no determination or acknowledgement of 'liability for the bodily injury' has been made*."); ¶ 43 (Declaratory Relief - "Plaintiff and the Class contend that 'Section II - Medical Payments - Coverage C' does not provide State Farm with the right to reimbursement *where the insured has entered into a settlement agreement with a third party* and/or for an uninsured motorist claim *where the third party's liability has not been determined by a court proceeding, jury trial or otherwise and the settlement agreement contains an express provision denying liability*."); ¶ 49 (Violation of Business and Professions Code § 17200 - "State Farm's actions described in the complaint constitute and unfair or deceptive practice . . . ."); ¶ 53 (Breach of Implied Covenant of Good Faith and Fair Dealing - "State Farm has tortuously [*sic*] breached its implied covenant of good faith and fair dealing, by improperly obtaining reimbursement of medical expenses it has advanced and/or withholding payment of medical bills pursuant to 'Section II - Medical Payments - Coverage C' from its insureds when the insureds receive payments from third parties by way of compromise or settlement *and no determination or acknowledgement of 'liability for the bodily injury' has been made*.") (Emphasis added).

As the settlement agreement and release itself reflects, Buonocore's allegation that there was no determination or acknowledgement of the third party motorist's liability for plaintiff's bodily injury is patently false. Because plaintiff's settlement agreement with the third party motorist and the incorporated discovery responses contain a clear admission of liability for plaintiff's bodily injuries arising out of the January 26, 2005 accident, plaintiff's claims fail as a matter of law. The Court should therefore dismiss Buonocore's complaint.

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1   C.   Buonocore's Claims Fail As a Matter of Law Because In Submitting An Underinsured Motorist Claim He Conceded That The Third Party Motorist Was Liable For His Bodily Injuries

Buonocore alleges that he filed an uninsured motorist claim pursuant to the underinsured motorist provision of his State Farm policy because his losses exceeded the $30,000 he recovered from Saremi. (Docket No. 1, at ¶ 18). Under the terms of his State Farm policy and California law, to recover on an underinsured motorist claim, Buonocore must allege and establish that the third party motorist, Saremi, *was liable* for Buonocore's bodily injury. But even after filing an uninsured motorist claim based on the liability of Saremi, Buonocore, for the sole purpose of trying to delude the Court, alleges that Saremi was *not* liable for his bodily injuries for purposes of avoiding the medical payments reimbursement provision of his policy. (Docket No. 1, ¶ 22.) It is clearly untenable for Buonocore to simultaneously assert that Saremi is both liable and not liable for the accident.

Uninsured motorist coverage is required under California law, unless waived in writing by the insured. *See* Docket No. 1, Ex. A at 11-16 (Coverage U); Cal. Ins. Code. § 11580.2(a)(1); *Bouton v. USAA Cas. Ins. Co.*, ___ Cal.4th ___, ___Cal.Rptr.3d __, No. S149851, 2008 WL 2332004, at *1 (June 9, 2008); *State Farm Mut. Auto. Ins. Co. v. Superior Ct.*, 23 Cal.App.4th 1297, 1303, 28 Cal.Rptr.2d 711 (1994) ("The Insurance code requires the inclusion of uninsured motorist coverage in all automobile policies."). Under California's statutory scheme, section 11580.2 of the Insurance Code regulates both uninsured and underinsured coverages. *Bouton,* 2008 WL 2332004 at 2, n.2; *Rudd v. Cal. Cas. Gen. Ins. Co.*, 219 Cal.App.3d 948, 954 268 Cal.Rptr 624 (1990). As used in section 11580.2, the phrase "uninsured motor vehicle" includes an "'underinsured motor vehicle' as defined in subdivision (p) . . . ." Cal. Ins. Code. § 11580.2(b).[12] *See also Quintano v. Mercury Cas. Co.*, 11 Cal.4th 1049, 1053, 48 Cal.Rptr.2d 1 (1995) ("As used in section 11580.2, the term 'uninsured motor vehicle' generally includes 'underinsured motor vehicle.'").

---

[12]   California Insurance Code Section 11580.2(p)(2) provides that: "'Underinsured motor vehicle' means a motor vehicle that is an insured motor vehicle but insured for an amount that is less than the uninsured motorist limits carried on the motor vehicle of the injured person."

1    Under Section III - Uninsured Motor Vehicle - Coverage U, the State Farm policy

2    provides:

> We will pay damages for *bodily injury* an *insured* **is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The** *bodily injury* must be sustained by an *insured* and caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*.

