BRIAN S. KABATECK,  SBN 152054
(bsk@kbklawyers.com)
RICHARD L. KELLNER,  SBN 171416
(rlk@kbklawyers.com)
NIALL G. YAMANE,  SBN 127899
(ny@kbklawyers.com)
KABATECK BROWN KELLNER LLP
350 South Grand Avenue, 39th Floor
Los Angeles, California  90071
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

Attorneys for GREGORY BUONOCORE,
an individual on behalf of himself
and all others similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY BUONOCORE, an individual on behalf of himself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES 1 through 10 inclusive;<br><br>Defendants. | CASE NO. CV 08 0184 PJH<br><br>**DECLARATION OF NIALL G. YAMANE IN SUPPORT OF GREGORY BUONOCORE'S OPPOSITION TO STATE FARM MUTUAL COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS [FED.R.CIV.P.12©]**<br><br>JUDGE: The Honorable Phyllis Hamilton<br>CTRM:  3<br>DATE:  August 13, 2008<br>TIME:  9:00 a.m. |

# DECLARATION OF NIALLY G. YAMANE

I. NIALL G. YAMANE, hereby declare as follows:

1.      I, Niall G. Yamane, am an attorney licensed to practice law in the State of California. I am employed by the law firm of Kabateck, Brown and Kellner one of the attorneys of record for the plaintiffs herein.

2.      I am the senior associate assigned to this case. I have personally worked on this file and have personal knowledge of the facts set forth herein.

3.      Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's State Farm Car Policy for automobile insurance.

4.      Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff's request for admissions to Ali Saremi dated October 10, 2006.

5.      Attached hereto as Exhibit 3 is a true and correct copy of Ali Saremi's response to Plaintiff's request for admissions dated November 14, 2006.

6.      Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff's underlying attorney's letter confirming Plaintiff's settlement with Ali Saremi; dated July 5, 2007.

7.      Attached hereto as Exhibit 5 is a true and correct copy of Plaintiff's settlement request for admission to Ali Saremi dated July 5, 2007.

8.      Attached hereto as Exhibit 6 is a true and correct copy of Ali Saremi's responses to the Plaintiff's settlement requests for admissions dated July 12, 2007.

9.      Attached hereto as Exhibit 7 is a true and correct copy of Plaintiff's "RELEASE IN FULL OF ALL CLAIMS" against Ali Saremi dated July 24, 2007.

10.     Attached hereto as Exhibit 8 is a true and correct copy of Plaintiff counsel's letter requesting stipulation to amend complaint to substitute new plaintiff dated July 11, 2008

On July 11, 2008, I spoke with defense counsel and requested that the defendants stipulate that Plaintiff may file an amended complaint for the purpose of substituting a new Plaintiff.  I confirm this request by way of my letter date July 11, 2008.  See Exhibit 8 attached

1

1  hereto.  Thereafter, I had no less than three more meet and confer conversations with defense

2  counsel on my request.  Defense counsel was not able to obtain his clients consent to this

3  request, thus requiring Plaintiff to file a motion to amend.

4        I declare under penalty of perjury in accordance with 28 U.S.C. § 1746 that the foregoing

5  is a true and correct and that this declaration was executed on this 23rd day of July 2008 at Los

6  Angeles, California.

7  Dated: July 23, 2008                              KABATECK BROWN KELLNER LLP

8

9

10

11                                                  NIALL G. YAMANE
                                                    Attorneys for Plaintiffs
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# EXHIBIT 1

PLEASE READ YOUR POLICY CAREFULLY. IF YOU HAVE AN ACCIDENT, CONTACT YOUR STATE FARM AGENT OR ONE OF OUR CLAIM OFFICES AT ONCE. (SEE "REPORTING A CLAIM-INSURED'S DUTIES" IN THIS POLICY.)

Authorized Representative

State Farm Mutual Automobile Insurance Company, Home Office, Bloomington, Illinois

The address of the Regional Office issuing this policy is shown at the top of the Declarations Page.

# YOUR
# STATE FARM
# CAR
# POLICY

### WARNING

Unless you have automobile insurance written by a Mexican insurance company, you may spend many hours or days in jail, if you have an accident in Mexico. Insurance coverage should be secured from a company licensed under the laws of Mexico to write such insurance in order to avoid complications and some other penalties possible under the laws of Mexico, including the possible impoundment of your automobile.

California
Policy Form 9805A

# STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
## BLOOMINGTON, ILLINOIS
### A MUTUAL COMPANY
#### DEFINED WORDS
## WHICH ARE USED IN SEVERAL PARTS OF THE POLICY

We define some words to shorten the policy. This makes it easier to read and understand. Defined words are printed in boldface italics. *You* can pick them out easily.

*Bodily Injury* – means bodily injury to a *person* and sickness, disease or death which results from it.

*Car* – means a land motor vehicle with four or more wheels, which is designed for use mainly on public roads. It does not include:

1. any vehicle while located for use as a dwelling or other premises; or

2. a truck-tractor designed to pull a trailer or semitrailer.

*Car Business* – means a business or job where the purpose is to test, road test, sell, lease, repair, service, transport, store or park land motor vehicles or trailers.

*Insured* – means the *person*, *persons* or organization defined as *insureds* in the specific coverage. If the information *you* have provided State Farm is incorrect or incomplete, or changes during the policy period, State Farm may decrease or increase the premium during the policy period as set out in the provision titled **Premium** of the Conditions section of this policy.

*Loss* – defined in Sections IV and V.

*Newly Acquired Car* – means a *replacement car* or an *additional car*.

*Replacement Car* – means a *car* newly owned by or newly leased to *you* or *your spouse* that replaces *your car*. This policy will only provide coverage for the *replacement car* if *you* or *your spouse*:

1. ask us to insure it within 30 days after its delivery to *you* or *your spouse*; and

2. pay us any added amount due.

*Additional Car* – means an added *car* newly owned by or newly leased to *you* or *your spouse*. This policy will only provide coverage for the *additional car* if:

1. it is a *private passenger car* and we insure all other *private passenger cars*; or

2. it is other than a *private passenger car* and we insure all *cars*

owned by or leased to *you* or *your spouse* on the date of its delivery to *you* or *your spouse*.

This policy provides coverage for the *additional car* only until the earlier of:

1. 12:01 A.M. Standard Time at the address shown on the declarations page on the 31st day after the delivery of the *car* to *you* or *your spouse*; or

2. the effective date and time of a policy issued by us or any other company that describes the *car* on its declarations page.

*You* or *your spouse* may apply for a policy that will provide coverage beyond the 30th day for the *additional car*. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of application.

If a *newly acquired car* is not otherwise afforded comprehensive or collision coverage by this or any other policy, this policy will provide the comprehensive or collision coverage not otherwise provided for the *newly acquired car*. If such coverage is provided by this paragraph, it will apply only until 12:01 A.M. Standard Time at the address shown on the declarations page on the sixth day after the delivery of the *car* to *you* or *your spouse*. Any comprehensive or collision coverage provided by this paragraph is subject to a deductible of $500.

*Non-Owned Car* – means a *car* not owned by, registered to or leased to:

1. *you*, *your spouse*;

2. any *relative* unless at the time of the accident or *loss*:

   a. the *car* currently is or has within the last 30 days been insured for liability coverage; and

b. the driver is an *insured* who does not own or lease the *car*;

3. any other *person* residing in the same household as *you*, *your spouse* or any *relative*; or

4. an employer of *you*, *your spouse* or any *relative*.

*Non-owned car* does not include a *car* which has been operated or rented by or in the possession of an *insured* during any part of each of the last 21 or more consecutive days. If the *insured* is an *insured* under one or more other car policies issued by us, the 21 day limit is increased by an additional 21 days for each such additional policy.

A *non-owned car* must be a *car* in the lawful possession of the *person* operating it.

*Occupying* – means in, on  entering or alighting from.

*Person* – means a human being.

*Private Passenger Car* – means a *car*,

1. with four wheels;

2. of the private passenger or station wagon type; and

3. designed solely to carry *persons* and their luggage

*Relative* – as used in Sections I, II, IV and V means a *person* related to *you* or *your spouse* by blood,

marriage or adoption who resides primarily with *you*. It includes *your* unmarried and unemancipated child away at school.

As used in Section III, *relative* means a *person* related to *you* or *your spouse* by blood, marriage or adoption who resides primarily with *you* or *your spouse*. It includes *your* unmarried and unemancipated child away at school.

*Spouse* – as used in Sections I, II, IV and V means *your* husband or wife who resides primarily with *you*.

As used in Section III, *spouse* means *your* husband or wife.

*Temporary Substitute Car* – means a *car* not owned by, registered to or leased to *you* or *your spouse* if it replaces *your car* for a short time. Its use has to be with the consent of the owner. *Your car* has to be out of use due to its breakdown, repair, servicing, damage or *loss*. A *temporary substitute car* is not considered a *non-owned car*.

*Utility Vehicle* – means a motor vehicle with:

1. a pickup, panel or van body; and

2. a Gross Vehicle Weight of 30,000 pounds or less.

*You or Your* – means the named *insured* or named insureds shown on the declarations page.

*Your Car* – means the *car* or the vehicle described on the declarations page.

## DECLARATIONS CONTINUED

We, the State Farm Mutual Automobile Insurance Company, agree to insure *you* according to the terms of this policy based:

1. on *your* agreement to pay the required premium for the coverages *you* chose; and

2. in reliance on *your* statements in these declarations.

*You* agree by acceptance of this policy that:

1. the statements in these declarations are *your* statements and are true, and

2. we insure *you* on the basis *your* statements are true; and

3. this policy contains all of the agreements between *you* and us or any of our agents.

Unless otherwise stated in the exceptions space on the declarations page, *your* statements are:

1. Ownership. *You* are the sole owner of *your car*.

2. Insurance and License History. Neither *you* nor any member of *your* household within the past three years has had:

a. vehicle insurance canceled by an insurer; or

b. a license to drive or vehicle registration suspended, revoked or refused.

3. Use. *Your car* is used for pleasure and business.

3

9805A

# WHEN AND WHERE COVERAGE APPLIES

### When Coverage Applies

The coverages *you* chose apply to accidents and *losses* that take place during the policy period.

The policy period is shown under "Policy Period" on the declarations page and is for successive periods of six months each for which *you* pay the renewal premium. Payments must be made on or before the end of the current policy period. The policy period begins and ends at 12:01 A.M. Standard Time at the address shown on the declarations page.

### Where Coverage Applies

The coverages *you* chose apply:

  1.   in the United States of America, its territories and possessions or Canada; or

  2.   while the insured vehicle is being shipped between their ports.

The liability, medical payments, uninsured motor vehicle and physical damage coverages also apply in Mexico within 50 miles of the United States border. A physical damage coverage *loss* in Mexico is determined on the basis of cost at the nearest United States point.

Death, dismemberment and loss of sight, total disability and loss of earnings coverages apply anywhere in the world.

## FINANCED VEHICLES

If a creditor is shown in the declarations, we may pay any comprehensive or collision *loss* to:

  1.   *you* and, if unpaid, the repairer; or

  2.   *you* and such creditor, as its interest may appear, when we find it is not practical to repair *your car*; or

  3.   the creditor, as to its interest, if *your car* has been repossessed.

When we pay the creditor for *loss* for which *you* are not covered, we are entitled to the creditor's right of recovery against *you* to the extent of our payment. Our right of recovery shall not impair the creditor's right to recover the full amount of its claim.

The coverage for the creditor's interest only is valid until we terminate it. We will not terminate such coverage because of:

  1.   any act or negligence of the owner or borrower; or

  2.   a change in the ownership or interest unknown to us, unless the creditor knew of it and failed to tell us within 10 days; or

  3.   an error in the description of the vehicle.

The date of termination of the creditor's interest will be at least 20 days after the date we mail or electronically transmit the termination notice.

## REPORTING A CLAIM — INSURED'S DUTIES

1.   **Notice to Us of an Accident or Loss**

The *insured* must give us or one of our agents written notice of the accident or *loss* as soon as reasonably possible. The notice must give us:

  a.   *your* name; and

  b.   the names and addresses of all *persons* involved; and

  c.   the hour, date, place and facts of the accident or *loss*; and

  d.   the names and addresses of witnesses

2.   **Notice to Us of Claim or Suit**

If a claim or suit is made against an *insured*, that *insured* must at once send us every demand, notice or claim made and every summons or legal process received. That *insured* also shall answer questions under oath when asked by anyone we name, as often as we reasonably ask, and sign copies of the answers.

3.   **Other Duties Under the Physical Damage Coverages**

When there is a *loss*, *you* or the owner of the property also shall:

9805A

a.   make a prompt report to the police when the *loss* is the result of theft or larceny.

b.   protect the damaged vehicle. We will pay any reasonable expense incurred to do so.

c.   show us the damage, when we ask.

d.   provide all records, receipts and invoices, or certified copies of them. We may make copies.

e.   answer questions under oath when asked by anyone we name, as often as we reasonably ask, and sign copies of the answers.

4.   **Other Duties Under Medical Payments, Uninsured Motor Vehicle, Death, Dismemberment and Loss of Sight, Total Disability and Loss of Earnings Coverages**

Any *person* who suffers a *bodily injury* which results in a medical payments coverage claim must notify us of the claim in writing as soon as reasonably possible, after the *person's* first examination or treatment resulting from the *bodily injury*. Another *person* may give us the required notice on behalf of the injured *person*.

The *person* making claim also shall:

a.   under the medical payments, uninsured motor vehicle, death, dismemberment and loss of sight, total disability and loss of earnings coverages:

(1)   give us all the details about the death, injury, treatment and other information we need to determine the amount payable.

(2)   be examined by physicians chosen and paid by us as often as we reasonably may require. A copy of the report will be sent to the *person* upon written request. The *person*, or his or her legal representative if the *person* is dead or unable to act, shall authorize us to obtain all medical reports and records.

(3)   answer questions under oath when asked by anyone we name, as often as we reasonably ask, and sign copies of the answers.

b.   under the uninsured motor vehicle coverage:

(1)   report a "hit-and-run" accident to the police within 24 hours and to us within 30 days.

(2)   let us see the insured *car* the *person* *occupied* in the accident.

(3)   send us at once a copy of all suit papers if the *person* sues the party liable for the accident for damages.

c.   under the death, dismemberment and loss of sight, total disability and loss of earnings coverages, give us proof of claim on forms we furnish.

d.   under uninsured motor vehicle property damage coverage report the accident to us within 30 days.

