```
 1  BRIAN S. KABATECK, SBN 152054
    (bsk@kbklawyers.com)
 2  RICHARD L. KELLNER, SBN 171416
    (rlk@kbklawyers.com)
 3  NIALL G. YAMANE, SBN 127899
    (ny@kbklawyers.com)
 4  KABATECK BROWN KELLNER LLP
    644 South Figueroa Street
 5  Los Angeles, California 90017
    Telephone: (213) 217-5000
 6  Facsimile: (213) 217-5010

 7  Attorneys for Plaintiff
    and the Proposed Class
 8

 9  SEDGWICK, DETERT, MORAN & ARNOLD LLP
    KEVIN J. DUNNE, SBN 040030
10  LAURA L. GOODMAN, SBN 142689
    ANDREW J. KING, SBN 253962
11  One Market Plaza
    Steuart Tower, 8th Floor
12  San Francisco, California 94105
    Telephone: (415) 781-7900
13  Facsimile: (415) 781-2635

14  Attorneys for Defendant
    STATE FARM MUTUAL AUTOMOBILE INS. CO.
15
```

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY BUONOCORE, an individual on behalf of himself and all others similarly situated;<br><br>Plaintiff,<br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES 1 through 10 inclusive;<br><br>Defendants | **CASE NO. CV 08-00184 PJH**<br>Judge: Hon. Phyllis J. Hamilton<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   September 4, 2008<br>Time:   2:30 p.m.<br>Courtroom: 3 |

1                                                                    CASE NO. CV 08-00184 PJH
JOINT CASE MANAGEMENT STATEMENT

1  This joint report follows the conference of counsel pursuant to Federal Rule of Civil
2  Procedure 26(f), conducted on August 29, 2008, by counsel for Plaintiff Gregory
3  Buonocore, Kabateck Brown Kellner LLP, and counsel for Defendant State Farm Mutual
4  Automobile Insurance Company (hereinafter "State Farm"), Sedgwick, Detert, Moran &
5  Arnold LLP.

## RESPONSES TO THE COURT'S STANDING ORDER

### 1. Jurisdiction and Service:

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) in that it is a class action filed under rule 23 of the Federal Rules of Civil Procedure, the matter in controversy, as aggregated pursuant to 28 U.S.C. § 1332(d)(6) exceeds the sum of $5,000,000 exclusive of interest and costs, and a substantial number of members of the class of plaintiffs are citizens of a state different from defendant State Farm.

There are no outstanding parties to be served.

### 2. Facts:

**Plaintiff's statement:** Plaintiff had automobile insurance coverage with defendant State Farm. On January 26, 2005, Plaintiff, while driving his SUV, was struck by another motorist (hereinafter "third party motorist"). The third party motorist's insurance coverage was limited to $30,000. The third party agreed to settle Plaintiff's claim and paid its $30,000 insurance policy limit to the Plaintiff. The settlement agreement contained a "release of liability" and a denial of liability clause as to the third party motorist with which the Plaintiff agreed and signed his consent thereto. Since Plaintiff's total losses were in excess of the third party's $30,000 insurance policy, Plaintiff filed an uninsured motorist claim pursuant to the underinsured motorist provision of Plaintiff's State Farm automobile insurance policy.

Pursuant to its medical coverage clause, State Farm paid the $25,000 medical coverage limit. State Farm's insurance policy requires Plaintiff to reimburse State Farm any money Plaintiff recovers from a "liable" party pursuant to the medical payments reimbursement provision in "Section II – Medical Payments – Coverage C." Plaintiff

1  disputes this claimed right of reimbursement on the grounds that 1) the terms of "Section II
2  – Medical Payments – Coverage C" are vague and ambiguous and are therefore
3  unenforceable, 2) key terms in the policy are not defined, and 3) the third party has
4  expressly denied liability and Plaintiff has waived all rights against the third party in the
5  Release that was executed.

