BRIAN S. KABATECK, SBN 152054
(bsk@kbklawyers.com)
RICHARD L. KELLNER, SBN 171416
(rlk@kbklawyers.com)
NIALL G. YAMANE, SBN 127899
(ny@kbklawyers.com)
KABATECK BROWN KELLNER LLP
350 South Grand Avenue, 39th Floor
Los Angeles, California 90071
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

Attorneys for GREGORY BUONOCORE,
an individual on behalf of himself
and all others similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY BUONOCORE, an individual on behalf of himself and all others similarly situated;<br><br>Plaintiff,<br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES 1 through 10 inclusive;<br><br>Defendants. | CASE NO. CV 08 0184 PJH<br><br>**PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD NEW PLAINTIFFS**<br><br>JUDGE: The Honorable Phyllis Hamilton<br>CTRM: 3<br>DATE: October 8, 2008<br>TIME: 9:00 a.m. |

TO THE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on October 8, 2008 at 9:00 a.m. time at the above titled court, counsel for Plaintiff Gregory Buonocore will move this court for leave allowing the filing of a First Amended Complaint that adds two new Plaintiffs Arturo Ching and Ermina Navarro.

/ / /

/ / /

/ / /

1

**PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD PLAINTIFFS**

1       This motion is based upon this Notice, the attached Memorandum of Points and
2 Authorities, the Declaration of Niall G. Yamane, the pleadings and records on file in this action,
3 and any other oral and documentary evidence that the Court may consider.

Dated: September 2, 2008               KABATECK BROWN KELLNER LLP

                                         NIALL G. YAMANE
                                         Attorneys for Plaintiffs

**PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD PLAINTIFFS**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff hereby seeks leave to file a First Amended Complaint to add the names and claims of additional class plaintiffs. Given the liberal rules that govern the amendment of pleadings, and the fact that there will not be any prejudice caused by the amendment, the motion to amend should be granted in all respects.

The gravamen of this action is that Defendant State Farm Mutual Automobile Insurance Company ("Defendant") improperly seeks reimbursement of medical expenses it pays pursuant to the medical coverage clause of its form automobile liability insurance policy. The amendment does not change the substance of these allegations. It only adds new plaintiffs Arturo Ching and Ermina Navarro. The claims of these new Plaintiffs, and the facts giving rise thereto, are set forth in the proposed First Amended Complaint which is attached as Exhibit B to the Yamane Declaration.

The fact that Defendant has moved for judgment on the pleadings does not affect Plaintiff's right to the requested amendment. Significantly, Defendant's pending motion is predicated upon attacks specific to the named plaintiff and not the grounds for this matter to generally proceed as a class action. The hearing on Defendant's motion for judgment on the pleadings is currently scheduled for Wednesday, September 3, 2008. Accordingly, Defendant cannot proffer any argument of sufficient prejudice to warrant the denial of Plaintiff's motion.[1]

For all the following grounds, Plaintiff requests that the motion for leave to file a First Amended Complaint be granted in all respects.

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th

---

[1] Plaintiff requested that Defendant's stipulate to the amendment of the complaint to add new Plaintiffs. (Yamane Decl., para. ). Defendant refused to agree to the amendment, thus necessitating the filing of this motion to amend. (See Yamane Decl., paragraph 3.)

1

**PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD PLAINTIFFS**

Cir. 2003) (providing that courts apply policy of amendments with "extreme liberty"). "In exercising its discretion "a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "The [Ninth Circuit] has noted on several occasions . . . that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) . . . by freely granting leave to amend when justice so requires." *Id.* (internal citations and quotations marks omitted). "Thus rule 15's policy of favoring amendments to pleadings should be applied with '*extreme liberality*.'" *Id.* The denial of a motion to amend is reviewed for abuse of discretion. *DCD Programs, Ltd.*, 833 F.2d at 186.

