1  BRIAN S. KABATECK, SBN 152054
   (bsk@kbklawyers.com)
2  RICHARD L. KELLNER, SBN 171416
   (rlk@kbklawyers.com)
3  NIALL G. YAMANE, SBN 127899
   (ny@kbklawyers.com)
4  KABATECK BROWN KELLNER LLP
   350 South Grand Avenue, 39th Floor
5  Los Angeles, California 90071
   Telephone: (213) 217-5000
6  Facsimile: (213) 217-5010

7

8  Attorneys for GREGORY BUONOCORE,
   an individual on behalf of himself
9  and all others similarly situated

10

11                 UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

15  GREGORY BUONOCORE, an individual       CASE NO. CV 08 0184 PJH
    on behalf of himself and all others similarly
16  situated;                              **DECLARATION OF NIALL G. YAMANE
                                           IN SUPPORT OF PLAINTIFF'S
17            Plaintiff,                    MOTION TO AMEND COMPLAINT TO
                                           ADD NEW PLAINTIFFS**
18        vs.

19
    STATE FARM MUTUAL AUTOMOBILE           JUDGE: The Honorable Phyllis Hamilton
20  INSURANCE COMPANY; and DOES 1          CTRM:  3
    through 10 inclusive;                  DATE:  October 8, 2008
21                                         TIME:   9:00 a.m.

22            Defendants.

23

24

25

26

27

28
                                   0
    **DECLARATION OF NIALL G. YAMANE IN SUPPORT OF PLAINTIFF'S MOTION
    TO AMEND COMPLAINT TO SUBSTITUTE PLAINTIFFS**

## DECLARATION OF NIALL G. YAMANE

I. NIALL G. YAMANE, hereby declare as follows:

1.     I am an attorney with Kabateck Brown Kellner LLP, attorneys of record for the class Plaintiff. I am licensed to practice before all of the Courts of the State of California and am admitted to practice before the United States District Court for the Central District of California.

2.     I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify to such matters.

3.     Prior to the filing of this motion to amend, I spoke with Defense counsel Andrew King and requested that he stipulate to the filing of a First Amended Complaint for the purpose of adding new plaintiffs.  See Exhibit A attached hereto which is a true and correct copy of my July 11, 2008 letter to Defense counsel. Thereafter, over the next several weeks, I had numerous meet and confer telephone conversations with Defense counsel Andrew King and Kevin Dunne on this matter. Ultimately, Defense counsel could not obtain his client's consent to this request, thus necessitating the filing of this Motion to Amend to Add New Plaintiffs.

4.     Attached as Exhibit B is a true and correct copy of the Proposed First Amended Complaint which contains amendments reflecting the addition of these new Plaintiffs.

I declare under penalty of perjury according to the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on September 2, 2008 at Los Angeles, California.

NIALL G. YAMANE

1

**DECLARATION OF NIALL G. YAMANE IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT TO SUBSTITUTE PLAINTIFFS**

# EXHIBIT A



**Kabateck Brown Kellner LLP**

July 11, 2008

Andrew King, Esq.
SEDGWICK, DETERT, MORAN
& ARNOLD LLP
One Market Plaza Steart Tower
8th Floor
San Francisco, CA 94105

      Re:    *Gregory Buonocore v. State Farm Mutual Automobile Ins.*

Dear Mr. King:

This is to follow-up our phone conversation this am regarding your motion for judgment on the pleading. I called you to meet and confer as required by the court rules in hopes that we can save the court and both sides unnecessary motion work now and in the future. I told you I would send you this email so that you would be able to discuss it with the other attorneys in your office.

Your motion for judgment on the pleadings raises two primary issues: 1) the discovery responses and Rule 408, and 2) the plaintiff's UM claim. These are substantive issues that require significant research by the court, as well as briefing by the parties.