6    (Docket No. 1, Ex. A at p. 11.) (Emphasis added.)[13]    The policy states that "*Uninsured Motor*

7    *Vehicle* under coverage U means: . . . 2. an *underinsured motor vehicle* as defined." (*Id.* at

8    p.12.)[14]

9    Under the heading "Deciding Fault and Amount Under Coverage U," the State Farm

10    policy reiterates that Buonocore must allege and prove the liability of a third party for his bodily

11    injuries.  It provides that:

> Two questions must be decided by agreement between the *insured* and us:
>
> 1.    **Is the *insured* legally entitled to collect damages from the owner or driver of the *uninsured motor vehicle*;** and
>
> 2.    If so, in what amount?
>
> If there is no agreement, upon written request of the *insured* or us, these questions shall be decided by arbitration as provided by section 11580.2 of the California Insurance Code.

18    (Docket No. 1, Ex. A at p. 12.) (Emphasis added.)  This provision is mandated by section

19    11580.2, subsection (f) of the Insurance Code which states that: "The policy or an endorsement

20    added thereto shall provide that the determination as to whether the insured shall be legally

---

[13]    *See* Cal. Ins. Code § 11580.2(a)(1) stating that no policy of bodily injury liability insurance covering liability arising from ownership, maintenance, or use of any motor vehicle shall be issued "unless the policy contains, or has added to it by endorsement, a provision with coverage limits at least equal to specified in subdivision (m) . . . insuring the insured, the insured's heirs or legal representative for all sums within the limits that he, she, or they, as the case may be, *shall be legally entitled to recover as damages for bodily injury* or wrongful death from the owner or operator of an uninsured motor vehicle." (Emphasis added.)

[14]    "Underinsured motor vehicle" is defined in the policy as "a land motor vehicle, the ownership, maintenance or use of which is: (1) insured or bonded for bodily injury liability at the time of the accident; but (2) the limits of liability are less than the limits of liability of this coverage." (Docket No. 1, Ex. A at p. 11.)

entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration." Cal. Ins. Code § 11580.2(f). *See also Allen v. Interinsurance Exch. of the Auto. Club of So. Cal.*, 275 Cal.App.2d 636, 639, 80 Cal.Rptr. 247 (1969) (section 11580.2(f) requires policies to include "legally entitled" to recover language); *State Farm*, 23 Cal.App.4th at 1303 ("[t]he word 'damages' in section 11580.2, subdivision (f) means the damages which the insured is entitled to recover from the uninsured motorist, and the statute thus requires arbitration of two issues only: (1) whether the insured is entitled to recover against the uninsured motorist and (2) if so, the amount of damages.")

California courts have made clear that an insured's right to recover for an uninsured motorist claim depends on the insured's alleging (and proving at an arbitration if one is required) that the uninsured third party motorist was liable for the insured's injuries. *Interinsurance Exch. of the Auto. Club of So. Cal. v. Bailes*, 219 Cal.App.2d 830, 836, 33 Cal.Rptr. 533 (1963) ("In order to prevail in the arbitration, it was obligatory on defendant to prove not only an accident involving an 'uninsured motorist' but also that such motorist was liable to her under the familiar rules of negligence and contributory negligence, with all their traditional ramifications."); *Firemen's Ins. Co. of Newark v. Diskin*, 255 Cal.App.2d 502, 505-506, 63 Cal.Rptr. 177 (1967) (uninsured motorist coverage is "secondary and derivative, and . . . is contingent on the insured's right to legal recovery against the tortfeasor"). Thus, under the terms of the policy and California law, in order for Buonocore to successfully make a claim for underinsured motorist benefits, Buonocore must allege and prove that the third party motorist - from whom he collected $30,000 - was liable for plaintiff's bodily injury.

Accordingly, by submitting an underinsured motorist claim to State Farm, as Buonocore alleges he did, Buonocore necessarily concedes that the third party motorist *was* liable for Buonocore's bodily injuries sustained in the January 26, 2005 accident. Therefore, each of the Buonocore's claims, based on the false allegation that the third party motorist was *not* "liable for the bodily injury," is without merit.