5.   **Insured's Duty to Cooperate With Us**

a.   The *insured* shall cooperate with us and, when asked, assist us in:

(1)   making settlements;

(2)   securing and giving evidence;

(3)   attending, and getting witnesses to attend, hearings and trials.

b.   The *insured* shall not, except at his or her own cost, voluntarily:

(1)   make any payment or assume any obligation to others; or

(2)   incur any expense, other than for first aid to others.

5

9E05A

## SECTION I — LIABILITY — COVERAGE A

*You* have this coverage if "A" appears in the "Coverages" space on the declarations page.

We will:

1. pay damages which an *insured* becomes legally liable to pay because of:

   a. *bodily injury* to others, and

   b. damage to or destruction of property including loss of its use,

   caused by accident resulting from the ownership, maintenance or use of *your car*; and

2. defend any suit against an *insured* for such damages with attorneys hired and paid by us. WE WILL NOT DEFEND ANY SUIT:

   a. AFTER WE HAVE PAID OUR APPLICABLE LIMIT OF OUR LIABILITY FOR THE ACCIDENT WHICH IS THE BASIS OF THE LAWSUIT; OR

   b. IF THERE IS NO COVERAGE UNDER THE POLICY.

In addition to the limits of liability, we will pay for an *insured* any costs listed below resulting from such accident.

1. Court costs of any suit for damages that we defend.

2. Interest on damages owed by the *insured* due to a judgment and accruing:

   a. after the judgment, and until we pay, offer or deposit in court the amount due under this coverage; or

   b. before the judgment, where owed by law, and until we pay, offer or deposit in court the amount due under this coverage, but only on that part of the judgment we pay.

3. Premiums or costs of bonds:

   a. to secure the release of an *insured's* property attached under a court order;

   b. required to appeal a decision in a suit for damages if we have not paid our limit of liability that applies to the suit; and

   c. up to $250 for each bail bond needed because of an accident or related traffic law violation.

We have no duty to furnish or apply for any bonds. The amount of any bond we pay for shall not be more than our limit of liability.

4. Expenses incurred by an *insured*:

   a. for loss of wages or salary up to $100 per day if we ask the *insured* to attend the trial of a civil suit;

   b. for first aid to others at the time of the accident;

   c. at our request.

We have the right to investigate, negotiate and settle any claim or suit.

### Coverage for the Use of Other Cars

The liability coverage extends to the use, by an *insured*, of a *newly acquired car*, a *temporary substitute car* or a *non-owned car*.

### Who Is an Insured

When we refer to *your car*, a *newly acquired car* or a *temporary substitute car*, *insured* means:

1. *you*;

2. *your spouse*;

3. the *relatives* of the first *person* named in the declarations;

4. any other *person* while using such a *car* if its use is within the scope of consent of *you* or *your spouse*; and

5. any other *person* or organization liable for the use of such a *car* by one of the above *insureds*.

When we refer to a *non-owned car*, *insured* means:

1. the first *person* named in the declarations;

2. his or her *spouse*;

3. their *relatives*; and

4. any *person* or organization which does not own or hire the *car* but is liable for its use by one of the above *persons*.

THERE IS NO COVERAGE FOR *NON-OWNED CARS*:

1. IF THE DECLARATIONS STATE THE "USE" OF *YOUR CAR* IS OTHER THAN "PLEASURE AND BUSINESS"; OR

2.  WHILE:

    a.  BEING REPAIRED, SERVICED OR USED BY ANY *PERSON* WHILE THAT *PERSON* IS WORKING IN ANY *CAR BUSINESS*; OR

    b.  USED IN ANY OTHER BUSINESS OR OCCUPATION. This does not apply to a *private passenger car* driven or occupied by the first *person* named in the declarations, his or her *spouse* or their *relatives*.

### Trailer Coverage

The liability coverage extends to the ownership, maintenance or use, by an *insured*, of:

1.  trailers designed to be pulled by a *private passenger car* or a *utility vehicle*, except those trailers in 2.a. below.

    Farm implements and farm wagons are considered trailers while pulled on public roads by a *car* we insure for liability. These trailers are not described in the declarations and no extra premium is charged.

2.  the following trailers only if they are described on the declarations page and extra premium is paid:

    a.  trailers designed to be pulled by a *private passenger car* or a *utility vehicle*:

        (1)  if designed to carry *persons*; or

        (2)  while used with a motor vehicle whose use is shown as "commercial" on the declarations page. trailers used only for pleasure use are covered even if not described and no extra premium is paid; or

        (3)  while used as premises for office, store or display purposes; or

    b.  trailers not designed to be pulled by a *private passenger car* or a *utility vehicle*.

When we refer to trailer coverage, *insured* means:

1.  *you*;

2.  *your spouse*;

3.  the *relatives* of the first *person* named in the declarations;

4.  any other *person* while using *your car*, a *newly acquired car* or a *temporary substitute car*, if its use is within the scope of consent of *you* or *your spouse*; and

5.  any other *person* or organization liable for the use of a covered trailer by one of the above *insureds*.

THERE IS NO COVERAGE WHEN A TRAILER IS USED WITH A MOTOR VEHICLE THAT IS NOT COVERED UNDER THE LIABILITY COVERAGE OF THIS POLICY.

### Limits of Liability

The amount of bodily injury liability coverage is shown on the declarations page under "Limits of Liability – Coverage A – Bodily Injury, Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person*. "*Bodily injury* to one *person*" includes all injury and damages to others resulting from this *bodily injury*. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all damages due to *bodily injury* to two or more *persons* in the same accident.

The amount of property damage liability coverage is shown on the declarations page under "Limits of Liability – Coverage A – Property Damage, Each Accident".

We will pay damages for which an *insured* is legally liable up to these amounts.

The limits of liability are not increased because more than one *person* or organization may be an *insured*.

A motor vehicle and attached trailer are one vehicle. Therefore, the limits are not increased.

The liability coverage shall be excess over and shall not pay again any medical expenses paid under the medical payments coverage.

### When Coverage A Does Not Apply

in addition to the limitations of coverage in Who Is an **Insured** and **Trailer Coverage**:

THERE IS NO COVERAGE:

1.  WHILE ANY VEHICLE INSURED UNDER THIS SECTION IS:

    a.  RENTED OR LEASED TO OTHERS;

    b.  USED TO CARRY *PERSONS* FOR A CHARGE. This does not apply to the use on a share expense basis of:

        (1)  a *private passenger car*; or

(2) a *utility vehicle*, if all passengers are riding in that area of the vehicle designed by the manufacturer of the vehicle for carrying passengers.

c. BEING REPAIRED, SERVICED OR USED BY ANY *PERSON* EMPLOYED OR ENGAGED IN ANY WAY IN A *CAR BUSINESS*. This does not apply to:

(1) *you* or *your spouse*;

(2) any *relative*;

(3) any resident of *your* household; or

(4) any agent, employee or partner of *you*, *your spouse*, any *relative* or such resident.

This coverage is excess for (3) and (4) above.

2. FOR ANY *BODILY INJURY* TO:

a. A FELLOW EMPLOYEE WHILE ON THE JOB AND ARISING FROM THE MAINTENANCE OR USE OF A VEHICLE BY ANOTHER EMPLOYER IN THE EMPLOYER'S BUSINESS. *You* and *your spouse* are covered for such injury to a fellow employee.

b. ANY EMPLOYEE OR AN *INSURED* ARISING OUT OF HIS OR HER EMPLOYMENT. This does not apply to a household employee who is neither covered nor required to be covered under any workers' compensation insurance.

3. FOR:

a. THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES; OR

b. ANY *PERSON* WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

4. FOR ANY DAMAGES TO PROPERTY OWNED BY, RENTED TO, IN THE CHARGE OF OR TRANSPORTED BY AN *INSURED*, INCLUDING A VEHICLE OPERATED BY AN *INSURED*. But coverage applies to a rented:

a. residence; or

b. private garage

damaged by a *car* we insure.

5. FOR ANY OBLIGATION OF AN *INSURED*, OR HIS OR HER INSURER, UNDER ANY TYPE OF WORKERS' COMPENSATION OR DISABILITY OR SIMILAR LAW.

6. FOR LIABILITY ASSUMED BY THE *INSURED* UNDER ANY CONTRACT OR AGREEMENT.

7. FOR *BODILY INJURY* TO ANY *INSURED*.

## If There is Other Liability Coverage

1. Policies Issued by Us to You, Your Spouse, or Any Relative

If two or more vehicle liability policies issued by us to *you*, *your spouse*, or any *relative* apply to the same accident, the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability.

2. Other Liability Coverage Available From Other Sources

Subject to item 1, if other vehicle liability coverage applies, we are liable only for our share of the damages. Our share is the percent that the limit of liability of this policy bears to the total of all vehicle liability coverage applicable to the accident.

3. Temporary Substitute Car, Non-Owned Car, Trailer

Subject to items 1 and 2, if a *temporary substitute car*, a *non-owned car* or a trailer designed for use with a *private passenger car* or *utility vehicle*:

a. has other vehicle liability coverage on it; or

b. is self-insured under any motor vehicle financial responsibility law, a motor carrier law or any similar law;

then this coverage is excess over such insurance or self-insurance.

4. Newly Acquired Car

THIS COVERAGE DOES NOT APPLY IF THERE IS OTHER VEHICLE LIABILITY COVERAGE ON A *NEWLY ACQUIRED CAR*.

## Motor Vehicle Compulsory Insurance Law or Financial Responsibility Law

1. Out-of-State Coverage

If an *insured* under the liability coverage is in another state or Canada and, as a nonresident,

8
9805A

becomes subject to its motor vehicle compulsory insurance, financial responsibility or similar law:

a. the policy will be interpreted to give the coverage required by the law; and

b. the coverage so given replaces any coverage in this policy to the extent required by the law for the *insured's* operation, maintenance or use of a *car* insured under this policy.

Any coverage so extended shall be reduced to the extent other coverage applies to the accident. In no event shall a *person* collect more than once.

2. **Financial Responsibility Law**

When certified under any law as proof of future financial responsibility, and while required during the policy period, this policy shall comply with such law to the extent required. The *insured* agrees to repay us for any payment we would not have had to make under the terms of this policy except for this agreement.

## SECTION II — MEDICAL PAYMENTS — COVERAGE C

*You* have this coverage if "C" appears in the "Coverages" space on the declarations page.

**Medical Expenses**

We will pay reasonable medical expenses incurred, for *bodily injury* caused by accident, for services furnished within three years of the date of the accident. These expenses are for necessary medical, surgical, X-ray, dental, ambulance, hospital, professional nursing and funeral services, eyeglasses, hearing aids and prosthetic devices.

REASONABLE MEDICAL EXPENSES DO NOT INCLUDE EXPENSES:

1. FOR TREATMENT, SERVICES, PRODUCTS OR PROCEDURES THAT ARE:

   a. EXPERIMENTAL IN NATURE, FOR RESEARCH, OR NOT PRIMARILY DESIGNED TO SERVE A MEDICAL PURPOSE; OR

   b. NOT COMMONLY AND CUSTOMARILY RECOGNIZED THROUGHOUT THE MEDICAL PROFESSION AND WITHIN THE UNITED STATES AS APPROPRIATE FOR THE TREATMENT OF THE *BODILY INJURY*; OR

2. INCURRED FOR:

   a. THE USE OF THERMOGRAPHY OR OTHER RELATED PROCEDURES OF A SIMILAR NATURE; OR

   b. THE PURCHASE OR RENTAL OF EQUIPMENT NOT PRIMARILY DESIGNED TO SERVE A MEDICAL PURPOSE.

Expenses are reasonable only if they are consistent with the usual fees charged by the majority of similar medical providers in the geographical area in which the expenses were incurred for the specific medical service.

Services are necessary only if the services are rendered by a medical provider within the legally authorized scope of the provider's practice and are essential in achieving maximum medical improvement for the *bodily injury* sustained in the accident.

We have the right to make or obtain a utilization review of the medical expenses and services to determine if they are reasonable and necessary for the *bodily injury* sustained.

The *bodily injury* must be discovered and treated within one year of the date of the accident.

**Persons for Whom Medical Expenses Are Payable**

We will pay medical expenses for *bodily injury* sustained by:

1. a. the first *person* named in the declarations;

9
9805A

b. his or her *spouse*; and

c. their *relatives*.

These *persons* have to sustain the *bodily injury*:

a. while they operate or *occupy* a vehicle covered under the liability section; or

b. through being struck as a *pedestrian* by a motor vehicle or trailer.

A *pedestrian* means a *person* not an occupant of a motor vehicle or trailer.

2. any other *person* while *occupying*:

a. a vehicle covered under the liability coverage, except a *non-owned car*. Such vehicle has to be used by a *person* who is insured under the liability coverage; or

b. a *non-owned car*. The *bodily injury* has to result from such *car's* operation or *occupancy* by the first *person* named in the declarations, his or her *spouse* or their *relatives*.

## Deciding Amount

The amount due under this coverage shall be decided by agreement between the *person* making claim and us. If there is an agreement, the amount due shall be decided by arbitration upon written request of the *person* making claim or us. Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on the third one within 30 days, either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on us, the *person* making claim, any assignee of the *person* making claim and any *person* or organization with whom the *person* making claim expressly or impliedly contracts for the rendition of medical services. The arbitrators' decision shall be limited to whether or not the medical expenses were reasonable and necessary, with the amount due being equal to the reasonable and necessary medical expenses only. The arbitrators shall not award punitive damages or other noncompensatory damages.

The cost of the arbitrator and any expert witness shall be paid by the party who hired them. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties.

The arbitration shall take place in the county in which the *person* making claim resides unless the

parties agree to another place. State court rules governing procedure and admission of evidence shall be used.

## Payment of Medical Expenses

We may pay the injured *person* or any *person* or organization performing the services.

## Limit of Liability

The amount of coverage for medical expenses, including funeral services, is shown on the declarations page under "Limit of Liability – Coverage C – Each Person". If the amount shown is $3,000 or more, the most we pay for funeral services is $3,000 per *person*.

A motor vehicle and attached trailer are one vehicle as respects limits.

## If There Are Other Medical Payments Coverages

1. Non-Duplication

No *person* for whom medical expenses are payable under this coverage shall recover more than once for the same medical expense under this or similar vehicle insurance.