6       **Defendant's Statement:** This is an issue concerning an underinsured motorist
7  claim that has not proceeded to arbitration. Plaintiff, a State Farm policyholder, was
8  allegedly injured in an accident by an underinsured motorist. Pursuant to the policy's
9  medical payments provision, State Farm paid plaintiff the $25,000 limits of its medical
10 payments coverage. The insurer for the underinsured motorist paid its policy limits of
11 $30,000. In connection with settlement of plaintiff's claim against the underinsured
12 motorist, the underinsured motorist admitted liability in response to requests for admission
13 and reference to the admission of liability was noted in the parties' settlement agreement.
14 After the underinsured motorist admitted liability, plaintiff filed an underinsured motorist
15 claim with State Farm. Plaintiff's underinsured motorist claim has not yet gone to
16 arbitration. State Farm has advised plaintiff that, pursuant to the terms of the State Farm
17 policy, State Farm will not pay again for the medical payments coverage previously paid
   under the policy.

18    3.   **Legal Issues:**

19      **Plaintiff's statement:** The main issue in this case will be a legal dispute
20 between the parties as to whether Defendant State Farm is entitled to reimbursement under
21 "Section II – Medical Payments – Coverage C" of its automobile insurance policy. "Section
22 II – Medical Payments – Coverage C" of the State Farm automobile insurance policy reads
23 as follows:

24      "If the *person* to or for whom we make payment recovers proceeds from any
25      party **liable** for the *bodily injury*, that *person* shall hold in trust for us the
26      proceeds of the recovery, and reimburse us to the extent of our payment."
27      (emphasis added)

28      **Defendant's statement**: Defendant disagrees with the legal issue as identified

by plaintiff. Defendant contends the following legal issues are presented in this action: (1) Does State Farm have a right under its uninsured motorist coverage to not pay again medical payments that it previously paid under the medical payments provision of the policy? (2) Assuming that Coverage C was applicable, which defendant contends it is not, can plaintiff claim that a party who has executed verified requests for admission and admitted liability in a settlement agreement is not a "party liable for the *bodily injury*"? (3) Must plaintiff complete his underinsured motorist arbitration prior to bringing a claim against State Farm pursuant to the terms of the policy?

4. **Motions:**

**Plaintiff's statement:** Plaintiff reserves the right to file motions as the case develops. Defendant has filed a motion for judgment on the pleadings.

**Defendant's statement:** Defendant has filed a motion for judgment on the pleadings pursuant Federal Rule of Civil Procedure 12(c). A hearing on Defendant's motion is currently set for September 3, 2008 at 9:00 a.m. Defendant may file additional motions depending on the outcome of its motion for judgment on the pleadings. Defendant will oppose any motion for leave to amend the complaint.

5. **Amendment of Pleadings:**

**Plaintiff's statement:** Plaintiff will be filing a motion to amend the complaint to substitute Plaintiffs in order to narrow the issues.

**Defendant's statement:** Defendant will oppose any such motion for leave to amend the complaint as inappropriate and futile in this case. Defendant contends that Plaintiff cannot amend his complaint to substitute in a new plaintiff, because the very nature of such a complaint would constitute a completely new and different lawsuit. Defendant contends that any claim by a new plaintiff who has not submitted an underinsured motorist claim and who has not obtained an admission of liability from the third party motorist, is a different lawsuit than the one filed by Plaintiff.

6. **Evidence Preservation:**

The parties have discussed the issue of evidence preservation and both parties agree that they will preserve all documents and electronic evidence relevant to the issues in this

action.

7. **Initial Disclosures:**

The parties have exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on May 1, 2008.

8. **Discovery:**

**Plaintiff's statement:** Plaintiff has served discovery on Defendant. The parties will have to meet and confer on this discovery. Plaintiff anticipates serving additional discovery.

**Defendant's statement:** Defendant is awaiting the Court's ruling on its motion for judgment on the pleadings before serving discovery on Plaintiff. In the event that the Court does not grant Defendant's motion, Defendant anticipates that depositions, interrogatories, requests for admission, and requests for production of documents may be needed.

9. **Class Actions:**

**Plaintiff's statement:** Pursuant to Local Rule 16-9(b), Plaintiff Independently responds as follows:

(1) This action is maintainable as a class action pursuant to FRCP 23(a) and 23(b).

(2) Plaintiff describes the class as follows: *All California Residents who are or were State Farm automobile insurance policy holders with medical payment coverage (Section II – Medical Payments – Coverage C) who recovered money from a third party and/or an uninsured motorist claim by way of settlement or compromise without a determination of liability, and have thereafter reimbursed State Farm for proceeds advanced pursuant to the medical payment coverage provision (Section II – Medical Payments – Coverage C).*

(3) Certification is appropriate because Defendant State Farm enforces *Section II – Medical Payments – Coverage C* in its automobile policy against all its insureds who are residents of California whenever there is a third party recovery.