In applying this liberal policy of freely granting leave to amend, the Federal district courts in the Ninth Circuit generally grant leave to amend a class complaint to add new Plaintiffs. *See, e.g. Solis v. Regis Corp.*, No. C 05-03039 CRB, 2007 U.S. Dist LEXIS 40139, at *4 (N.D. Cal. Mar. 15, 2007) (e.g grants Plaintiffs motion to amend complaint to add new Plaintiffs) *L.H. v. Schwarzenegger*, No. CIV. S-06-2042 LKK/GGH, 2008 U.S. Dist. LEXIS 9632, at *21 (E.D. Cal. Jan. 29, 2008) (even after class certification, courts will grant leave to file an amended complaint to add new Plaintiffs where claims of the original class representatives became moot); See also *Kremens v Bartley*, 431 U.S. 119, 135 (1977) (Plaintiffs permitted to amend complaint to add new plaintiffs because claims of original plaintiffs became moot); *National Fed. Of the Blind. v. Target Corp.* 2007 U.S. Dist. LEXIS 73547, 2007 WL 2846462 (N.D.Cal.2007) (Court certifies class upon condition that plaintiffs amend complaint with new plaintiffs).

In deciding whether to grant a motion to amend, the Ninth Circuit considers: 1) whether there is any prejudice to the opposing party, and if so, can it be cured, 2) the impact of the amendment on the orderly and efficient conduct of the case, and 3) whether there is any willfulness or bad faith by the party seeking amendment. *United States v. First National Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981).

**PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD PLAINTIFFS**

### III. ARGUMENT

Plaintiff's request to amend to add new plaintiffs satisfies the *First National*, supra, criteria for the following reasons:

First, there will be no prejudice to Defendant. The requested amendment will not change Plaintiff's affirmative claims, it only adds new plaintiffs. Defendant will not lose any legal rights or defenses by this amendment, as it will still have the opportunity to file all appropriate dispositive motions.

This case is still at the initial pleadings stage. In fact, Plaintiff's case has not proceeded nearly as far as other cases where courts have routinely permitted addition of new plaintiffs. For example, in *Solis*, plaintiffs sought to file a fourth amended complaint, adding a new plaintiff and new claims. The *Solis* court granted the plaintiff's motion to file a fourth amended complaint, permitting addition of a new plaintiff even after class certification. *Solis*, 2007 U.S. Dist LEXIS 40139, at *4. Similarly, in *L.H.*, while the court denied the certified class plaintiff's motion to amend with respect to modifying the causes of action, the court granted the plaintiff's motion to amend to add new plaintiffs. *L.H.*, 2008 U.S. Dist. LEXIS 9632, at *21.

Plaintiff has not yet moved to certify the class, nor has Defendant commenced any discovery into the current Plaintiff's claims. Therefore, the timing of this request to amend is properly positioned before Defendant has suffered any prejudice.

Second, the addition of new plaintiffs Arturo Ching and Ermina Navarro will benefit the orderly and efficient conduct of the case. With respect to Defendant's attack on the presently solitary plaintiff (which Plaintiff believes is nonetheless without merit), the new Plaintiffs have not filed an underinsured/uninsured motorist claim. Accordingly, to the extent that Defendant contends there are any issues regarding the ability of the presently named plaintiff to represent the interests of the Class, the amendment takes care of this argument raised by Defendant.

Finally, this amendment is sought in good faith. There is no intent to delay. In fact, Plaintiff's counsel sought an agreement on July 11, 2008 for the defendant to agree to the

3

**PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD PLAINTIFFS**

1  amendment, to address in good faith the contentions raised by Defendant in its pending motion to
2  dismiss. (Yamane Decl., para (do not attach exhibit). This effort at informal resolution by
3  Plaintiff counsel was unsuccessful, thus necessitating the filing of this Motion to Amend.
4      Given the fact that the amendment of the complaint: 1) will not cause Defendant any
5  prejudice; 2) will promote the orderly and efficient conduct of the case, and 3) is being submitted
6  in good faith, Plaintiff respectfully requests that the motion to amend be granted in all respects..
7  *United States v. First National Bank of Circle, supra*, 652 F.2d at 887.

### IV.  CONCLUSION

Based upon the foregoing, Plaintiff's request to file an Amended Complaint adding new Plaintiffs should be granted in all respects.

Dated: September 2, 2008        KABATECK BROWN KELLNER LLP

                                            NIALL G. YAMANE
                                            Attorneys for Plaintiffs