We propose that we resolve these issues by filing an amended complaint that substitutes a new plaintiff for the current plaintiff. We are able to offer this resolution at this time because we received notice yesterday that we will shortly have a new client who 1) has not filed a lawsuit and therefore has no discovery and Rule 408 issues, and 2) has not filed a UM claim.

Our proposal is reasonable because:

      1.     The court rules require a meet and confer to resolve issues and save the court as much time and effort as possible.

      2.     The district courts in the Ninth Circuit have uniformly held that we have the right to substitute plaintiffs by way of an amended complaint, especially



**Kabateck** Brown Kellner LLP

in circumstances wherein the defendant attacks the qualifications of the proposed lead plaintiff:

Hackett v. P&G, No. 06CV2272 WQH (POR), 2008 U.S. Dist. LEXIS 14753, at *10 (S.D. Cal. Feb. 27, 2008) (granting plaintiffs' motion for leave to file a second amended complaint to substitute class representative);

Hernandez v. Balakian, No. CV-F-06-1383 OWW/DLB, 2008 U.S. Dist. LEXIS 21531, at *8 (E.D. Cal. Mar. 19, 2008) (granting motion for leave to amend complaint and substitute a new class representative after motion for class certification was denied).

L.H. v. Schwarzenegger, No. CIV. S-06-2042 LKK/GGH, 2008 U.S. Dist. LEXIS 9632, at *21 (E.D. Cal. Jan. 29, 2008) (subsequent to class certification, granting motion for leave to file second amended complaint to substitute named plaintiff where having original class representative would moot the case);

Even if we do not file a motion for leave to amend, the court may (later) order substitution of the named plaintiff in order to allow certification of the class. See Nat'l Fed. of the Blind v. Target Corp., No. C 06-1802 MHP, 2007 U.S. Dist. LEXIS 73547, at *42 (N.D. Cal. Oct. 2, 2007) (although plaintiff had not filed a motion for leave to amend, the court granted plaintiff's motion for class certification conditioned upon the substitution of another named plaintiff where named plaintiff did not meet typicality requirement).

3.      Since these two issues will certainly arise again on a motion for certification if we maintain the same plaintiff, it makes sense to eliminate them now to avoid unnecessary work for the court.

4.      The amended complaint will allow the court and the parties to focus on the issue central to this case, ie, is the reimbursement provision of the insurance contract valid?

If you don't stipulate to the filing of an amended complaint and insist on proceeding with your motion, we will be forced to:

1.      File a motion requesting leave to file an amended complaint. We will explain to the court that our office had valid grounds to amend that would have eliminated issues and saved the court substantial time, sought your stipulation to avoid a motion that is uniformly granted, but was refused.



**Kabateck** Brown Kellner LLP

     2.     Advise the court in our opposition, and at the hearing of your motion for judgment on the pleadings, that it should continue your motion to allow our motion to amend to proceed as it will moot major issues raised in your motion.

To summarize our proposal: 1) your current motion is taken off calendar, 2) we file an amended complaint, and 3) you will then have the opportunity to file responsive pleadings and/or motions you deem appropriate, including another judgment on the pleading. The court will have then be saved the effort of reviewing and hearing two unnecessary motions, and the case is automatically more focused for everyone's benefit.

If you decline our offer to stipulate to an amended complaint that corrects the defects you allege exist, this will cause the court to cause the court to expend a significant amount of effort.

KABATECK BROWN KELLNER LLP

Very truly yours,

NIALL YAMANE

# EXHIBIT B

1  BRIAN S. KABATECK,  SBN 152054
   (bsk@kbklawyers.com)
2  RICHARD L. KELLNER,  SBN 171416
   (rlk@kbklawyers.com)
3  NIALL G. YAMANE,  SBN 127899
   (ny@kbklawyers.com)
4  KABATECK BROWN KELLNER LLP
   350 South Grand Avenue, 39th Floor
5  Los Angeles, California  90071
   Telephone: (213) 217-5000
6  Facsimile: (213) 217-5010