1    D.    Buonocore's Claims Fail As a Matter of Law Because the California Insurance Code
            Expressly Authorizes State Farm to Reduce Buonocore's Underinsured Motorist
2            Damages by Amounts Already Paid Under the Medical Payments Coverage

3            Each of Buonocore's claims fails to state a claim for relief as a matter of law to the extent

4    they challenge State Farm's right to offset (or "withhold") amounts previously paid to Buonocore

5    as medical payments under Coverage C from any uninsured motorist arbitration award pursuant

6    to Coverage U.  (Docket No. 1, ¶¶ 23-24, 39-40, 43, 49-50, 53, 56.)  California Insurance Code

7    Section 11580.2(e) provides that:

8            The policy or endorsement added thereto may provide that if the insured has valid
            and collectible automobile medical payment insurance available to him or her, the
9            damages that the insured shall be entitled to recover from the owner or operator of
            an uninsured motor vehicle *shall be reduced for purposes of uninsured motorist
10           coverage by the amounts paid or due to be paid under the automobile medical
            payment insurance.*
11

12   Cal. Ins. Code § 11580.2(e) (emphasis added).[15]  Thus, Section 11580.2(e) specifically authorizes

13   the offset provision contained in Coverage U of Buonocore's policy.

14           The medical payments offset authorized by Section 11580.2(e) applies to both uninsured

15   and underinsured motorist coverage.  *Rudd,* 219 Cal.App.3d at 954.  In *Rudd,* the California

16   Court of Appeal ruled that an analogous setoff for receipt of workers' compensation payments

17   applied to both uninsured and underinsured coverages.  *Id.* at 954-955.  The court observed that:

18   "section 11580.2(e) provides a similar setoff for automobile medical payment insurance."  *Id.* at

19   954.  The court explained that under subsection (e), "the damages which the insured is entitled to

20   collect from 'the owner or operator of an uninsured motor vehicle' (which, for purposes of

21   section 11580.2, definitionally includes either an uninsured *or underinsured* motor vehicle, *see*

22   subsection (b)) are reduced for purposes of the amounts owed under the 'uninsured motorist

23   coverage.'"  *Id.* (emphasis in original).  Therefore, "the setoff for automobile medical payment

24   insurance contemplates a setoff against the coverages encompassed within the single coverage

25

26   _____
     [15]    *See also* Cal. Ins. Code § 11580.2(p)(5) providing that: "The insurer paying a claim under
27   this [underinsured motor vehicle] subdivision shall, to the extent of the payment, be
     entitled to reimbursement or credit in the amount received by the insured from the owner
28   or operator of the underinsured motor vehicle or the insurer of the owner or operator."

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

SF/1514057v1

1  denominated as 'uninsured motorist coverage,' even though the damages were caused by a

2  tortfeasor who was an 'underinsured' motorist." *Rudd*, 219 Cal.App.3d at 954.

3        Under the heading "Limits of Liability Under Coverage U," the policy states that: "4. The

4  uninsured motor vehicle coverage shall be excess over and shall not pay again any medical

5  expenses paid under the medical payments coverage." (Docket No. 1, Ex. A at p.13.)  Therefore,

6  Buonocore's claims concerning State Farm's "withholding" of $25,000 from any uninsured

7  motorist arbitration award fail as a matter of law because the policy and California law expressly

8  provide for the offset of amounts paid under the medical payments coverage.

9                          IV.    CONCLUSION

10        For the reasons set forth above, Buonocore has failed to state a claim for relief against

11  State Farm as a matter of law.  Each of Buonocore's claims is dependent on his flawed assertion

12  that State Farm cannot seek reimbursement of its medical payments because Saremi has neither

13  admitted liability nor been determined liable by a neutral fact finder.  But the very settlement and

14  release agreement with Saremi upon which Buonocore relies, contains and incorporates an

15  admission of liability.  Moreover, by submitting an underinsured motorist claim, Buonocore was

16  required to allege and establish that Saremi was liable for his bodily injury.  This Court should

17  not tolerate Buonocore's disingenuous attempt to maintain that Saremi was somehow both liable

18  and not liable for Buonocore's injuries.  Finally, each of Buonocore's claims fails to the extent

19  they challenge State Farm's right, as expressly authorized by Insurance Code Section 11580.2(e),

20  to offset amounts previously paid to Buonocore as medical payments under Coverage C from any

21  uninsured motorist arbitration award paid pursuant to Coverage U.

22        Therefore, since Buonocore has failed to allege a cognizable legal theory to support any

23  of his claims for relief, this Court should grant State Farm's motion for judgment on the

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

SF/1514057v1

1  pleadings under Federal Rule of Civil Procedure 12(c) and dismiss Buonocore's complaint in its

2  entirety.

3  DATED:  June 27, 2008                SEDGWICK, DETERT, MORAN & ARNOLD LLP

4

5                                       By: _____/s/_____
                                            Kevin J. Dunne
                                            Laura L. Goodman
6                                           Andrew J. King
                                            Attorneys for Defendant
7                                           STATE FARM MUTUAL AUTOMOBILE
                                            INSURANCE COMPANY
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SEDGWICK
DETERT, MORAN & ARNOLD LLP