2. Policies Issued by Us to You, Your Spouse or Relatives

If two or more policies issued by us to *you*, *your spouse* or *your relative* provide vehicle medical payments coverage and apply to the same *bodily injury* sustained by:

a. while *occupying* a *non-owned car*, a temporary substitute car; or

b. as a *pedestrian*;

the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability.

3. Subject to items 1 and 2 above:

a. if a *temporary substitute car*, a *non-owned car* or a trailer has other vehicle medical payments coverage on it; or

b. if other vehicle medical payments coverage applies to *bodily injury* sustained by a *pedestrian*;

this coverage is excess.

4. THIS COVERAGE DOES NOT APPLY IF THERE IS OTHER VEHICLE MEDICAL PAYMENTS COVERAGE ON A *NEWLY ACQUIRED CAR*.

10
9805A

### When Someone May Be Legally Liable For the Bodily Injury

If the *person* to or for whom we make payment recovers proceeds from any party liable for the *bodily injury*, that *person* shall hold in trust for us the proceeds of the recovery, and reimburse us to the extent of our payment.

### What Is Not Covered

THERE IS NO COVERAGE:

1. WHILE A *NON-OWNED CAR* IS USED:

   a. BY ANY *PERSON* EMPLOYED OR ENGAGED IN ANY WAY IN A *CAR BUSINESS*; OR

   b. IN ANY OTHER BUSINESS OR JOB. This does not apply when the first *person* named in the declarations, his or her *spouse* or any *relative* is operating or *occupying* a *private passenger car*.

2. WHILE *OCCUPYING* OR THROUGH BEING STRUCK BY ANY MOTOR VEHICLE OR TRAILER:

   a. DESIGNED MAINLY FOR USE OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR

   b. LOCATED FOR USE AS A RESIDENCE OR PREMISES; OR

   c. THAT RUNS ON RAILS OR CRAWLER-TREADS.

3. FOR *BODILY INJURY* DUE TO WAR OF ANY KIND.

4. FOR MEDICAL EXPENSES FOR *BODILY INJURY*:

   a. SUSTAINED WHILE *OCCUPYING* OR THROUGH BEING STRUCK BY A VEHICLE OWNED BY OR LEASED TO *YOU*, *YOUR SPOUSE*, OR ANY *RELATIVE*, WHICH IS NOT INSURED UNDER THIS COVERAGE; OR

   b. TO THE EXTENT WORKERS' COMPENSATION BENEFITS ARE REQUIRED TO BE PAYABLE; OR

   c. SUSTAINED BY ANY *PERSON*, other than the first *person* named in the declarations, his or her *spouse* or their *relatives*, WHILE *OCCUPYING* A VEHICLE:

      (1) RENTED OR LEASED TO OTHERS; OR

      (2) USED TO CARRY *PERSONS* FOR A CHARGE. This does not apply to a *private passenger car* used on a share expense basis.

## SECTION III — UNINSURED MOTOR VEHICLE — COVERAGE U AND UNINSURED MOTOR VEHICLE PROPERTY DAMAGE — COVERAGE UI

### UNINSURED MOTOR VEHICLE – COVERAGE U

*You* have this coverage if "U" appears in the "Coverages" space on the declarations page.

We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be sustained by an *insured* and caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*.

IF THE DAMAGES ARE CAUSED BY AN *UNDERINSURED MOTOR VEHICLE*, THERE IS NO COVERAGE UNTIL:

1. THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF JUDGMENTS OR SETTLEMENTS TO OTHER *PERSONS*; OR

2. SUCH LIMITS OF LIABILITY OR REMAINING PART OF THEM HAVE BEEN OFFERED TO THE *INSURED* IN WRITING.

*Uninsured Motor Vehicle* under coverage U – means:

1. a land motor vehicle, the ownership, maintenance or use of which is:

   a. not insured or bonded for bodily injury liability at the time of the accident; or

   b. insured or bonded for bodily injury liability at the time of the accident; but

      (1) the limits of liability are less than required by the financial responsibility act of the state where *your car* is mainly garaged; or

      (2) the insuring company:

         (a) denies coverage;

         (b) refuses to admit coverage except conditionally or with reservation; or

         (c) is or becomes insolvent within one year of the accident; or

2. an *underinsured motor vehicle* as defined; or

3. a "hit-and-run" land motor vehicle whose owner or driver remains unknown and which strikes:

   a. the *insured*; or

   b. the vehicle the *insured* is *occupying* and causes *bodily injury* to the *insured*.

An *uninsured motor vehicle* under coverage U does not include a land motor vehicle:

1. insured under the liability coverage of this policy;

2. owned or operated by *you*, *your spouse*, any *relative* or any resident of *your* household;

3. owned or operated by a self-insurer under any motor vehicle financial responsibility law, a motor carrier law or any similar law;

4. owned by any governmental or any of its political subdivisions or agencies;

5. that is any equipment or vehicle designed or modified for use primarily off public roads, except while actually upon public roads; or

6. while located for use as premises.

*Underinsured Motor Vehicle* – means a land motor vehicle, the ownership, maintenance or use of which is:

1. insured or bonded for bodily injury liability at the time of the accident; but

2. the limits of liability are less than the limits of liability of this coverage.

## Who Is an Insured Under Coverage U

*Insured* – means the *person* or *persons* covered by uninsured motor vehicle coverage.

This is:

1. the first *person* named in the declarations;

2. his or her *spouse*;

3. their *relatives*; and

4. any other *person* while *occupying*:

   a. *your car*, a temporary *substitute car*, a *newly acquired car* or a trailer attached to such a *car*. Such vehicle has to be used within the scope of the consent of *you* or *your spouse*; or

   b. a *car* not owned by or leased to *you*, *your spouse* or any *relative*, or a trailer attached to such a *car*. It has to be driven by the first *person* named in the declarations or that *person's spouse* and within the scope of the owner's consent.

   Such other *person occupying* a public or livery conveyance is not an *insured*.

5. any *person* entitled to recover damages because of *bodily injury* to an *insured* under 1 through 4 above.

## Deciding Fault and Amount Under Coverage U

Two questions must be decided by agreement between the *insured* and us:

1. Is the *insured* legally entitled to collect damages from the owner or driver of the *uninsured motor vehicle*; and

2. If so, in what amount?

If there is no agreement, upon written request of the *insured* or us, these questions shall be decided by arbitration as provided by section 11580.2 of the California Insurance Code. The *insured's* written request must be sent to us by certified mail, return receipt requested. The arbitration judgment may be filed in any court having jurisdiction. Both parties will share the cost of arbitration equally. Attorney fees and fees for medical and other expert witnesses are not considered costs of arbitration.

We are not bound by any judgment against any *person* or organization obtained without our written consent.

**Payment of Any Amount Due Under Coverage U**

We will pay any amount due:

1. to the *insured*;

2. to a parent or guardian if the *insured* is a minor or an incompetent *person*;

3. to the surviving *spouse*; or

4. at our option, to a *person* authorized by law to receive such payment.

**Limits of Liability Under Coverage U**

1. The amount of coverage is shown on the declarations page under "Limits of Liability – U – Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person*. "Bodily injury to one person" includes all injury and damages to others resulting from this *bodily injury*. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all damages due to *bodily injury* to two or more *persons* in the same accident.

2. Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the *insured*:

   a. for *bodily injury* under the liability coverage; or

   b. under any workers' compensation, disability benefits, or similar law.

   Any payment made to a *person* under this coverage shall reduce any amount payable to that *person* under the bodily injury liability coverage.

3. The uninsured motor vehicle coverage shall be excess over and shall not pay again any medical expenses paid under the medical payments coverage.

5. The limits of liability are not increased because:

   a. more than one vehicle is insured under this policy; or

   b. more than one *person* is insured at the time of the accident.

6. If the damages are caused by an *uninsured motor vehicle*, other than an *underinsured motor vehicle*, any amount payable under this

coverage shall be reduced by any amount paid or payable to or for the *insured* by or for any *person* or organization who is or may be held legally liable for the *bodily injury* to the *insured*.

7. If the damages are caused by an *underinsured motor vehicle*, the most we pay will be the lesser of:

   a. the limits of liability of this coverage reduced by the amount paid to the *insured* by or for any *person* or organization who is or may be held legally liable for the *bodily injury*; or

   b. the amount of the *insured's* damages for *bodily injury* reduced by the amount paid to the *insured* by or for any *person* or organization who is or may be held legally liable for the *bodily injury*.

**When Coverage U Does Not Apply**

THERE IS NO COVERAGE:

1. FOR ANY *INSURED* WHO, WITHOUT OUR WRITTEN CONSENT, SETTLES WITH ANY *PERSON* OR ORGANIZATION WHO MAY BE LIABLE FOR THE *BODILY INJURY* AND THEREBY IMPAIRS OUR RIGHT TO RECOVER OUR PAYMENTS. This does not apply to a settlement for damages resulting from *bodily injury* caused by an *underinsured motor vehicle*.

2. FOR *BODILY INJURY* TO AN *INSURED*:

   a. WHILE *OCCUPYING* A MOTOR VEHICLE:

      (1) OWNED BY *YOU*, *YOUR SPOUSE* OR ANY *RELATIVE*; OR

      (2) LEASED TO *YOU*, *YOUR SPOUSE* OR ANY *RELATIVE* UNDER A WRITTEN CONTRACT FOR SIX MONTHS OR LONGER

      This does not apply if the motor vehicle is insured for this coverage under this policy; or

   b. THROUGH BEING STRUCK BY A MOTOR VEHICLE OWNED BY OR LEASED TO *YOU*, *YOUR SPOUSE* OR ANY *RELATIVE*

3. TO THE EXT... IT BENEFITS:

   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY.

   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION, OR DISABILITY BENEFITS OR SIMILAR LAW.

   b. ANY GOVERNMENTAL BODY OR AGENCY.

4. FOR *BODILY INJURY* TO THE *INSURED* WHILE *OCCUPYING* A MOTOR VEHICLE RENTED BY OR LEASED TO THAT *INSURED* FOR PUBLIC OR LIVERY PURPOSES.

**If There Is Other Uninsured Vehicle Coverage**

1. If uninsured motor vehicle coverage for *bodily injury* is available to an *insured* from more than one policy provided by us or any other insurer, the total limit of liability available from all policies provided by all insurers shall not exceed the limit of liability of the single policy providing the highest limit of liability. This is the most that will be paid regardless of the number of policies involved, *persons covered*, claims made, vehicles insured, premiums paid or vehicles involved in the accident.

2. Subject to item 1 above, any coverage applicable under this policy shall apply:

   a. on a primary basis if the *insured* sustains *bodily injury* while *occupying your car*, or while not *occupying* a motor vehicle or trailer.

   b. on an excess basis if the *insured* sustains *bodily injury* while *occupying* a vehicle not owned by or leased to *you*, *your spouse*, or any *relative*.

3. Subject to items 1 and 2 above, if this policy and one or more other policies provide coverage for *bodily injury*:

   a. on a primary basis, we are liable only for our share. Our share is that percent of the damages payable on a primary basis that the limit of liability of this policy bears to the total of all applicable uninsured motor vehicle coverage provided on a primary basis.

   The total damages payable from all policies that apply on a primary basis shall not exceed the limit of liability of the single policy providing the highest limit of liability on a primary basis.

   b. on an excess basis, we are liable only for our share. Our share is that percent of the damages payable on an excess basis that the limit of liability of this policy bears to the total of all applicable uninsured motor vehicle coverage provided on an excess basis.

   The total damages payable from all policies that apply on an excess basis shall not exceed the amount by which the limit of liability of the single policy providing the highest limit of liability on an excess basis exceeds the limit of liability of the single policy providing the highest limit of liability on a primary basis.

4. THIS COVERAGE DOES NOT APPLY IF THERE IS OTHER UNINSURED MOTOR VEHICLE COVERAGE ON A *NEWLY ACQUIRED CAR*.

**UNINSURED MOTOR VEHICLE PROPERTY DAMAGE – COVERAGE U**

*You* have this coverage if "U" appears in the "Coverages" space on the declarations page

The amount of coverage applicable to *your car* is shown in the provision titled "Limits of Liability and Settlement of Loss".

We will pay damages for *property damage* you are legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *property damage* must be caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*.

*Property Damage* – means damage to *your car* or a *newly acquired car*. IT DOES NOT INCLUDE LOSS OF USE OF SUCH VEHICLE.

*Uninsured motor vehicle* under coverage U means:

A land motor vehicle which strikes *your car* or a *newly acquired car* and the ownership, maintenance or use of which is:

   1. not insured or bonded for property damage liability at the time of the accident; or

   2. insured or bonded for property damage liability at the time of the accident, but

      a. the limit of liability for *property damage* is less than required by the financial responsibility act of the state where *your car* is mainly garaged; or

      b. the insuring company:

(1) denies coverage; or

(2) refuses to admit coverage except conditionally or with reservation; or

(3) is or becomes insolvent.

THERE IS NO COVERAGE IF:

1. THE OWNER OR DRIVER OF THE *UN-INSURED MOTOR VEHICLE* IS NOT IDENTIFIED; OR

2. THE *UNINSURED MOTOR VEHICLE* IS NOT IDENTIFIED BY ITS LICENSE NUMBER.

An *uninsured motor vehicle* under coverage U1 does not include a land motor vehicle:

1. insured under the liability coverage of this policy;

2. furnished for the regular use of *you*, *your spouse* or any *relative*;

3. owned or operated by a self-insurer under any motor vehicle financial responsibility law, a motor vehicle carrier law or any similar law;

4. owned by any government or any of its political subdivisions or agencies;

5. that:
   a. operates on crawler-treads or rails; or
   b. is a farm-type tractor or equipment designed for use principally off public roads,
   except while actually upon public roads; or

6. while located for use as premises.

Deciding Fault and Amount Under Coverage U1

Two questions must be decided by agreement between *you* and us:

1. Are *you* legally entitled to collect damages for *property damage* from the owner or driver of the *uninsured motor vehicle*; and

2. If so, in what amount?

If there is no agreement, upon written request of *you* or us, these questions must be decided by arbitration as provided by section 11580.26 of California Insurance Code. The arbitration judgment may be filed in any court having jurisdiction. Both parties will share the cost of arbitration equally. Attorney fees and fees for other expert witnesses are not considered costs of arbitration.