(4) Proposed timeline for conditional certification: This date should be set after Defendant's motion for summary judgment is resolved.

**Defendant's statement:** Defendant contends that it is entitled to judgment in

this action as a matter of law and that the issues presented by Mr. Buonocore's complaint are not appropriate for class certification. Each claim is factually different and must be resolved on its own peculiarities. For example, Mr. Buonocore did not simply make a request for medical payments coverage, but also entered into a settlement agreement whereby an underinsured motorist clearly admitted liability. Mr. Buonocore then made an underinsured motorist claim against State Farm and that claim is still in the process of proceeding to arbitration. Defendant will oppose any motion for class certification made by plaintiff.

10. **Related Cases:**

Neither party is aware of any related cases.

11. **Relief:**

**Plaintiff's statement:** Plaintiff seeks to recover, on behalf of the class, the aggregate value of all monies for which State Farm sought and obtained reimbursement of pursuant to *Section II – Medical Payments – Coverage C*. At the present time, Plaintiff is in the process of trying to obtain discovery required to calculate the amount of damage sought in these categories.

**Defendant's statement:** Defendant contends that plaintiff is not entitled to any relief, monetary or otherwise.

12. **Settlement and ADR:**

**Plaintiff's statement:** Plaintiff is willing to participate in good faith Alternative Dispute Resolution proceedings. No efforts to date have been commenced by the parties.

**Defendant's statement:** Defendant previously advised that it would participate in a mediation of Plaintiff's claim with an agreeable mediator. It now appears that this Plaintiff is not intending on pursuing his claims.

13. **Consent to Magistrate Judge for all Purposes:**

**Plaintiff's statement: Plaintiff consents to a Magistrate.**

**Defendant's statement:** Defendant does not consent to the assignment of a Magistrate Judge for all purposes.

14. **Other References:**

The parties agree that this case is currently not suitable for other references.

15. **Narrowing of Issues:**

**Plaintiff's statement:** Plaintiff has not identified any issues that can be narrowed down by agreement or by motion.

**Defendant's statement:** Defendants' motion for judgment on the pleadings is expected to either result in dismissal of this action or a narrowing and clarification of the issues. Defendant also believes that the issues in this action are already narrow and barring class certification, do not require any extraordinary procedures.

16. **Expedited Schedule:**

The parties agree that this is not a type of case that can be handled on an expedited basis with streamlined procedures.

17. **Scheduling:**

The parties agree that setting a schedule for expert designation, discovery cut-off, hearing of dispositive motions, pre-trial conference and trial, should be deferred until after Defendant's motion for judgment on the pleadings is decided.

18. **Trial:**

Plaintiff now estimates three to four weeks for trial. Plaintiff requests a jury for those issues that are properly before a jury.

Defendant contends that it is premature to estimate the length of trial at this time. Defendant requests a jury trial.

19. **Disclosure of Non-party Interested Entities or Persons:**

**Plaintiff's statement:** Plaintiff has filed a "Certification of Interested Entities or Persons' pursuant to Civil Local Rule 3-16, and hereby restates that (i) no persons, firms, partnerships corporations or other entities have a financial interest in the subject matter in controversy or in a party to the proceeding; and (ii) no persons, firms, partnerships corporations or other entities have any other kind of interest that could be substantially affected by the outcome of the proceeding.

**Defendant's statement:** Defendant has filed its Certification of Interested

Entities or Persons, pursuant to Civil Local Rule 3-16, and hereby restates that as of this date, other than the named parties, there is no such interest to report.

20. **Other Matters:**

No other matters at this time.

DATED: August 29, 2008     By:     */s/ Niall G. Yamane*
**KABATECK BROWN KELLNER LLP**
Niall G. Yamane
Attorney for Plaintiff and the Proposed Class

DATED: August 29, 2008     By:     */s/ Andrew J. King*
**SEDGWICK, DETERT MORAN & ARNOLD LLP**
Kevin J. Dunne
Laura L. Goodman
Andrew J. King
Attorneys for Defendant State Farm Mutual Automobile Insurance Company