7  Attorneys for GREGORY BUONOCORE, ARTURO CHING, ERMINA NAVARRO
   individuals on behalf of themselves and all others similarly situated
8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION

12

13 GREGORY BUONOCORE, ARTURO          CASE NO. CV 08 0184 PJH
   CHING, ERMINA NAVARRO, individuals
14 on behalf of themselves and all others    **FIRST AMENDED COMPLAINT FOR:**
   similarly situated;
15                                           1.   **BREACH OF CONTRACT**
16         Plaintiffs,                       2.   **DECLARATORY RELIEF**
                                             3.   **VIOLATION OF BUS. & PROF.**
17         vs.                                    **CODE § 17200, ET SEQ.**
                                             4.   **BREACH OF THE IMPLIED**
18 STATE FARM MUTUAL AUTOMOBILE                  **COVENANT OF GOOD FAITH**
   INSURANCE COMPANY; and DOES 1               **AND FAIR DEALING**
19 through 10 inclusive;
20                                           **JURY TRIAL DEMANDED**
           Defendants.
21

22         Plaintiffs Gregory Buonocore, Arturo Ching and Ermina Navarro individually and

23 on behalf of the class described below, by their attorneys, make the following allegations

24 pursuant to the investigation of their counsel and based upon information and belief except

25 as to allegations specifically pertaining to Plaintiffs and their counsel, which are based on

26 personal knowledge.  Plaintiffs brings this action for damages, declaratory and injunctive

27 relief against Defendants, demanding a trial by jury:

28                                    1
                          FIRST AMENDED COMPLAINT

## NATURE OF THE ACTION

1.      This class action is brought on behalf of insureds from whom Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") has improperly sought and obtained reimbursement for medical bills that it advanced, in breach of its form automobile insurance agreements.

2.      In pertinent part, "Section II – Medical Payments – Coverage C" of the form State Farm automobile insurance policy expressly provides that the insured shall reimburse State Farm for medical bills advanced by State Farm under the limited circumstance that the proceeds recovered by the insured are "from any party *liable* for the *bodily injury.*" (Exhibit A, p.11, emphasis added).  Even though State Farm's right to reimbursement of the medical insurance payment benefits is limited to circumstances only when it is paid by a party that is "*liable* for the *bodily injury*", State Farm seeks reimbursement whenever an insured receives payment from a third party source – regardless of whether or not a determination of liability has been made.

3.      State Farm does not have an automatic right to reimbursement of any collateral payments received by the insureds, and its failure to incorporate language in the form contract to permit reimbursement other than when a determination of liability is made should prohibit it from doing so.

4.      In addition, and no less significant, it is fundamentally unfair to expand State Farm's contractual right to reimbursement beyond the situation where it is applied to a recovery from a person that has been determined to be "*liable* for the *bodily injury.*"  For example, if the insured executes a release settling all aspects of his or her claim with a third party that is contesting liability, the release waives and extinguishes all of the insured's rights to recovery, and there is no way to apportion the compromise with respect to the medical reimbursement or for other compensable damages.

5.      Plaintiffs bring this class action against State Farm to recover damages and

2

1  other relief available at law and in equity on behalf of themselves, as well as on behalf of

2  the members of the following class:

> *All California residents who are/were State Farm automobile insurance*
>
> *policy holders and insureds with medical payment coverage, who recovered*
>
> *money by way of settlement without a determination of liability, and have*
>
> *thereafter reimbursed State Farm for proceeds advanced pursuant to the*
>
> *medical payment coverage provision.*

## THE PARTIES

6.    Plaintiff Gregory Buonocore is a resident of San Francisco California and
had/has automobile insurance coverage by and through State Farm as more particularly
described herein.

7.    Plaintiff Arturo Ching is a resident of San Pablo, California and is a
policyholder with automobile insurance coverage State Farm as more particularly described
herein.

8.    Plaintiff Ermina Navarro is a resident of San Pablo, California and was an
insured covered by the policy of insurance owned by Plaintiff Arturo Ching through State
Farm.