We are not bound by any judgment against any *person* or organization obtained without our written consent.

Payment of Any Amount Due Under Coverage U1

We will pay any amount due:

1. to *you*; or

2. at our option, to a *person* authorized by law to receive such payment.

Limits of Liability and Settlement of Loss Under Coverage U1

1. The most we will pay is:

   a. the amount of the deductible if *you* carry coverage G on *your car*; or

   b. 20% of the first $250 of the loss which is not payable under coverage F if *you* carry coverage F on *your car*;

   c. the amount of the deductible and 20% of the amount of the loss in excess of such deductible amount if *you* carry coverage GG on *your car*; or

   d. $3500 if *you* do not carry collision coverage on *your car*. Subject to the limit of liability, we have the right to settle with *you* for the *property damage* in one of the following ways:

      (1) pay up to the actual cash value;

      (2) pay to repair or replace the property or part with like kind and quality. If the repair or replacement results in better than like kind and quality, *you* must pay for the amount of the betterment; or

      (3) take the property at an agreed value; but it cannot be abandoned to us.

   This is the amount of coverage for all *property damage* as the result of one accident.

2. Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the *insured*:

   a. by or for any *person* or organization who is or may be held legally liable for the *property damage*; or

   b. under any policy of vehicle liability insurance.

3. The limits of liability are not increased because:

   a. more than one vehicle is insured under this policy; or

   b. more than one *person* is insured at the time of the accident.

When Coverage UI Does Not Apply

THERE IS NO COVERAGE IF *YOU* SETTLE WITHOUT *OUR* WRITTEN CONSENT WITH ANY *PERSON* OR ORGANIZATION WHO MAY BE LIABLE FOR THE *PROPERTY DAMAGE* AND THREBY IMPAIR *OUR* RIGHT TO RECOVER *OUR* PAYMENTS.

If There is Other Uninsured Motor Vehicle Property Damage Coverage

If other uninsured motor vehicle property damage coverage applies to *property damage*, we are liable only for our share. Our share is that percent of damages that the limit of liability of this coverage bears to the total of all such coverage that applies to the accident.

## SECTION IV — PHYSICAL DAMAGE COVERAGES

*Loss* – means, when used in this section, each direct and accidental loss of or damage to:

1. *your car*;
2. its equipment which is common to the use of *your car* as a vehicle;
3. clothes and luggage insured; and
4. a detachable living quarters attached or removed from *your car* for storage. Detachable living quarters includes its body and items securely fixed inplace as a permanent part of the body. *You* must have told us about the living quarters before the *loss* and paid any extra premium needed.

*Loss* does not include any reduction in the value of any vehicle or detachable living quarters after it has been repaired, as compared to its value before it was damaged.

### COMPREHENSIVE – COVERAGE D. *You* have this coverage if "D" appears in the "Coverages" space on the declarations page. If a deductible applies, the amount is shown by the number beside "D".

1. Loss to Your Car. We will pay for *loss* to *your car* EXCEPT *LOSS* CAUSED BY *COLLISION* but only for the amount of each such *loss* in excess of the deductible amount, if any. If we offer to pay for the repair of damaged windshield glass instead of the replacement of the windshield and *you* agree to have such repair made, we will pay the full cost of repairing the windshield glass regardless of *your* deductible.

Breakage of glass, or *loss* due to hitting or being hit by a bird or an animal is payable under this coverage.

2. We will repay *you* for transportation costs incurred if *your car* is stolen. We will pay up to $25 per day beginning when *you* tell us of the theft and ending when we offer to pay for the *loss*.

If the daily incurred transportation costs are payable under both Comprehensive Coverage and Car Rental and Travel Expenses Coverage, we will pay only under the one coverage where *you* collect the most. If payments have been made under Car Rental and Travel Expenses Coverage and such payments have either exhausted the total amount payable under Car Rental Expense or reduced the total amount payable under Car Rental Expense to less than $25, then we will pay under Comprehensive Coverage.

### COLLISION – 80% – COVERAGE F. *You* have this coverage if "F" appears in the "Coverages" space on the declarations page.

We will pay 80% of the first $250 and 100% over that amount of *loss* to *your car* caused by *collision*. If we offer to pay for the repair of damaged windshield glass instead of the replacement of the windshield and *you* agree to have such repair made, we will pay the full cost of repairing the windshield glass regardless of *your* deductible. If the *collision* is with another motor vehicle insured by us, we will pay 100% of the *loss*.

### COLLISION – COVERAGE G. *You* have this coverage if "G" appears in the "Coverages" space on the declarations page. The deductible amount is shown by the number beside "G".

We will pay for *loss* to *your car* caused by *collision* but only for the amount of each such *loss* in excess

16
9805A

of the deductible amount. If we offer to pay for the repair of damaged windshield glass instead of the replacement of the windshield and *you* agree to have such repair made, we will pay the full cost of repairing the windshield glass regardless of *your* deductible. If the *collision* is with another motor vehicle insured with us, *you* do not pay *your* deductible if it is $100 or less as we pay it.

*Loss* caused by *collision* does not include *loss* due to:

1. missiles or falling objects;
2. windstorm or hail;
3. earthquake, water or flood;
4. theft or larceny;
5. malicious mischief or vandalism; or
6. riot or civil commotion.

*Collision* - means *your car* upset or hit or was hit by a vehicle or other object.

### Clothes and Luggage – Comprehensive and Collision Coverages

We will pay for *loss* to clothes and luggage owned by the first *person* named in the declarations, his or her *spouse*, and their *relatives*. These items have to be in or on *your car*. *Your car* has to be covered under this policy for:

1. Comprehensive, and the *loss* caused by fire, lightning, flood, falling objects, explosion, earthquake or theft. If the *loss* is due to theft, *YOUR ENTIRE CAR MUST HAVE BEEN STOLEN*; or

2. Collision, and the *loss* caused by *collision*.

We will pay up to $200 for *loss* to clothes and luggage in excess of any deductible amount shown for Comprehensive or Collision. $200 is the most we will pay in any one occurrence even though more than one *person* has a *loss*. This coverage is excess over any other coverage.

### Limit of Liability – Comprehensive and Collision Coverages

The limit of our liability for *loss* to property or any part of it is the lower of:

1. the actual cash value, or
2. the cost of repair or replacement. The cost of repair or replacement does not include any reduction in the value of the property after it has been repaired, as compared to its value before it was damaged.

Actual cash value is determined by the market value, age and condition at the time the *loss* occurred. Any deductible amount that applies is then subtracted.

The cost of repair or replacement is based upon one of the following:

1. the cost of repair or replacement agreed upon by *you* and us;
2. a competitive bid approved by us; or
3. an estimate written based upon the prevailing competitive price. The prevailing competitive price means prices charged by a majority of the repair market in the area where the *car* is to be repaired as determined by a survey made by us. If *you* ask, we will identify some facilities that will perform the repairs at the prevailing competitive price. We will include in the estimate parts sufficient to restore the vehicle to its pre-loss condition. *You* agree with us that such parts may include either parts furnished by the vehicle's manufacturer or parts from other sources including non-original equipment manufacturers.

Any deductible amount that applies is then subtracted.

### Settlement of Loss – Comprehensive and Collision Coverages

We have the right to settle a *loss* with *you* or the owner of the property in one of the following ways:

1. pay the agreed upon actual cash value of the property at the time of the *loss* in exchange for the damaged property. If the owner and we cannot agree on the actual cash value, either party may demand an appraisal as described below. If the owner keeps the damaged property, we will deduct its value after the *loss* from our payment. The damaged property cannot be abandoned to us;

2. pay to:
   a. repair the damaged property or part, or
   b. replace the property or part.
   If the repair or replacement results in betterment, *you* must pay for the amount of betterment; or

3. return the stolen property and pay for any damage due to the theft.

Appraisal under item 1 above shall be conducted according to the following procedure. Each party shall select an appraiser. These two shall select a third appraiser. The written decision of any two appraisers shall be binding. The cost of the appraiser shall be paid by the party who hired him or her. The cost of the third appraiser and other appraisal expenses

17
9805A

shall be shared equally by both parties. We do not waive any of our rights by agreeing to an appraisal. If you give us your consent, we may move the damaged property, at our expense, to reduce storage costs during the appraisal process. If you do not give us your consent, we will pay only the storage costs which would have resulted if we had moved the damaged property.

The Settlement of Loss provision for comprehensive and collision coverages incorporates the Limit of Liability provision of those coverages.

If we can pay the loss under either comprehensive or collision, we will pay under the coverage where you collect the most.

When there is loss to your car, clothes and luggage in the same occurrence, any deductible will be applied first to the loss to your car. You pay only one deductible.

EMERGENCY ROAD SERVICE – COVERAGE H. You have this coverage if "H" appears in the "Coverages" space on the declarations page.

We will pay the fair cost you incur for your car for:

1. mechanical labor up to one hour at the place of its breakdown;

2. towing to the nearest place where the necessary repairs can be made during regular business hours if it will not run;

3. towing it out if it is stuck on or immediately next to a public highway;

4. delivery of gas, oil, battery or tire. WE DO NOT PAY THE COST OF THE GAS, OIL, BATTERY OR TIRE;

5. locksmith services, up to one hour, to open your car if your key is lost, stolen or locked inside your car. We will pay only the cost of labor.

CAR RENTAL EXPENSE – COVERAGE R. You have this coverage if "R" appears in the "Coverages" space on the declarations page.

We will repay you up to $10 per day when you rent a car from a car rental agency or garage due to a loss to your car which would be payable under coverage D, F or G, starting:

1. when it cannot run due to the loss; or

2. if it can run, when you leave it at the shop for agreed repairs.

and ending when:

1. it has been repaired or replaced; or

2. we offer to pay for the loss; or

3. you incur 30 days rent,

whichever comes first.

If the incurred daily rental charge is payable under both Comprehensive Coverage and Car Rental Expense Coverage, we will pay only under the one coverage where you collect the most.

CAR RENTAL AND TRAVEL EXPENSES – COVERAGE R1. You have this coverage if "R1" appears in the "Coverages" space on the declarations page.

1. Car Rental Expense.

   a. If:

      (1) a dollar amount is shown under "Limits of Liability – Car Rental Expense, Each Day" on the declarations page, we will pay you the daily rental charge up to that dollar amount; or

      (2) a percentage amount is shown under "Limits of Liability – Car Rental Expense, Each Day" on the declarations page, we will pay you that percentage of the daily rental charge

      when you rent a car from a car rental agency or car business. "Daily rental charge" means the daily rental rate plus charges for mileage and related taxes.

      If you choose not to rent a car, we will pay you $10 for each complete 24 hour period that your car is not drivable. You must report to us the period of time that your car was not drivable.

      We will pay only if your car is not drivable because of a loss which would be payable under coverage D, F or G.

   b. Payment will be made for a period that:

      (1) starts:

         (a) when your car is not drivable due to the loss; or

         (b) if your car is drivable, when you leave it at the shop for agreed repairs; and

H
9805A

(2) ends:

    (a) when *your car* has been repaired or replaced; or

    (b) when we offer to pay for the *loss*, if *your car* is repairable but *you* choose to delay repairs; or

    (c) five days after we offer to pay for the *loss*, if:

        (i) *your car* was stolen and not recovered; or

        (ii) we declare that *your car* is a total loss,

    whichever comes first.

If the incurred daily rental charge is payable under both Comprehensive Coverage and Car Rental and Travel Expenses Coverage, we will pay only under the one coverage where *you* collect the most.

2.  Travel Expenses. If *your car* is not drivable due to a *loss* which occurs more than 50 miles from home and which would be payable under coverage D, F or G, we will pay *you* for expenses incurred by *you*, *your spouse* and any *relative* for:

    a.  commercial transportation fares to continue to *your* destination or home;

    b.  extra meals and lodging needed when the *loss* to *your car* causes a delay enroute. The expenses must be incurred between the time of the *loss* and *your* arrival at *your* destination or home or by the end of the fifth day, whichever occurs first; and

    c.  meals, lodging and commercial transportation fares incurred by *you* or a *person you* choose to drive *your car* from the place of repair to *your* destination or home.

3.  Rental Car – Repayment of Deductible Amount Expense. We will pay the expense of any deductible amount *you* are required to pay the owner under comprehensive or collision coverage in effect on a substitute *car* rented from a car rental agency or car business.

**Total Amount of Expenses Payable – Coverage R1**

1.  The most we will pay for Car Rental Expense incurred in any one occurrence is shown on the declarations page under "Limits of Liability – Car Rental Expense, Each Occurrence".

2.  The most we will pay for Travel Expenses incurred by all *persons* in any one occurrence is $400.

3.  The most we will pay for Rental Car – Repayment of Deductible Amount Expense incurred in any one occurrence is $400.

**Trailer Coverage**

1.  Owned Trailer

    *Your* trailer is covered:

    a.  when it is described on the declarations page of the policy; and

    b.  for the coverages shown as applying to it.

2.  Non-Owned Trailer or Detachable Living Quarters

    Any physical damage coverage in force on *your car* applies to a non-owned:

    a.  trailer, if it is designed for use with a *private passenger car*; or

    b.  detachable living quarters unit

    used by the first *person* named in the declarations, his or her *spouse* or their *relatives*.

    The most we will pay under the comprehensive or collision coverage for a *loss* to such non-owned trailer or unit is $2500.

    A non-owned trailer or detachable living quarters unit is one that:

    a.  is not owned by or registered in the name of:

        (1) *you*, *your spouse*, any *relative*;

        (2) any other *person* residing in the same household as *you*, *your spouse* or any *relative*; or

        (3) an employer of *you*, *your spouse* or any *relative*; and

    b.  has not been used or rented by or in the possession of *you*, *your spouse* or any *relative* during any part of each of the last 21 or more consecutive days. If *you* are insured by one or more other *car* policies issued by us, the 21 day limit is increased by an additional 21 days for each such additional policy.

**Coverage for the Use of Other Cars**

The coverages in this section *you* have on *your car* extend to a *loss* to a *newly acquired car*, a *temporary substitute car* or a *non-owned car*. These coverages extend to a *non-owned car* while it is driven by or in the custody of an *insured*.

10

9805A

*Insured* – as used in this provision means:

1. the first *person* named in the declarations;

2. his or her *spouse*; or

3. their *relatives*.