9.    Plaintiffs are informed and believe and thereon allege that Defendant State
Farm is an Illinois Corporation doing business in the state of California.  State Farm's
corporate headquarters are located in Bloomington, Illinois.

10.    Plaintiffs do not know the true names or capacities of the persons or entities
sued herein as DOES 1 to 10, inclusive, and therefore sue such Defendants by such
fictitious names.  Plaintiffs are informed and believe and thereon allege that each of the
DOE Defendants is in some manner legally responsible for the damages suffered by
Plaintiffs and the members of the class as alleged herein.  Plaintiffs will amend this
complaint to set forth the true names and capacities of these Defendants when they have

3

1  been ascertained, along with appropriate charging allegations, as may be necessary.

2      11.    Plaintiffs are informed and believe and thereon allege that the Defendants,

3  and each of them, are, and at all times herein mentioned were, the agents, servants or

4  employees of each other, and in doing the acts and following the course of conduct set forth

5  herein, each such Defendant was acting within the course and scope of such agency or

6  employment, and each Defendant approved, ratified or affirmed the acts and conduct of

7  each other Defendant or its officers or managing agents.

8      12.    Defendants own, direct, operate and control, or are the alter egos of various

9  subsidiaries or wholly-owned companies, and, at all times herein mentioned, there has

10  existed a unity of interest and ownership between such Defendants such that any

11  separateness ceased to exist.

12      13.    There is a complete unity of interests and ownership among Defendants and

13  their subsidiaries, such that there is no corporate separateness and independence among

14  said corporations and each of said corporations is merely the agent and instrumentality of

15  each other.  By reason of the above facts, recognition of the independent identity of the

16  Defendants would operate a fraud upon Plaintiffs and the members of the class such that

17  each of said Defendants should be regarded as alter ego of each other and held responsible

18  for its obligations and liabilities.

19              **JURISDICTION AND VENUE**

20      14.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §

21  1332(d)(2) in that it is a class action filed under rule 23 of the Federal Rules of Civil

22  Procedure, the matter in controversy, as aggregated pursuant to 28 U.S.C. § 1332(d)(6)

23  exceeds the sum of $5,000,000 exclusive of interest and costs, and a substantial number of

24  members of the class of Plaintiffs are citizens of a state different from Defendant State

25  Farm.

26      15.    Venue is proper in the Northern District of California pursuant to 28 U.S.C.

27

28
                        4
─────────────────────────────────────────────
                FIRST AMENDED COMPLAINT

§ 1391(a) in that: (1) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district; and (2) State Farm is subject to personal jurisdiction in the Northern District of California.

## INTRADISTRICT ASSIGNMENT

16.    Venue is proper in the San Francisco Division of the United States District Court for the Northern District of California under Civil L.R. 3-2(c) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in San Francisco and Contra Costa County.  The accidents giving rise to the claims occurred in San Francisco and Contra Costa County, the automobile insurance policy at issue was entered into and issued in San Francisco and Contra Costa County, the breach of contract occurred in San Francisco and Contra Costa County and the Plaintiffs resides in San Francisco and Contra Costa County.

## FACTUAL BACKGROUND OF GREGORY BUONOCORE'S ACCIDENT AND CLAIM

17.    At all times mentioned herein, Plaintiff Gregory Buonacore possessed automobile insurance issued by State Farm. This insurance coverage included underinsured motorist coverage of $100,000 and medical coverage in the amount of $25,000.

18.    On January 26, 2005, Plaintiff Gregory Buonacore, while driving his SUV, was struck by another motorist (hereinafter "third party motorist").  As a result of this accident, Plaintiff sustained serious personal injuries.

19.    The third party motorist's insurance coverage was limited to $30,000.  The third party agreed to settle Plaintiff Gregory Buonacore's claim and paid its $30,000 insurance policy limit to him.  The settlement agreement contained a "release of liability" and a denial of liability clause as to the third party motorist with which Plaintiff Gregory Buonacore agreed and signed his consent thereto.