## When the Physical Damage Coverages Do Not Apply

THERE IS NO COVERAGE FOR:

1. A *NON-OWNED CAR*:

   a. IF THE DECLARATIONS STATE THE "USE" OF *YOUR CAR* IS OTHER THAN "PLEASURE AND BUSINESS";

   b. WHILE BEING REPAIRED, SERVICED OR USED BY ANY *PERSON* WHILE THAT *PERSON* IS WORKING IN ANY *CAR BUSINESS*; OR

   c. WHILE USED IN ANY OTHER BUSINESS OR OCCUPATION. This does not apply to a *private passenger car* driven or *occupied* by the first *person* named in the declarations, his or her *spouse* or their *relatives*.

2. ANY VEHICLE WHILE:

   a. RENTED OR LEASED TO OTHERS; OR

   b. USED TO CARRY *PERSONS* FOR A CHARGE. This does not apply to the use on a share expense basis.

3. *LOSS* TO ANY VEHICLE DUE TO:

   a. TAKING BY ANY GOVERNMENTAL AUTHORITY;

   b. WAR OF ANY KIND;

   c. AND LIMITED TO WEAR AND TEAR, FREEZING, MECHANICAL OR ELECTRICAL BREAKDOWN OR FAILURE. This does not apply when the *loss* is the result of a theft covered by this policy. Nor does it apply to emergency road service; OR

   d. CONVERSION, EMBEZZLEMENT OR SECRETION BY ANY *PERSON* WHO HAS THE VEHICLE DUE TO ANY LIEN, RENTAL, LEASE OR SALES AGREEMENT.

4. TIRES unless:

   a. stolen, or damaged by *fire* or vandalism; or

   b. other *loss* covered by this section happens at the same time.

5. TAPES OR DISCS FOR RECORDING OR REPRODUCING SOUND.

6. ANY LASER OR RADAR DETECTOR.

7. *YOUR CAR* WHILE SUBJECT TO ANY LIEN, LEASE OR SALES AGREEMENT NOT SHOWN IN THE DECLARATIONS.

## If There is Other Coverage

1. Policies Issued by Us to You, Your Spouse or Any Relative

   If two or more vehicle policies issued by us to *you*, your *spouse* or any *relative* apply to the same *loss* or occurrence, we will pay under the policy with the highest limit.

2. Coverage Available From Other Sources

   Subject to item 1, if other coverage applies to the *loss* or expenses, we will pay only our share. Our share is that percent the limit of liability of this policy bears to the total of all coverage that applies.

3. Temporary Substitute Car, Non-Owned Car or Trailer

   Subject to items 1 and 2, if a *temporary substitute car*, a *non-owned car* or trailer designed for use with a *private passenger car* has other coverage on it, then this coverage is excess.

4. Newly Acquired Car

   THIS INSURANCE DOES NOT APPLY IF THERE IS SIMILAR COVERAGE ON A *NEWLY ACQUIRED CAR.*

## No Benefit to Bailee

These coverages shall not benefit any carrier or other bailee for hire liable for *loss*.

## SECTION V — DEATH, DISMEMBERMENT AND LOSS OF SIGHT — COVERAGE S, TOTAL DISABILITY — COVERAGE T AND LOSS OF EARNINGS — COVERAGE Z

### DEATH, DISMEMBERMENT AND LOSS OF SIGHT - COVERAGE S

If "S" is shown in the "Coverages" space on the declarations page each *insured* has the coverage.

We will pay the amount shown in the schedule that applies for death, or *loss*, caused by accident. The *insured* has to be *occupying* or be struck by a land motor vehicle or trailer. The death or *loss* must be the direct result of the accident and not due to any other cause. The death or *loss* must occur within 90 days of the accident.

*Insured* - means a *person* listed under "Persons Insured – Coverage S" on the declarations page.

*Loss* - means the loss of:

1. the foot or hand, cut off through or above the ankle or wrist, or

2. the whole thumb or finger; or

3. all sight.

### The Most We Pay

The most we will pay because of the death of, or *loss* to, the *insured*, except as provided below, is shown under "Amount" next to his or her name on the declarations page.

The amount shown in the schedule for death or *loss* is doubled for an *insured* who, at the time of the accident, is using the vehicle's complete restraint system as recommended by the vehicle's manufacturer.

If the *insured* dies as a result of this accident, any payment made or due for *loss* reduces the amount of the death payment.

### SCHEDULE

| | If amount under S in the declarations is: | |
| --- | --- | --- |
| | $5,000 | $10,000 |
| Death | $5,000 | $10,000 |
| *Loss* of: | | |
| hands; feet; sight of eyes; one hand & one foot, or one hand or one foot & sight of one eye | 5,000 | 10,000 |
| one hand or one foot, or sight of one eye | 2,500 | 5,000 |
| thumb & finger on one hand; or three fingers | 1,500 | 3,000 |
| any two fingers | 1,000 | 2,000 |

### Payment of Any Amount Due

We will pay any amount due:

1. to the *insured*;

2. to a parent or guardian if the *insured* is a minor or an incompetent *person*;

3. to the surviving *spouse*; or

4. at our option, to any *person* or organization authorized by law to receive such payment.

Any payment made is to its extent a complete discharge of our obligations. We are not responsible for the way the money is used.

### Autopsy

We have the right to have an autopsy made where it is not forbidden by law.

### TOTAL DISABILITY - COVERAGE T

If "T" is shown in the "Coverages" space on the declarations page each *insured* has the coverage.

We will pay the *insured weekly indemnity* because of his or her continuous *total disability*. The *total disability* must:

1. result directly and independently of all other causes from *bodily injury* caused by accident, while *occupying* or through being struck by a land motor vehicle or trailer;

2. start within 20 days from the date of the accident; and

3. be for seven or more consecutive days.

*Insured* - means a *person* shown under "Persons Insured – Coverage T" on the declarations page.

*Total Disability* - under coverage T means:

1. during the first year from the start of the *insured's* disability, the *insured* is continuously unable to work in his or her occupation; and

2. after the first year, the *insured* is continuously unable to work in a gainful occupation for which he or she is reasonably fitted by education, training or experience.

*Weekly Indemnity* – means the amount we pay for each week the *insured* sustains *total disability*. It is the lower of:

1.   the amount shown on the declarations page for the *insured*, or

2.   two-thirds of the *insured's* average weekly earnings on the date of the accident. Average weekly earnings is the *insured's* total earnings for the 52 weeks just prior to the date of the accident, divided by 52.

### Limits of Liability

The maximum number of weeks for which we will pay *weekly indemnity* to an *insured* is 260 weeks of continuous *total disability* due to one accident.

### Payment of Any Amount Due

Subject to proof of continued *total disability*, when we ask for it, *weekly indemnity* is payable to an *insured* every four weeks.

### Death During Total Disability

The time limitation for death under coverage S, when an *insured* under both coverages S and T sustains death during a period of continuous *total disability*, is extended to one year from the date of accident.

### If There Is Other Coverage

If an *insured* is also an *insured* under Total Disability – Coverage T of another policy issued by us, then the amount payable under this coverage is reduced to the extent of any amount paid under the other policy. We will return premium paid for such duplication of benefits.

### LOSS OF EARNINGS – COVERAGE Z

If "Z" is shown in the "Coverages" space on the declarations page each *insured* has the coverage.

We will pay the *insured* 85% of his or her loss of *weekly earnings*. The loss has to be due to continuous *total disability* that is:

1.   the direct result of *bodily injury* caused by accident; and

2.   sustained while *occupying* or through being struck by a land motor vehicle or trailer.

### When Total Disability Applies

The *insured's total disability* must be for a period of at least 31 consecutive days starting within 20

days after the accident. We will not pay for the first seven days of the 30-day period.

Payments owed will be paid every two weeks. Proof of continued *total disability* must be given to us when we ask for it.

### Limits of Liability

We will pay up to $250 for each full work week of *total disability* and pro rata for less than a week. Subject to the limit per week, we will pay up to $15,000 total for all loss of earnings due to any one accident.

*Insured* – means a *person* shown under "Persons Insured – Coverage Z" on the declarations page.

*Total Disability* – under coverage Z, means the *insured*, while living, is not able to do the usual work or any other work for which he or she is reasonably fitted by education, training or experience.

*Weekly Earnings* – means all earnings for the *insured's* services before any deduction. When *weekly earnings* cannot be determined on a weekly basis an average will be used. The average is the total earnings for the 52 weeks just prior to the accident divided by 52.

### When Coverages S, T and Z Do Not Apply

THESE COVERAGES DO NOT APPLY TO:

1.   AN *INSURED* WHILE ON THE JOB, OPERATING, *OCCUPYING*, LOADING OR UNLOADING

   a.   AN EMERGENCY VEHICLE; OR

   b.   A VEHICLE USED IN THE *IN-SURED'S* BUSINESS OR JOB.

   But 1.b. does not apply if the vehicle is:

   (1)   a *private passenger car* or school bus; or

   (2)   of the pickup or van type, with a Gross Vehicle Weight of 10,000 pounds or less, while not used for delivery.

2.   AN *INSURED* WHILE

   a.   ON THE JOB IN ANY *CAR BUSINESS*; OR

   b.   *OCCUPYING* ANY:

   (1)   VEHICLE WHILE BEING USED IN A RACE; OR

   (2)   MILITARY VEHICLE.

3. AN *INSURED* WHILE *OCCUPYING* OR THROUGH BEING STRUCK BY A MOTOR VEHICLE OR TRAILER:

   a.　THAT RUNS ON RAILS OR CRAWLER-TREADS;

   b.　DESIGNED FOR USE MAINLY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR

   c.　LOCATED FOR USE AS PREMISES

4. THE DEATH OF, LOSS TO OR *TOTAL DISABILITY* OF AN *INSURED* DUE TO:

   a.　DISEASE except pus forming infection due to *bodily injury* received in the accident; or

   b.　SUICIDE OR ATTEMPTED SUICIDE WHILE SANE OR INSANE; OR

   c.　WAR OF ANY KIND

## CONDITIONS

1. **Policy Changes**

   a.　Policy Terms. The terms of this policy may be changed or waived only by:

      (1)　an endorsement issued by us; or

      (2)　the revision of this policy form to give broader coverage without an extra charge. If any coverage *you* carry is changed to give broader coverage, we will give *you* the broader coverage without the issuance of a new policy as of the date we make the change effective.

   b.　Change of Interest. No change of interest in this policy is effective unless we consent in writing. However, if *you* die, we will protect as named insured, except under death, dismemberment and loss of sight, total disability and loss of earnings coverages:

      (1)　*your* surviving *spouse*;

      (2)　any *person* with proper custody of *your car*, a *newly acquired car* or a *temporary substitute car* until a legal representative is qualified; and then

      (3)　the legal representative while acting within the scope of his or her duties.

    Policy notice requirements are met by mailing the notice to the deceased named insured's last known address.

   c.　Consent of Beneficiary. Consent of the beneficiary under death, dismemberment and loss of sight coverage is not needed to cancel or change the policy.

   d.　Joint and Individual Interests. When there are two or more named insureds, each acts for all to cancel or change the policy

2. **Suit Against Us**

   There is no right of action against us:

   a.　until all the terms of this policy have been met; and

   b.　under the liability coverage, until the amount of damages an *insured* is legally liable to pay has been finally determined by:

      (1)　judgment after actual trial, and appeal if any; or

      (2)　agreement between the *insured*, the claimant and us.

    If a judgment is secured against the *insured* or his or her estate based on a *bodily injury*, death or property damage claim covered by this policy, a suit may be brought against us under this policy by a judgment creditor.

    Bankruptcy or insolvency of the *insured* or his or her estate shall not relieve us of our obligations.

   c.　under uninsured motor vehicle, medical payments, any physical damage, death, dismemberment and loss of sight, total disability and loss of earnings coverages, until 30 days after we get the *insured's* notice of accident or *loss*.

   d.　under uninsured motor vehicle coverage unless within one year from the date of the accident:

      (1)　suit for *bodily injury* has been filed in the proper court against the uninsured motorist; or

      (2)　an agreement as to the amount due under this coverage has been made; or

(3) the *insured* or his or her representative has formally started arbitration proceedings by making a written request, sent to us by certified mail, return receipt requested.

If a suit has been filed against the uninsured motorist, written notice of the suit must be given to us within a reasonable time after the *insured* knew or should have known that the motorist was uninsured; but we may not require that this notice be given earlier than one year from the date of the accrual of the cause of action on which the claim is based.

This provision does not limit a right of action resulting from *bodily injury* caused by an *underinsured motor vehicle*.

3.  **Our Right to Recover Our Payments**

    a.  Death, dismemberment and loss of sight, total disability and loss of earnings coverage payments are not recoverable by us.

    b.  Under uninsured motor vehicle coverage, if the damages are caused by an *uninsured motor vehicle*, other than an *underinsured motor vehicle*:

        (1) we are subrogated to the extent of our payment to the proceeds of any settlement the injured *person* recovers from any party liable for the *bodily injury*.

        (2) if the *person* to or for whom we have made payment has not recovered from any party at fault, he or she shall:

            (a) keep these rights in trust for us;

            (b) execute any legal papers we need; and

            (c) when we ask, take action through our representative to recover our payments.

        We are to be repaid our payments, costs and fees of collection out of any recovery.

    c.  Under uninsured motor vehicle coverage, if the damages are caused by an *underinsured motor vehicle*:

        (1) we are entitled to the extent of our payments, to the proceeds of any settlement the *insured* recovers from any party liable for the *bodily injury*, other than payments from bodily injury liability bonds or policies made prior to our payment.

        (2) If the *insured* has not been fully compensated for the *bodily injury* by the party at fault and we make payment for the *bodily injury*, the *insured* shall:

            (a) keep these rights in trust for us;

            (b) execute any legal papers we need; and

            (c) when we ask, take action through our representative to recover the amount of our payments.

        We are to be repaid our payments, costs and fees of collection out of any such recovery.

    d.  Under uninsured motor vehicle property damage coverage:

        (1) we are subrogated to the extent of our payments to the proceeds of any settlement *you* recover from any party liable for the *property damage*.

        (2) if *you* or the *person* to or for whom we have made payment has not recovered from the party at fault, he or she shall:

            (a) keep these rights in trust for us;

            (b) execute any legal papers we need; and

            (c) when we ask, take action through our representative to recover our payments.