20.    Unfortunately, this settlement was insufficient to cover Plaintiff Gregory

FIRST AMENDED COMPLAINT

1  Buonacore's medical bills, costs related to property damage to his vehicle, other expenses

2  arising out of or resulting from the accident, and his claim for personal injuries.

3         21.     Since Plaintiff Gregory Buonacore's total losses were in excess of the third

4  party's $30,000 insurance policy, he filed an uninsured motorist claim pursuant to the

5  underinsured motorist provision of the State Farm automobile insurance policy.

6         22.     Pursuant to its medical coverage clause, State Farm paid the $25,000

7  medical coverage limit.  However, this was insufficient to cover all of the medical bills.

8         23.     State Farm then informed Plaintiff Gregory Buonacore that he must

9  reimburse State Farm the $25,000 it advanced to pay for his medical bills pursuant to

10 "Section II – Medical Payments – Coverage C", if he recovers any money from the third

11 party and/or uninsured motorist claims.

12        24.     "Section II – Medical Payments – Coverage C" of the State Farm the

13 automobile insurance policy reads as follows:

14                *"If the person to or for whom we make payment recovers proceeds from any*

15                *party **liable** for the bodily injury, that person shall hold in trust for us the*

16                *proceeds of the recovery, and reimburse us to the extent of our payment."*

17                (emphasis removed) (See Exhibit A)

18        25.     Plaintiff Gregory Buonacore disputes State Farm's right to demand

19 reimbursement based upon the above provision on the grounds that the $30,000 settlement

20 Plaintiff Gregory Buonacore recovered was not paid by a party "***liable*** for the bodily

21 injury." In fact, the third party has expressly denied liability as it does in all settlements.

22        26.     State Farm has also unequivocally stated that it intends to withhold $25,000

23 from Plaintiff's uninsured motorist arbitration award or settlement thereof, pursuant to the

24 medical payments reimbursement provision in "Section II – Medical Payments – Coverage

25 C."

26        27.     Plaintiff Gregory Buonacore and the Class have been and will continue to be

27 harmed by State Farm's practice of seeking reimbursement and/or withholding payment

28

                                    6

from Plaintiff and the Class of all medical bills advanced by State Farm pursuant to "Section II – Medical Payments – Coverage C."

## FACTUAL BACKGROUND OF ARTURO CHING AND ERMINA NAVARRO'S ACCIDENT AND CLAIM

28.    At all times mentioned herein, Plaintiff Arturo Ching possessed automobile insurance issued through State Farm.

29.    Plaintiff Arturo Ching's State Farm policy G43 7154-A21-05B provided limits of coverage for liability for property damage of $100,000 and included medical coverage of up to $10,000.

30.    On November 11, 2007, Plaintiff Arturo Ching while driving his Dodge Caravan, was struck by another motorist (hereinafter "third party motorist") from behind while stopped in traffic.  Plaintiff Ermina Navarro was passenger in the vehicle of the time of the accident.  As a result of this accident, Plaintiff Driver Arturo Ching and Plaintiff Ermina Navarro sustained personal injuries.

31.    Plaintiffs Arturo Ching and Ermina Navarro, and the third party's insurance company Balboa Insurance Company, entered into a settlement agreement on May 8, 2008 which compromised their bodily injury claims.  The settlement agreement included a "Release Agreement" which discharged any and all claims as to the third party motorist. The Plaintiffs agreed with and signed this "Release Agreement".

32.    Pursuant to its medical coverage clause, State Farm paid $3,050 for medical expenses incurred by Plaintiff Arturo Ching.

33.    Pursuant to its medical coverage claim State Farm paid $3,050 for medical expenses incurred by Plaintiff Ermina Navarro.

34.    State Farm then informed Plaintiff Arturo Ching that he must reimburse State Farm the $3,050 it advanced to pay for Plaintiff's medical bills pursuant to "Section II – Medical Payments – Coverage C", if Plaintiff recovered any money "from any party liable

7

1   for the accident that caused injury".