        We are to be repaid our payments, costs and fees of collection out of any recovery.

    e.  Under all other coverages, and except as provided for within the medical payments coverage, the right of recovery of any party we pay passes to us. Such party shall:

        (1) not hurt our rights to recover; and

        (2) help us get our money back.

4.  **Cancellation**

    **How You May Cancel.** *You* may cancel *your* policy by notifying us in writing of the date to cancel, which must be later than the date *you* mail or deliver it to us. We may waive these requirements by confirming the date and time of cancellation to *you* in writing.

    **How and When We May Cancel.** We may cancel *your* policy by written notice, mailed or delivered to *your* last known address. The notice shall give the date cancellation is effective.

If we mail or deliver a notice of cancellation to *you* during the first 59 days following the policy effective date, the cancellation notice will be mailed or delivered to *you* at least 10 days before the cancellation effective date.

After the policy has been in force for more than 59 days, any notice of cancellation will be mailed or delivered to *you* at least:

a. 10 days before the cancellation effective date if the cancellation is because *you* did not pay the premium; or

b. 20 days before the cancellation effective date if the cancellation is because of any other reason as allowed by statute.

The mailing of the notice shall be sufficient proof of notice.

Unless we mail or deliver a notice of cancellation to *you* within 59 days of the policy effective date, we will not cancel *your* policy before the end of the current policy period unless:

a. *you* fail to pay the premium when due; or

b. *you*, *your spouse*, any *relative* or any other *person* who usually drives *your car* has had his or her *driver's* license under:

   (1) suspension, if such suspension is not removed prior to the date cancellation becomes effective and is based on a reason other than our failure to make a filing required by the California Insurance or Vehicle Codes, if a request for such a filing was made by an insured; or

   (2) revocation, for any reason other than an insurer's failure to make a filing required by the California Insurance Code, during the policy period or, if the policy is a renewal, during the policy period or the 180 days immediately preceding its effective date.

**Return of Unearned Premium.** If *you* cancel, premium may be earned on a short rate basis. If we cancel, premium will be earned on a pro-rata basis. Any unearned premium may be returned at the time we cancel or within a reasonable time thereafter. Delay in the return of unearned premium does not affect the cancellation.

5. **Renewal**

Unless we mail or deliver to *you* a notice of cancellation or a notice of our intention not to renew the policy, we agree to renew the policy for the next policy period upon *your* payment of the renewal premium when due. It is agreed that the renewal premium will be based upon the rates in effect, the coverages carried, the

applicable limits of liability, deductibles and other elements that affect the premium that apply at the time of renewal.

Other elements that may affect *your* premium include, but are not limited to:

a. drivers of *your car* and their ages and marital status;

b. *your car* and its use;

c. eligibility for discounts or other premium credits;

d. applicability of a surcharge based either on accident history, or on other factors.

A notice of our intention to not renew will be mailed or delivered to *your* last known address at least 30 days before the end of the current policy period. The mailing of it shall be sufficient proof of notice.

6. **Premium**

The premium for this policy may vary based upon the purchase of other insurance from one of the State Farm affiliated companies.

The premium for this policy is based on information State Farm has received from *you* or other sources. If the information is incorrect or incomplete, or changes during the policy period, *you* must inform State Farm of any changes regarding the following:

a. *your car*, or its use, including annual mileage;

b. the *persons* who regularly drive *your car*, including newly licensed family members;

c. *your* marital status; or

d. the location where *your car* is principally garaged.

*You* agree that if this information or any other information used to determine the premium is incorrect or incomplete, or changes during the policy period, we may decrease or increase the premium during the policy period based upon the corrected, completed or changed information. *You* agree that if the premium is decreased or increased during the policy period, State Farm will refund or credit to *you* any decrease in premium and *you* will pay for any increase in premium.

7. **Concealment or Fraud**

There is no coverage under this policy if *you* or any other *person* insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

25
9805A

## MUTUAL CONDITIONS (N F)

1. **Membership.** While this policy is in force, the first insured named in the declarations is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is nonassessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

SECRETARY

PRESIDENT

PAGE NO.              WHAT IT IS AND WHERE YOU CAN FI    IT — THE INDEX

4       Reporting a Claim — Insured's Duties — What to do if *you* have an accident, claim or are sued.

2       Defined Words

3       Declarations Continued

4       When and Where Your Coverage Applies

4       Financed Vehicles — Coverage for Creditor


        Coverages

6           A — Liability — When there is damage to others.

9           C — Medical Payments — When there are medical and funeral expenses.

13          U — Uninsured Motor Vehicle — When the other car or driver is not insured or is un-
            derinsured and there is *bodily injury* to an *insured.*

14          UI — Uninsured Motor Vehicle Property Damage — When the other car or driver is
            not insured and there is *property damage.*

16          D — Comprehensive — When *your car* is damaged except by collision or upset. Any
            deductible amount is shown by the number beside "D" on the declarations page.

16          F — Collision — 80% — When *your car* is damaged by collision or upset.

16          G — Collision — When *your car* is damaged by collision or upset. The deductible is
            shown by the number beside "G" on the declarations page.

18          H — Emergency Road Service — When *your car* breaks down or needs a tow.

18          R — Car Rental Expense — When *you* need to rent a *car* because of damage to *your
            car.*

18          R1 — Car Rental and Travel Expenses — When *you* need to rent a *car* and pay extra
            travel expenses because of damage to *your car.*

21          S — Death, Dismemberment and Loss of Sight — Pays for death of or certain injuries to
            *persons* named.

21          T — Total Disability — Pays *weekly indemnity* to *persons* named.

22          Z — Loss of Earnings — Pays loss of *weekly earnings* to *persons* named.


        Conditions

23          1.   Policy Changes

23          2.   Suit Against Us

24          3.   Our Right To Recover Our Payments

24          4.   Cancellation

25          5.   Renewal

25          6.   Premium

25          7.   Concealment or Fraud

26      Mutual Conditions

Policy Form 9805A

# EXHIBIT 2

FI-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and Address):* | FOR COURT USE ONLY |
|---|---|
| Quinton B. Cutlip, Esq.                    SBN 168030<br>CUTLIP & PALENCHAR, LLP<br>100 Pine Street, Suite 1550, San Francisco, CA 94111<br>　TELEPHONE NO.: (415) 781-0327    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

SHORT TITLE:
　　BUONOCORE v. HIYDARYNEJAD, et al.

| **REQUEST FOR ADMISSIONS**<br>　[✓] Truth of Facts    　[ ] Genuineness of Documents<br>**Requesting Party:** GREGORY F. BUONOCORE<br>**Responding Party:** ALI A. SAREMI<br>**Set No.:** One | CASE NUMBER:<br><br>CGC 05 442603 |
|---|---|

You are requested to admit within thirty days after service of this *Request for Admissions* that

1. [✓] each of the following facts is true *(number each fact consecutively)*:

　　1. Admit that Ali A. Saremi caused the collision that is at issue in this litigation.
　　2. Admit that negligence on the part of Ali A. Saremi caused the collision that is at issue in this litigation.
　　3. Admit that Gregory Buonocore was injured in the collision that is at issue in this litigation.
　　4. Admit that the negligence on the part of Ali A. Saremi was a substantial factor in causing harm to Greg Buonocore.
　　5. Admit that during the 30 seconds before the collision that is at issue in this litigation, Ali A. Saremi failed to use reasonable care to prevent harm to others.
　　6. Admit that Ali A. Saremi violated California Vehicle Code section 21801(a).
　　7. Admit that when Ali A. Saremi attempted to make his left hand turn, he failed to yield the right of way to a vehicle approaching from the opposite direction.
　　8. Admit that the medical treatment Gregory Buonocore received to his neck after the collision that is at issue in this litigation was reasonable.
　　9. Admit that the medical treatment Gregory Buonocore received to his neck after the collision that is at issue in this litigation was necessary.

　　　[ ] Continued on Attachment 1

2. [ ] the original of each of the following documents, copies of which are attached, is genuine *(number each document consecutively)*:

[ ] Continued on Attachment 2.

　　Quinton B. Cutlip, Esq
　　　(TYPE OR PRINT NAME)　　　　　　　　　　　　　▶　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY)

Form Approved by the
Judicial Council of California
FI-100 [Rev. January 1, 2006]

**REQUEST FOR ADMISSIONS**

Code Civil Procedure,
§§ 2033.010-2033.420, 2033.710

www.accesslaw.com

## PROOF OF SERVICE

I, Quinton B. Cutlip, declare as follows:  I am over the age of eighteen years, and not a party to this action.  My business address is 100 Pine Street, Suite 1550, San Francisco, California 94111.  I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On October 10, 2006, at my place of business at San Francisco, California, a copy of the following documents:

**Request for Admissions – Set One  (Ali A. Saremi)**

was placed for deposit in a sealed envelope addressed to:

Robert M. Maltz, Esq.
Valerian, Patterson, & Stratman
1650 Harbor Bay Parkway, Suite 100
Alameda, CA  94502
(510) 337-0125

Linda A. Ritchie, Esq.
Law Offices of Dennis P. Isaac
Two Rincon Center
121 Spear Street, Suite 410
San Francisco, CA  94150
(415) 836-3104

and the named document was served in the manner indicated below:

XX    **BY MAIL:**  I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), at CUTLIP & PALENCHAR, LLP, 100 Pine Street, Suite 1550, San Francisco, California, 94111, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

**BY PERSONAL SERVICE:**  I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

**BY FEDERAL EXPRESS:**  I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered to FEDERAL EXPRESS for overnight courier service to the office(s) of the addressee(s).

**BY FACSIMILE:**  I caused a copy(ies) of such document(s) to be transmitted via facsimile machine.  The fax number of the machine from which the document was transmitted was (415) 402-0745.  The fax number(s) of the machine(s) to which the document(s) were transmitted are listed above.  The fax transmission was reported as complete and without error.  I caused the transmitting facsimile to print a transmission record of the transmission, a copy of which is attached to this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 10, 2006

QUINTON B. CUTLIP

1

# EXHIBIT 3

ROBERT M. MALTZ, ESQ. – State Bar No. 143078
**VALERIAN, PATTERSON & STRATMAN**
1650 Harbor Bay Parkway, Suite 100
Alameda, CA  94502-3013
Phone:  (510) 521-0612
Fax:  (510) 337-0125

Attorney for Defendants/Cross-defendant,
AFSANEH HIYDARYNEJAD and ALIASGHAR SAREMI

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO, 212

GREGORY F. BUONOCORE,

      Plaintiff,

    vs.

AFSANE HIYDARYNEJAD and DOES 1 through X, inclusive, et al,

      Defendants.

_____

RONALD YOUNG, SR.,

      Cross-complainant,
    vs.

AFSANE HIYDARYNEJAD, ALI ASGILAR SAREMI and ROES 1 to 100, inclusive,

      Cross-defendants.

_____

Case No.: CGC05-442603
UNLIMITED JURISDICTION

ASSIGNED TO FOR ALL PURPOSES:
DEPT:  Not Assigned

**RESPONSE TO REQUEST FOR ADMISSIONS**

PROPOUNDING PARTY:    GREGORY F. BUONOCORE

RESPONDING PARTY:      ALIASGHAR SAREMI

SET NUMBER:                ONE

COMES NOW ALIASGHAR SAREMI and responds to Request for Admissions propounded by GREGORY F. BUONOCORE in this matter, as follows:

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections (including, but not limited to objections covering competency, relevancy, materiality, propriety and admissibility) which would require the exclusion of any statement contained herein if it was made by a witness present and testifying in court. All such objections and grounds therefore are reserved and may by interpreted at the time of trial.

The party on whose behalf the answers and responses are given has not yet completed its investigation of the facts relating to this action, has not yet completed discovery in this action, and has not yet completed its preparation for trial. Consequently, the following answers are given without prejudice to the party's right to produce, at the time of trial, subsequently discovered evidence, relating to the proof of facts subsequently discovered to be material.

## RESPONSE TO REQUEST FOR ADMISSIONS

RESPONSE TO REQUEST FOR ADMISSION NO. 1:

DENY.

RESPONSE TO REQUEST FOR ADMISSION NO. 2:

DENY.

RESPONSE TO REQUEST FOR ADMISSION NO. 3:

ADMIT.

RESPONSE TO REQUEST FOR ADMISSION NO. 4:

DENY.

RESPONSE TO REQUEST FOR ADMISSION NO. 5:

DENY. Defendant stopped and looked for as far as he could see, and there were no cars. Mr. Young was traveling at a very high rate of speed.

RESPONSE TO REQUEST FOR ADMISSION NO. 6:

DENY.

///

1  RESPONSE TO REQUEST FOR ADMISSION NO. 7:

2          DENY.

3  RESPONSE TO REQUEST FOR ADMISSION NO. 8:

4          Objection.  Vague, ambiguous and overbroad.  Responding party is not a medical expert

5  and lacks personal knowledge.  Responding party has investigated sources known or reasonably

6  available and which are insufficient to enable responding party to admit or deny the matter stated in this

7  request, and therefore, denies this request based on lack of information and belief.

8  RESPONSE TO REQUEST FOR ADMISSION NO. 9:

9          Objection.  Vague, ambiguous and overbroad.  Responding party is not a medical expert

10  and lacks personal knowledge.  Responding party has investigated sources known or reasonably

11  available and which are insufficient to enable responding party to admit or deny the matter stated in this

12  request, and therefore, denies this request based on lack of information and belief.

13  DATED:  November 10, 2006          VALERIAN, PATTERSON & STRATMAN

14

15                                        BY:  _____

16                                        ROBERT M. MALTZ, ESQ.
                                          Attorney for Defendants/Cross-defendant,
17                                        AFSANEH HIYDARYNEJAD ALI SAREMI

18

19

20

21

22

23

24

25

26

27

28

Re: Buonocore v. Hiydarynejad, et al.
Case Number: CGC05-442603

## PROOF OF SERVICE
### Code of Civil Procedure §§ 1013a, 2015.5

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. My business address is. On November 14, 2006, I served the following document(s):

## RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE

__X__ by placing the document(s) listed above in a sealed envelope, addressed as set forth below, and placing the envelope for collection and mailing in the place designated for such in our offices, following ordinary business practices.