2          35.     State farm then informed Plaintiff Ermina Navarro that she must reimburse

3   State Farm the $3,050 it advanced to pay for Plaintiff's medical bills pursuant to "Section II

4   – Medical Payments – Coverage C", if Plaintiff recovered any money "from any party liable

5   for the accident that caused injury".

6          36.     "Section II – Medical Payments – Coverage C" of the State Farm

7   automobile insurance policy provides:

8
9          *"If the person to or for whom we make payment recovers proceeds from any party*
           *liable for the bodily injury, that person shall hold in trust for us the proceeds of the*
10         *recovery, and reimburse us to the extent of our payment." (emphasis removed) (See*
           *Exhibit A p. 11)*

11         37.     Plaintiffs have each repaid State Farm a portion of the monies State Farm

12  has demanded in reimbursement.

13         38.     Plaintiffs dispute State Farm's right to reimbursement based upon the above

14  provision on the grounds that the settlement money received by Plaintiffs was not recovered

15  from a party "*liable* for the bodily injury."  In fact, the "Release Agreements" waived all

16  Plaintiffs' rights against the third party, and the third party expressly denied liability therein

17  as is done in all settlements.

18         39.     Plaintiffs and the Class have been and will continue to be harmed by State

19  Farm's practice of seeking reimbursement from Plaintiffs and the Class of all medical bills

20  advanced by State Farm pursuant to "Section II – Medical Payments – Coverage C" under

21  circumstances where there has not been a determination of liability.

22
23                       **CLASS ACTION ALLEGATIONS**

24         40.     Description of the Class: Plaintiffs bring this action on behalf of themselves

25  and the following class defined as follows:

26         *All California residents who are/were State Farm automobile insurance policy*

27  *holders and insurance policy holders with medical payment coverage, who recovered*

28
                                             8

1   *money by way of settlement without a determination of liability, and have thereafter*

2   *reimbursed State Farm for proceeds advanced pursuant to the medical payment coverage*

3   *provision.*

4       41.     Excluded from the class are governmental entities, Defendants, Defendants'

5   authorized dealers, and their parents, subsidiaries, affiliates, employees, officers, directors

6   and co-conspirators. Excluded from this class are any judges, justices or judicial officers

7   presiding over this matter and the members of their immediate families and judicial staffs.

8       42.     Plaintiffs and the Class bring this action for equitable, injunctive and

9   declaratory relief pursuant to subdivisions (b)(1), (b)(2) and (b)(3) of Rule 23 of the Federal

10  Rules of Civil Procedure.

11      43.     Plaintiffs reserve the right to modify the class description and the Class

12  period based on the results of discovery.

13      44.     Numerosity: Plaintiffs do not know the exact number of Class members

14  because such information is in the exclusive control of State Farm. Due to the nature of the

15  trade and commerce involved, however, Plaintiffs believe that the total number of Class

16  members is at least in the hundreds of thousands and members of the Class are so numerous

17  and geographically dispersed within the State of California that joinder of all Class

18  members is impracticable.

19      45.     Common Questions of Law and Fact Predominate: State Farm has acted

20  with respect to the Class in a manner generally applicable to each class member. There is a

21  well-defined community of interest in the questions of law and fact involved in the action,

22  which affect all class members. The questions of law or fact common to the Class

23  predominate over any questions affecting only individual members, including, but not

24  limited to, the following:

25

26          a.      Whether the language under "Section II – Medical Payments –

27  Coverage C" of California Policy Form 9805A should be interpreted as permitting

28

9

FIRST AMENDED COMPLAINT

1    reimbursement to State Farm of medical expenses it advanced only when proceeds

2    were received by the insured from a third party that is "*liable* for the *bodily injury*."