_____ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

_____ By causing a true copy thereof to be personally delivered to the person(s) at the address(es) set forth below.

## SEE ATTACHED SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 14, 2006, at Alameda, California.

Mike Rothenbuhler

Re:  Buonocore v. Hiydarynejad, et al.
Case Number:  CGC05-442603

## SERVICE LIST

Linda A. Ritchie, Esq.
LAW OFFICES OF DENNIS P. ISAAC
Two Rincon Center
121 Spear Street, Suite 410
San Francisco, CA  94105
Attorney for Cross-defendant, RONALD YOUNG, SR.
Phone: (415) 836-2626
Fax: (415) 836-3104

Richard J. Palenchar
CUTLIP & PALENCHAR
100 Pine Street, Suite 1550
San Francisco, CA  94111
Attorney for Plaintiff, GREGORY F. BUONOCORE
Phone: (415) 781-0327
Fax:

# EXHIBIT 4



CUTLIP
PALENCHAR
LLP
ATTORNEYS AT LAW

July 5, 2007

*By facsimile (510) 337-0125 and U.S. mail*

Robert M. Maltz, Esq.
Valerian, Patterson & Stratman
1650 Harbor Bay Parkway, Suite 100
Alameda, CA 94502-6578
(510) 337-0125

     Re:   *Buonocore v. Hiydarynejad*
           San Francisco County Superior Court no. CGC-05-442603

Dear Mr. Maltz:

     Please find Plaintiff's Request for Admissions, Set No. 1, and Form Interrogatories, Set One (corresponding with Request for Admissions, Set One), directed to defendant Ali A. Saremi. Please provide verified responses as soon as possible.

     This shall confirm the conditional settlement that we have reached. We have agreed to settle this case conditionally as follows:

1.    Defendant Ali A. Saremi must provide verified liability admissions to the 3 requests for admissions contained in Plaintiff's Request for Admissions, Set No. 1, served today.

2.    Defendant Ronald Young agrees to settle for a waiver of costs.

3.    Cross-Defendant Ronald Young agrees to settle for a waiver of costs.

4.    Your clients' payment of $30,000.00 to plaintiff with a declaration verifying policy limits of $30,000.00.

Very truly yours,

Richard J. Palenchar

RJP:shai

# hp LaserJet *3380*



CUTLIP & PALENCHAR LLP
14154020745
Jul-5-2007    4:01PM

---

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 671 | 7/ 5/2007 | 3:54:54PM | Send | 15103370125 | 6:57 | 12 | OK |

---

CUTLIP &
PALENCHAR
LLP
ATTORNEYS AT LAW

July 5, 2007

*By facsimile (510) 337-0125 and U.S. mail*

Robert M. Maltz, Esq.
Valerian, Patterson & Stratman
1650 Harbor Bay Parkway, Suite 100
Alameda, CA 94502-6578
(510) 337-0125

      Re:   *Buonocore v. Hiydarynejad*
          San Francisco County Superior Court no. CGC-05-442603

Dear Mr. Maltz:

      Please find Plaintiff's Request for Admissions, Set No. 1, and Form Interrogatories, Set One (corresponding with Request for Admissions, Set One), directed to defendant Ali A. Saremi. Please provide verified responses as soon as possible.

      This shall confirm the conditional settlement that we have reached. We have agreed to settle this case conditionally as follows:

1.    Defendant Ali A. Saremi must provide verified liability admissions to the 3 requests for admissions contained in Plaintiff's Request for Admissions, Set No. 1, served today.

2.    Defendant Ronald Young agrees to settle for a waiver of costs.

3.    Cross-Defendant Ronald Young agrees to settle for a waiver of costs.

4.    Your clients' payment of $30,000.00 to plaintiff with a declaration verifying policy limits of $30,000.00.

Very truly Yours,

Richard J Palenchar

RJP:shai

100 PINE STREET-STE. 1550
SAN FRANCISCO, CA 94111
P 415-781-0327
F 415-402-0745

# hp LaserJet *3380*



CUTLIP & PALENCHAR LLP
14154020745
Jul-5-2007    3:54PM

---

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 670 | 7/ 5/2007 | 3:47:28PM | Send | 8363104 | 6:58 | 11 | OK |

*w/o cover letter to Maltz*

---

FI-100

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
  Richard J. Palencher, State Bar no. 127704
  Cutlip & Palenchar LLP, 100 Pine Street, Suite 1550
  San Francisco, CA 94111
    TELEPHONE NO: 415-761-0327          FAX NO. (Optional): 415-402-0745
  E-MAIL ADDRESS (Optional):
  ATTORNEY FOR (Name): Plaintiff Gregory F. Buonocore

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
  STREET ADDRESS: 400 McAllister Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Francisco, CA 94102
  BRANCH NAME:

SHORT TITLE:        Buonocore v. Hyderynejad

FOR COURT USE ONLY

REQUEST FOR ADMISSIONS
  [✓] Truth of Facts      [ ] Genuineness of Documents
Requesting Party: Plaintiff Gregory F. Buonocore
Responding Party: Defendant Ali A. Saremi
  Set No.: One

CASE NUMBER
CGC-05-442603

You are requested to admit within thirty days after service of this *Request for Admissions* that
1. [✓] each of the following facts is true (number each fact consecutively):

    1. Admit that Ali A. Saremi negligently caused the automobile collsion with Gregory F. Buonocore's vehicle on January 26, 2005, and which occurred in the intersection of Evans Avenue and 3rd Street in San Francisco, California.

    2. Admit that Ali A. Saremi was the only one who caused the automobile collsion with Gregory F. Buonocore's vehicle on January 26, 2005, and which occurred in the intersection of Evans Avenue and 3rd Street in San Francisco, California.

    3. Admit that Ali A. Saremi's negligence was a substantial factor in causing harm to Gregory F. Buonocore.

    [ ] Continued on Attachment 1

2. [ ] the original of each of the following documents, copies of which are attached, is genuine (number each document consecutively):

    [ ] Continued on Attachment 2.

Richard J. Palencher, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY)

Form Approved for the
Judicial Council of California
FI-100 [Rev. January 1, 2005]

REQUEST FOR ADMISSIONS

Code of Civil Procedure
§§ 2033.010-2033.420, 2033.710

www.access-14.com

# EXHIBIT 5

FI-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and Address):* | FOR COURT USE ONLY |
|---|---|
| Richard J. Palenchar, State Bar no. 127794<br>Cutlip & Palenchar LLP, 100 Pine Street, Suite 1550<br>San Francisco, CA 94111<br>TELEPHONE NO.: 415-781-0327    FAX NO. *(Optional):* 415-402-0745<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Gregory F. Buonocore | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

SHORT TITLE:
           Buonocore v. Hiydarynejad

| REQUEST FOR ADMISSIONS<br>[✓] Truth of Facts    [ ] Genuineness of Documents<br>Requesting Party: Plaintiff Gregory F. Buonocore<br>Responding Party: Defendant Ali A. Saremi<br>Set No.: One | CASE NUMBER:<br>CGC-05-442603 |
|---|---|

You are requested to admit within thirty days after service of this *Request for Admissions* that

1. [✓] each of the following facts is true *(number each fact consecutively):*

    1. Admit that Ali A. Saremi negligently caused the automobile collision with Gregory F. Buonocore's vehicle on January 26, 2005, and which occurred in the intersection of Evans Avenue and 3rd Street in San Francisco, California.

    2. Admit that Ali A. Saremi was the only one who caused the automobile collision with Gregory F. Buonocore's vehicle on January 26, 2005, and which occurred in the intersection of Evans Avenue and 3rd Street in San Francisco, California.

    3. Admit that Ali A. Saremi's negligence was a substantial factor in causing harm to Gregory F. Buonocore.

    [ ] Continued on Attachment 1

2. [ ] the original of each of the following documents, copies of which are attached, is genuine *(number each document consecutively):*

[ ] Continued on Attachment 2.

Richard J. Palenchar, Esq.
(TYPE OR PRINT NAME)                                    ►                    (SIGNATURE OF PARTY OR ATTORNEY)

Form Approved by the
Judicial Council of California
FI-100 [Rev. January 1, 2006]

**REQUEST FOR ADMISSIONS**

Code Civil Procedure,
§§ 2033.010-2033.420, 2033.710

www.accesslaw.com

## PROOF OF SERVICE

I, Richard J Palenchar, declare as follows:

I am over the age of eighteen years, and not a party to this action. My business address is 100 Pine Street, Suite 1550, San Francisco, California 94111.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 5, 2007, at my place of business at San Francisco, California, a copy of the following documents:

**REQUEST FOR ADMISSIONS, SET ONE (to Defendant Ali A. Saremi);**
**FORM INTERROGATORIES, SET ONE (corresponding with Request for Admissions, Set One, to Defendant Ali A. Saremi)**

was placed for deposit in a sealed envelope addressed to:

Robert M. Maltz                         Linda A. Ritchie
Valerian, Patterson & Stratman          Law Offices of Dennis P. Isaac
1650 Harbor Bay Parkway, Suite 100      Two Rincon Center
Alameda, CA 94502                       121 Spear Street, Suite 410
(510) 337-0125                          San Francisco, CA 94105
                                        (415) 836-3104

and the named document was served in the manner indicated below:

XX    **BY MAIL:** I placed true and correct copies of the above documents, by following ordinary business practices and sealed in envelope(s) addressed to the addressee(s), at Cutlip & Palenchar, LLP, 100 Pine Street, Suite 1550, San Francisco, California, 94111, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

       **BY PERSONAL SERVICE:** I caused to be delivered true and correct copies of the above documents in a sealed envelope(s) addressed to the addressee(s) and I delivered such envelope(s) by hand on the office(s) of the addressee(s).

       **BY FEDERAL EXPRESS:** I placed true and correct copies of the above documents and sealed in envelope(s) addressed to the addressee(s) and I delivered such envelope(s) to FEDERAL EXPRESS for overnight courier service to the office(s), address(s) of the addressee(s).

XX    **BY FACSIMILE:** I caused a copy(ies) of such document(s) to be transmitted via facsimile machine. The fax number of the machine from which the document was transmitted was (415) 402-0745. The fax number(s) of the machine(s) to which the document(s) were transmitted are listed above. The fax transmission was reported as complete and without error. I caused the transmitting facsimile to print a transmission record of the transmission, a copy of which is attached to this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 5, 2007                                Richard J Palenchar

1

FI-100

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and Address):*<br>Richard J. Palenchar, State Bar no. 127794<br>Cutlip & Palenchar LLP, 100 Pine Street, Suite 1550<br>San Francisco, CA 94111<br>TELEPHONE NO.: 415-781-0327    FAX NO. *(Optional):* 415-402-0745<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Gregory F. Buonocore | FOR COURT USE ONLY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco |
|---|
| STREET ADDRESS: 400 McAllister Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Francisco, CA 94102 |
| BRANCH NAME: |

| SHORT TITLE: |
|---|
| Buonocore v. Hiydarynejad |

| | |
|---|---|
| **REQUEST FOR ADMISSIONS**<br>[✓] Truth of Facts    [ ] Genuineness of Documents<br>**Requesting Party:** Plaintiff Gregory F. Buonocore<br>**Responding Party:** Defendant Ali A. Saremi<br>**Set No.:** One | CASE NUMBER:<br><br>CGC-05-442603 |

**You are requested to admit within thirty days after service of this *Request for Admissions* that**

1. [✓] each of the following facts is true *(number each fact consecutively):*

    1. Admit that Ali A. Saremi negligently caused the automobile collision with Gregory F. Buonocore's vehicle on January 26, 2005, and which occurred in the intersection of Evans Avenue and 3rd Street in San Francisco, California.

    2. Admit that Ali A. Saremi was the only one who caused the automobile collision with Gregory F. Buonocore's vehicle on January 26, 2005, and which occurred in the intersection of Evans Avenue and 3rd Street in San Francisco, California.

    3. Admit that Ali A. Saremi's negligence was a substantial factor in causing harm to Gregory F. Buonocore.

[ ] Continued on Attachment 1

2. [ ] the original of each of the following documents, copies of which are attached, is genuine *(number each document consecutively):*

[ ] Continued on Attachment 2.

_____
Richard J. Palenchar, Esq.
(TYPE OR PRINT NAME)

                              (SIGNATURE OF PARTY OR ATTORNEY)

**REQUEST FOR ADMISSIONS**

Code Civil Procedure,
§§ 2033.010-2033.420, 2033.710

www.accesslaw.com

## PROOF OF SERVICE

I, Richard J Palenchar, declare as follows:

I am over the age of eighteen years, and not a party to this action. My business address is 100 Pine Street, Suite 1550, San Francisco, California 94111.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 5, 2007, at my place of business at San Francisco, California, a copy of the following documents:

**REQUEST FOR ADMISSIONS, SET ONE (to Defendant Ali A. Saremi);**
**FORM INTERROGATORIES, SET ONE (corresponding with Request for Admissions, Set One, to Defendant Ali A. Saremi)**

was placed for deposit in a sealed envelope addressed to:

Robert M. Maltz                          Linda A. Ritchie
Valerian, Patterson & Stratman           Law Offices of Dennis P. Isaac
1650 Harbor Bay Parkway, Suite 100       Two Rincon Center
Alameda, CA 94502                        121 Spear Street, Suite 410
(510) 337-0125                           San Francisco, CA 94105
                                         (415) 836-3104

and the named document was served in the manner indicated below:

XX     **BY MAIL:** I placed true and correct copies of the above documents, by following ordinary business practices and sealed in envelope(s) addressed to the addressee(s), at Cutlip & Palenchar, LLP, 100 Pine Street, Suite 1550, San Francisco, California, 94111, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

       **BY PERSONAL SERVICE:** I caused to be delivered true and correct copies of the above documents in a sealed envelope(s) addressed to the addressee(s) and I delivered such envelope(s) by hand on the office(s) of the addressee(s).

       **BY FEDERAL EXPRESS:** I placed true and correct copies of the above documents and sealed in envelope(s) addressed to the addressee(s) and I delivered such envelope(s) to FEDERAL EXPRESS for overnight courier service to the office(s), address(s) of the addressee(s).