3        b.    Whether the language "recovers proceeds from any party **liable** for

4    the *bodily injury*" (emphasis in original) under "Section II – Medical Payments –

5    Coverage C" of California Policy Form 9805A, entitles State Farm to collect

6    proceeds recovered by the insured pursuant to a settlement agreement, where the

7    insured executes a release in which all legal rights are expressly waived by the

8    Plaintiff.

9        c.    Whether Plaintiffs and the members of the Class have been damaged

10   by the wrongs complained of herein, and if so, the measure of those damages and

11   the nature and extent of other relief that should be afforded.

12       46.    Typicality:  The claims of Plaintiffs are typical of the claims of the other

13   members of the Class in that all members of the Class have been harmed in substantially

14   the same way by State Farm's actions.

15       47.    Adequacy of Representation:  Plaintiffs will fairly and adequately represent

16   and protect the interests of the class.  Plaintiffs have retained counsel with substantial

17   experience in prosecuting complex and class action litigation.  Plaintiffs and their counsel

18   are committed to vigorously prosecuting this action on behalf of the Class, and have the

19   financial resources to do so.  Neither Plaintiffs nor their counsel have any interests adverse

20   to those of the proposed Class.

21       48.    Superiority of a Class Action:  Plaintiffs and the members of the Class have

22   suffered, and will continue to suffer, harm as a result of State Farm's unlawful and

23   wrongful conduct.  A Class action is superior to other available methods for the fair and

24   efficient adjudication of the present controversy as individual joinder of all members of the

25   Class is impractical.  Even if individual class members had the resources to pursue

26   individual litigation, it would be unduly burdensome to the courts in which the individual

27

28

FIRST AMENDED COMPLAINT

litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by State Farm's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all Class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system, and protects the rights of the Class member. Furthermore, for many, if not most, Class members, a class action is the only feasible mechanism that allows therein an opportunity for legal redress and justice.

49.    Adjudication of individual Class members' claims with respect to the Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication and could substantially impair or impede the ability of other Class members to protect their interests.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

50.    Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

51.    State Farm insures Plaintiffs and the Class for automobile insurance coverage.

52.    Pursuant to the insurance contract between the parties, State Farm has an obligation of good faith and fair dealing.

53.    State Farm's automobile insurance policy at "Section II – Medical Payments – Coverage C" expressly states that the insured shall reimburse the insurer for medical bills advanced by State Farm only where the insured "recovers proceeds from any party **liable** for the bodily injury." (emphasis in original)

54.    State Farm has breached its contractual obligation by improperly seeking and/or obtaining reimbursement of medical expenses, it has advanced pursuant to "Section

11

II – Medical Payments – Coverage C", when its insureds receive proceeds from third parties by way of settlement and a release of liability, and no determination of "liability for the bodily injury" has been made.

55.    Plaintiffs and the Class were damaged when State Farm recovered proceeds from its insureds as reimbursement for medical bills paid by State Farm pursuant to "Section II – Medical Payments – Coverage C."

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## SECOND CAUSE OF ACTION

### (Declaratory Relief vs. State Farm)

56.    Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

57.    An actual controversy has arisen and now exists between Plaintiffs and State Farm concerning their respective rights and duties under "Section II – Medical Payments – Coverage C" of California Policy Form 9805A as detailed above.

58.    Specifically, Plaintiffs and the Class contend that "Section II – Medical Payments – Coverage C" does not provide State Farm with the right to reimbursement where the insured has entered into a settlement agreement and release of liability with a third party, where the third party's liability has not been determined by a court proceeding, jury trial or otherwise.

59.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties.

60.    Accordingly, Plaintiffs and the Class request a judicial declaration from this Court that "Section II – Medical Payments – Coverage C" of State Farm's California Policy Form 9805A, permits reimbursement only upon a determination that the third party payor is liable for the bodily injury.

12

FIRST AMENDED COMPLAINT

## THIRD CAUSE OF ACTION

### (Violation of Bus. & Prof. Code § 17200, *et seq.*)

61.  Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

62.  Plaintiffs have suffered injury in fact, and have lost money or property as a result of State Farm's actions as delineated herein.