XX     **BY FACSIMILE:** I caused a copy(ies) of such document(s) to be transmitted via facsimile machine. The fax number of the machine from which the document was transmitted was (415) 402-0745. The fax number(s) of the machine(s) to which the document(s) were transmitted are listed above. The fax transmission was reported as complete and without error. I caused the transmitting facsimile to print a transmission record of the transmission, a copy of which is attached to this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 5, 2007

                                         Richard J Palenchar

1

# EXHIBIT 6

Richard C. Valerian
Frederick A. Patterson
Scott Caple Stratman
John D. Hourihan
Edward J. Rodzewich
Robert M. Maltz
Michael J. Smith
David W. Chen
Zachary Smith
David E. Hunter III

Law Offices of
# VALERIAN, PATTERSON & STRATMAN
Not a Partnership
Employees of the Claims Litigation Department, Farmers Insurance Exchange and Affiliates
1650 Harbor Bay Parkway
Suite 100
Alameda, CA  94502-3013
(510) 521-0612
Fax (510) 337-0125

R. Lynn Smith
Wade G. Garbers

*Paralegals*
Michael Rothenbuhler
Elizabeth O. Stumpf
Holger Siegwart

*Legal Office Administrator*
Gina Gonzalez

Charles A. McGraw
(1935-2002)

July 12, 2007

Richard J. Palenchar, Esq.
Cutlip & Palenchar
100 Pine Street, Suite 1550
San Francisco, CA  94111

Re:    Buonocore v. Hivdarynejad, et al.
       Case No.:      CGC-05-442603
       Our File No.:  05 94 00619

Dear Mr. Palenchar:

As part of our settlement, enclosed are Mr. Saremi's declaration and response to request for admissions.

I am also enclosing a release and dismissal.  I will need your tax id number to request the check.

Sincerely,

Robert M. Maltz
Direct Line: (510) 747-0223

RMM/rmm

CC: Linda A. Ritchie

ROBERT M. MALTZ, ESQ. – State Bar No. 143078
**VALERIAN, PATTERSON & STRATMAN**
1650 Harbor Bay Parkway, Suite 100
Alameda, CA  94502-3013
Phone: (510) 521-0612
Fax: (510) 337-0125

Attorney for Defendants/Cross-Defendant,
AFSANEH HIYDARYNEJAD ALI SAREMI


# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN FRANCISCO


GREGORY F. BUONOCORE,

        Plaintiff,

    vs.

AFSANE HIYDARYNEJAD and DOES 1 through X, inclusive, et al,

        Defendants.

AND RELATED CROSS-ACTIONS.

Case No.: CGC-05-442603
UNLIMITED JURISDICTION

ASSIGNED TO FOR ALL PURPOSES:
DEPT:  Not Assigned

**Declaration of Ali Saremi**

I, Ali Saremi, declare:

    1. I was born on October 30, 1955.  I reside in Danville, CA.

    2. I am a defendant in this case.  I was involved in a motor vehicle accident which occurred at the intersection of Evans Avenue and 3rd Street in San Francisco.

    3. The only insurance I have for the accident is Farmers Insurance Exchange policy no. 0165443935 with a 30/60 limit.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: July 6, 2007

---

**Declaration of Ali Saremi** - 1

ROBERT M. MALTZ, ESQ. – State Bar No. 143078
**VALERIAN, PATTERSON & STRATMAN**
1650 Harbor Bay Parkway, Suite 100
Alameda, CA  94502-3013
Phone:  (510) 521-0612
Fax:  (510) 337-0125

Attorney for Defendants/Cross-Defendant,
AFSANEH HIYDARYNEJAD ALI SAREMI

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| GREGORY F. BUONOCORE, | Case No.: CGC-05-442603 <br> UNLIMITED JURISDICTION |
| Plaintiff, | |
| vs. | ASSIGNED TO FOR ALL PURPOSES: <br> DEPT:  Not Assigned |
| AFSANE HIYDARYNEJAD and DOES 1 through X, inclusive, et al, | **Declaration of Ali Saremi** |
| Defendants. | |

AND RELATED CROSS-ACTIONS.

I, Ali Saremi, declare:

    1. I was born on October 30, 1955.  I reside in Danville, CA.

    2. I am a defendant in this case.  I was involved in a motor vehicle accident which occurred at the intersection of Evans Avenue and 3rd Street in San Francisco.

    3. The only insurance I have for the accident is Farmers Insurance Exchange policy no. 0165443935 with a 30/60 limit.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: July 6, 2007

_____

Dated: Jul 10, 07

_____
ALI SAREMI

1  ROBERT M. MALTZ, ESQ. – State Bar No. 143078
   **VALERIAN, PATTERSON & STRATMAN**
2  1650 Harbor Bay Parkway, Suite 100
   Alameda, CA  94502-3013
3  Phone: (510) 521-0612
   Fax: (510) 337-0125
4
   Attorney for Defendants/Cross-Defendant,
5  AFSANEH HIYDARYNEJAD ALI SAREMI

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                       **COUNTY OF SAN FRANCISCO**

10  GREGORY F. BUONOCORE,                    Case No.: CGC-05-442603
                                             UNLIMITED JURISDICTION
11              Plaintiff,
                                             ASSIGNED TO FOR ALL PURPOSES:
12      vs.                                  DEPT:  Not Assigned

13  AFSANE HIYDARYNEJAD and DOES 1 through   **Response To Requests For Admissions**
    X, inclusive, et al,
14
                Defendants.
15

16  _____

17  AND RELATED CROSS-ACTIONS.

18

19  PROPOUNDING PARTY:        Plaintiff Gregory F. Buonocore

20  RESPONDING PARTY:         Defendant Ali Saremi

21  SET NUMBER:               ONE

22      1.  Admit

23      2.  Admit

24      3.  Admit

25

26  DATED: July 6, 2007                  VALERIAN, PATTERSON & STRATMAN

27
                                         BY: _____
28

_____

ROBERT M. MALTZ, ESQ.
Attorney for Defendants/Cross-Defendant,
AFSANEH HIYDARYNEJAD ALI SAREMI

Re:    **Buonocore v. Hiydarynejad, et al.**
**Case No.: CGC-05-442603**

## VERIFICATION

### (§§ 446 and 2015.5 C.C.P)

I, the undersigned, say: I am a Defendant in the above-captioned matter.  The foregoing **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSIONS**, are true of my own knowledge, except as to those matters which are therein stated upon information and belief, and as to those matters, that I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signed this _10_ day of _July_____, 2007, at

_____Danville_____ [city], California.

_____
Ali Saremi

RMM: 05 94 00619

Re: <u>Buonocore v. Hiydarynejad, et al.</u>
Case Number: CGC-05-442603

## PROOF OF SERVICE
### Code of Civil Procedure §§ 1013a, 2015.5

     I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. My business address is 1650 Harbor Bay Parkway, Suite 100, Alameda, CA 94502-3013. On July _____, 2007, I served the following document(s):

### Response To Requests For Admissions

_____ by placing the document(s) listed above in a sealed envelope, addressed as set forth below, and placing the envelope for collection and mailing in the place designated for such in our offices, following ordinary business practices.

_____ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

_____ By causing a true copy thereof to be personally delivered to the person(s) at the address(es) set forth below.

### SEE ATTACHED SERVICE LIST

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on July ___, 2007, at Alameda, California.



Re: <u>Buonocore v. Hiydarynejad, et al.</u>
Case Number: CGC-05-442603

**<u>SERVICE LIST</u>**

Linda A. Ritchie, Esq.
Law Offices of Dennis P. Isaac
Two Rincon Center
121 Spear Street, Suite 410
San Francisco, CA  94105
Attorney for Cross-Defendant, RONALD YOUNG, SR.
Phone: (415) 836-2626
Fax: (415) 836-3104

Richard J. Palenchar, Esq.
Cutlip & Palenchar
100 Pine Street, Suite 1550
San Francisco, CA  94111
Attorney for Plaintiff, GREGORY F. BUONOCORE
Phone: (415) 781-0327
Fax: (415) 402-0745

# EXHIBIT 7

## RELEASE IN FULL OF ALL CLAIMS AND RIGHTS

For and in consideration of the sum of THIRTY THOUSAND Dollars ($30,000), receipt of which is acknowledged, I release and forever discharge AFSANEH HIYDARYNEJAD ALI SAREMI, their successors in interest, assigns, principals, insurers, agents and representatives from any and all rights, claims, demands and damages of any kind, known or unknown, existing or arising in the future, and accordingly do hereby expressly, voluntarily, knowingly and advisedly **WAIVE** any and all rights granted to me under **California Civil Code** §1542* resulting from or related to all injuries and damages arising from an accident that occurred on or about January 26, 2005 at or near Third Street and Evans Ave., San Francisco, California.

By waiving the rights granted to me under California Civil Code Section §1542, I understand and acknowledge that if I have suffered any personal injury, property damage or other injury as a result of the accident and (i) I am not presently aware of this injury, or (ii) this injury has not yet manifested itself, any claims for such injury is forever released and discharged.

This release shall not destroy or otherwise affect the rights of persons on whose behalf this payment is made, or persons who may claim to be damaged by reason of the accident other than the undersigned to pursue any legal remedies they may have against the undersigned or any other person.

I understand that this is a compromise settlement of all my claims arising out of the accident referred to above, and there is no admission of liability.* I understand that this is all the money or consideration I will receive from the above-described parties for any and all of my claims as a result of this accident. [* However, defendant's discovery responses admit liability.]

**FURTHER,** I agree to **reimburse** and **indemnify** all released parties for any amounts which any insurance carriers, government entities, hospitals or other persons or organizations may recover from them in **reimbursement** for amounts paid to me or on my behalf as a result of this accident by way of **contribution, subrogation, indemnity, or otherwise.**

**This settlement is conditioned upon the undersigned handling any and all liens.**

## I HAVE READ THIS RELEASE AND UNDERSTAND IT.

Signed this ___24th___ day of ___July___, 2007, at ___San Francisco    CA___
                                                                   (City)            (State)

_____          _____
           WITNESS                                    Gregory F. Buonocore
   Richard J. Palenchar
                                          149 Cleo Rand Lane SF, CA 94124
_____          _____
           WITNESS                                 Address (Please Complete)

For your protection California Law (Insurance Code §1871.2) requires the following to appear on this form. Any person who knowingly presents false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison. Every person who violates any provisions of Insurance Code §1871.4 subdivision (a) is punishable up to five years in the state prison or by a fine not exceeding $50,000 or by both.

*Section 1542: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

# EXHIBIT 8



**Kabateck** Brown Kellner LLP

July 11, 2008

Andrew King, Esq.
SEDGWICK, DETERT, MORAN
& ARNOLD LLP
One Market Plaza Steart Tower
8th Floor
San Francisco, CA 94105

    **Re:** *Gregory Buonocore v. State Farm Mutual Automobile Ins.*

Dear Mr. King:

This is to follow-up our phone conversation this am regarding your motion for judgment on the pleading. I called you to meet and confer as required by the court rules in hopes that we can save the court and both sides unnecessary motion work now and in the future. I told you I would send you this email so that you would be able to discuss it with the other attorneys in your office.

Your motion for judgment on the pleadings raises two primary issues: 1) the discovery responses and Rule 408, and 2) the plaintiff's UM claim. These are substantive issues that require significant research by the court, as well as briefing by the parties.

We propose that we resolve these issues by filing an amended complaint that substitutes a new plaintiff for the current plaintiff. We are able to offer this resolution at this time because we received notice yesterday that we will shortly have a new client who 1) has not filed a lawsuit and therefore has no discovery and Rule 408 issues, and 2) has not filed a UM claim.

Our proposal is reasonable because:

    1.    The court rules require a meet and confer to resolve issues and save the court as much time and effort as possible.

    2.    The district courts in the Ninth Circuit have uniformly held that we have the right to substitute plaintiffs by way of an amended complaint, especially



**Kabateck** Brown Kellner LLP

in circumstances wherein the defendant attacks the qualifications of the proposed lead plaintiff:

*Hackett v. P&G*, No. 06CV2272 WQH (POR), 2008 U.S. Dist. LEXIS 14753, at *10 (S.D. Cal. Feb. 27, 2008) (granting plaintiffs' motion for leave to file a second amended complaint to substitute class representative);

*Hernandez v. Balakian*, No. CV-F-06-1383 OWW/DLB, 2008 U.S. Dist. LEXIS 21531, at *8 (E.D. Cal. Mar. 19, 2008) (granting motion for leave to amend complaint and substitute a new class representative after motion for class certification was denied);

*L.H. v. Schwarzenegger*, No. CIV. S-06-2042 LKK/GGH, 2008 U.S. Dist. LEXIS 9632, at *21 (E.D. Cal. Jan. 29, 2008) (subsequent to class certification, granting motion for leave to file second amended complaint to substitute named plaintiff where having original class representative would moot the case);

Even if we do not file a motion for leave to amend, the court may (later) order substitution of the named plaintiff in order to allow certification of the class. *See Nat'l Fed. of the Blind v. Target Corp.*, No. C 06-1802 MHP, 2007 U.S. Dist. LEXIS 73547, at *42 (N.D. Cal. Oct. 2, 2007) (although plaintiff had not filed a motion for leave to amend, the court granted plaintiff's motion for class certification conditioned upon the substitution of another named plaintiff where named plaintiff did not meet typicality requirement).

3.      Since these two issues will certainly arise again on a motion for certification if we maintain the same plaintiff, it makes sense to eliminate them now to avoid unnecessary work for the court.

4.      The amended complaint will allow the court and the parties to focus on the issue central to this case, ie, is the reimbursement provision of the insurance contract valid?

If you don't stipulate to the filing of an amended complaint and insist on proceeding with your motion, we will be forced to:

1.      File a motion requesting leave to file an amended complaint. We will explain to the court that our office had valid grounds to amend that would have eliminated issues and saved the court substantial time, sought your stipulation to avoid a motion that is uniformly granted, but was refused.



**Kabateck** Brown Kellner LLP

     2.     Advise the court in our opposition, and at the hearing of your motion for judgment on the pleadings, that it should continue your motion to allow our motion to amend to proceed as it will moot major issues raised in your motion.

To summarize our proposal: 1) your current motion is taken off calendar, 2) we file an amended complaint, and 3) you will then have the opportunity to file responsive pleadings and/or motions you deem appropriate, including another judgment on the pleading.  The court will have then be saved the effort of reviewing and hearing two unnecessary motions, and the case is automatically more focused for everyone's benefit.

If you decline our offer to stipulate to an amended complaint that corrects the defects you allege exist, this will cause the court to cause the court to expend a significant amount of effort.


KABATECK BROWN KELLNER LLP

Very truly yours,

NIALL YAMANE