63.  This cause of action is brought on behalf of all people of the State of California in accordance with the provisions of Business & Professions Code section 17204.

64.  State Farm's actions described in the complaint constitute an unjust, unreasonable or deceptive business practice within the meaning of California Business and Professions Code section 17200 in that State Farm's actions are unlawful, unfair and fraudulent.

65.  Pursuant to section 17203, Plaintiffs and the Class seek an order of this Court enjoining State Farm from continuing to engage in unlawful, unfair or deceptive business practices and any other act prohibited by law, including those acts set forth in the complaint.  Plaintiffs and the Class also seek an order (a) requiring State Farm to make full restitution of all moneys it wrongfully obtained from Plaintiffs and the Class, and (b) requiring State Farm to disgorge all ill-gotten revenues and/or profits as an additional form of restitution of funds wrongfully taken from Plaintiffs and the Class to which Defendants are not entitled.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.

## FOURTH CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

66.  Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

FIRST AMENDED COMPLAINT

67.     Plaintiffs and State Farm entered an insurance contract with a mutual understanding and expectation that State Farm would act in good faith and deal fairly under the terms of the Policy.

68.     State Farm has tortuously breached its implied covenant of good faith and fair dealing, by improperly obtaining reimbursement of medical expenses it has advanced pursuant to "Section II – Medical Payments – Coverage C" from its insureds when the insureds receive payments from third parties by way of settlement and release of liability, and no determination of "liability for the bodily injury" has been made.

69.     As a proximate result of the aforementioned wrongful conduct of State Farm, Plaintiffs and the Class have suffered, and will continue to suffer, damages in a sum to be determined at the time of trial.

70.     As a further proximate result of the wrongful and bad faith conduct of State Farm, Plaintiffs and the Class were compelled to retain legal counsel to obtain the benefits due under the Policy.  Therefore, State Farm is liable to Plaintiffs and the Class for those attorneys' fees incurred by Plaintiffs in order to obtain the amounts due under the Policy in a sum to be determined at the time of trial.

71.     State Farm acted with malice, oppression, and fraud by improperly obtaining reimbursement of medical expenses it has advanced, pursuant to "Section II – Medical Payments – Coverage C" from its insureds where no determination of "liability for the bodily injury" has been made.  State Farm deliberately frustrated Plaintiffs' right to receive the benefits of the insurance agreement and disappointed Plaintiffs' reasonable expectations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, as individuals, and members of the proposed Class, pray for judgment against Defendant, as follows:

1.     Certification of the proposed Class and notice thereto to be paid by

14

FIRST AMENDED COMPLAINT

1  Defendant;

2       2.     Awarding Plaintiff and the Class damages for State Farm's breach of

3  contract;

4       3.     A Decree that "Section II – Medical Payments – Coverage C" of State

5  Farm's California Policy Form 9805A permits reimbursement only upon a determination

6  that the third party pay or is liable for the bodily injury;

7       4.     Awarding Plaintiff and the Class injunctive relief and restitution for State

8  Farm's violation of the Business & Professions Code section 17200;

9       5.     Awarding Plaintiff and the Class declaratory relief;

10       6.     Awarding Plaintiff and the Class pre- and post-judgment interest as allowed

11  by law;

12       7.     Awarding counsel for Plaintiff and the Class reasonable attorneys' fees and

13  costs; and

14       8.     Granting such other and further relief that this Court may deem just and

15  proper.

16  Date:  September 2, 2008          KABATECK BROWN KELLNER LLP

17

18            By: _____

19                 NIALL G. YAMANE
                  Attorney for Plaintiffs

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demands a trial by jury in the instant action.

3

Dated:  September 2, 2008              KABATECK BROWN KELLNER LLP

4

5

6

By: _____

7

NIALL G. YAMANE
Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

FIRST AMENDED COMPLAINT